IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                          )
                                                )    Case No. 15-32968
WORLD MARKETING CHICAGO, LLC                    )    Chapter 11
                                                )    Judge Timothy A. Barnes
                  Debtor/Debtor-in-Possession.  )

## NOTICE OF MOTION

TO:    ATTACHED SERVICE LIST:

PLEASE TAKE NOTICE that on the 6th day of October, 2015 at 10:00 a.m. or as soon thereafter as counsel can be heard, I shall appear before the Honorable Timothy A. Barnes, Bankruptcy Judge, in the room usually occupied by him as courtroom 613 in the United States Bankruptcy Court in the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, or before any other Judge who may be sitting in his place and stead and shall present the **Motion For Authority to Use Cash Collateral and Related Relief**, a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith.

AT WHICH TIME and place you may appear if you so see fit.

/s/Jeffrey C. Dan
Crane, Heyman, Simon, Welch & Clar
135 S. LaSalle St., Suite 3705
Chicago, Illinois 60603
(312) 641-6777

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath deposes and states that he caused a copy of the foregoing Notice and attached Motion to be served on all the parties listed on the attached Service List via first class mail, properly addressed, postage pre-paid, on the 29th day of September, 2015.

/s/Jeffrey C. Dan

## SERVICE LIST

United States Trustee
219 S. Dearborn St., Room 873
Chicago, IL 60604

Associated Bank, N.A.
330 E. Kilbourn Ave., #200
Milwaukee, WI 53202

John Sieger, Esq.
Katten Muchin Rosenman, LLP
525 W. Monroe St.
Chicago, IL 60661

Advance Mailing Services, Inc.
1130 Carolina Dr., Unit A
West Chicago, IL 60185

Alternative Staffing, Inc.
5620 W. Cermak Road
Cicero, IL 60804

Bell & Howell, LLC
7049 Solution Center
Chicago, IL 60677-7000

Continental Envelope
1700 Averill Rd.
Geneva, IL 60134-1688

Continuous Printing Solutions, Inc.
P.O. Box 824477
Philadelphia, PA 19182-4477

Dahlgren Buckley Dement
7224 W. 60th Street
Summit Argo, IL 60501

Essentra
10950 Belcher Road S
Largo, FL 33777

General Electric Capital Corp.
P.O. Box 740441
Atlanta, GA 30374-0441

Integrated Print & Graphics, Inc.
645 Stevenson Rd.
South Elgin, IL 60177

Jet Lithocolor, Inc.
Multi Packaging Co.
75 Remittance Dr., #3111
Chicago, IL 60675-3111

Label Source, Inc.
1150 Enterprise Drive, #200
P.O. Box 859
Coppell, TX 75019-9998

Landsberg Chicago
25794 Network Place
Chicago, IL 60673-1257

Lindenmeyr Munroe
112 Alexandra Way
Carol Stream, IL 60188

MCS Inc.
8101 Cessna Ave.
Gaitherburg, MD 20879

Pitney Bowes
Accounts Receivable Dept.
P.O. Box 371896
Pittsburgh, PA 15250-7896

RR Donnelley Logistics
Presort Solutions
P.O. Box 730440
Dallas, TX 75373-0440

RR Donnelley Presort Solutions
1020 Frontenac Road
Naperville, IL 60563

Think Ink
P.O. Box 822763
Philadelphia, PA 19182-2763

Window Book, Inc.
300 Franklin St.
Cambridge, MA 02139-3781

Xerox Corporation
P.O. Box 802555
Chicago, IL 60680-2555

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                                          )
                                                )     Chapter 11
WORLD MARKETING CHICAGO, LLC   )     Case No. 15-32968
                                                )     Judge Timothy A. Barnes
        Debtor/Debtor-in-Possession.     )

## MOTION FOR AUTHORITY TO USE
## CASH COLLATERAL AND FOR RELATED RELIEF

WORLD MARKETING CHICAGO, LLC, a Wisconsin limited liability company,

Debtor/Debtor-in-Possession herein, by and through its Attorneys, makes its Motion pursuant to

Section 363 of the Bankruptcy Code and Rule 4001(b) of the Federal Rules of Bankruptcy

Procedure For Authority to Use Cash Collateral and For Related Relief; and in support thereof,

states as follows:

### Introduction

1.      On September 28, 2015, the Debtor filed its voluntary petition for relief under

Chapter 11 of the Bankruptcy Code ("Petition Date").

2.      The Debtor is operating its business and managing its financial affairs as  Debtor

in Possession.  No trustee, examiner or committee of unsecured creditors has been appointed to

serve in this reorganization case.

3.      On September 28, 2015 two co-debtors for the same secured debt that are also

subsidiaries of the same non-debtor holding company, World Marketing Atlanta, LLC and World

Marketing Dallas, LLC (the "Affiliates"), filed separate voluntary petitions under Chapter 11 of

the Bankruptcy Code in this Court.  World Marketing Atlanta, LLC is proceeding under case

number 15-32975 and World Marketing Dallas, LLC is proceeding under case number 15-32977.

1

4.      By this Motion, the Debtor requests that this Court authorize it to use certain cash and cash equivalents that allegedly serve as collateral for claims asserted against the Debtor and its property by Associated Bank ("Lender")

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334.

6.      This matter constitutes a "core" proceeding within the meaning of 28 U.S.C. Section 157(b)(2)(A), (M) and (O).

7.      The statutory predicates for the relief requested in this Motion are Section 363 of the Bankruptcy Code and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure.

## Relevant Factual Background

8.      The Debtor is a Wisconsin limited liability company with its principal place of business at 7950 Joliet Road, McCook, Illinois.

9.      The Debtor is a provider of direct mail, fulfillment and critical document solutions that provides processing, fulfillment, lettershop, data and list solutions.  The Debtor has clients in the retail, financial services, nonprofit, travel and technology industries.

10.     The Debtor was acquired from BH Media Group in September, 2014.  The failure to obtain sufficient capital and long-term financing to continue to operate and turn around the business, as well as certain setoffs made by the Lender, caused the Debtor to file this Chapter 11 case.

## Use of Cash Collateral

11.     The Lender asserts first position liens on all of the assets of the Debtor and the Affiliates, which purportedly secure an indebtedness of approximately $2,109,218.00.

2

12.   In order for the Debtor to continue to operate its business and manage its financial affairs, and effectuate an effective reorganization, it is essential that the Debtor be authorized to use cash collateral for, among other things, the following purposes:

A.   Payroll;

B.   Insurance;

C.   Utilities;

D.   Management fees;

E.   Supplies; and

F.   Other miscellaneous items needed in the ordinary course of business.

Attached to this Motion as **Exhibit A** are the Debtor's monthly cash flow projections for the period September 28, 2015, through November 3, 2015 (the "Budget"). This Budget itemizes the Debtor's cash needs during the relevant period.

13.   Use of cash collateral to pay the actual, necessary and ordinary expenses to maintain the Debtor's business, as set forth in the Budget, will preserve the value of the Debtor's assets and business and thereby ensure that the interests of creditors that have or may assert an interest in both cash collateral and the Debtor's other assets are adequately protected within the meaning of Sections 361, 362 and 363 of the Bankruptcy Code.

14.   The Debtor proposes, subject to the approval of this Court, to use cash collateral in which the Lender asserts an interest. The Debtor's proposal will permit the Debtor to sustain its business operations and reorganize its financial affairs through the implementation of a successful plan of reorganization. Furthermore, the Debtor's proposal will adequately protect the purported secured interests of the Lender.

15.   Unless the Debtor is authorized to use cash collateral in which the Lender asserts an interest, the Debtor will be unable to continue to operate its business, thereby eliminating any reasonable prospect for a successful reorganization. The cessation of normal business operations by the Debtor will cause irreparable harm to the Debtor, its creditors and this estate.

16.     The Debtor proposes to use cash collateral and provide adequate protection to the
Lender upon the following terms and conditions:

A.     The Debtor will permit the Lender to inspect, upon reasonable notice, within reasonable hours, the Debtor's books and records;

B.     The Debtor shall maintain and pay premiums for insurance to cover all of its assets from fire, theft and water damage;

C.     The Debtor shall, upon reasonable request, make available to the Lender evidence of that which purportedly constitutes its collateral or proceeds.

D.     The Debtor will properly maintain the Lender's collateral in good repair; and

E.     The Lender shall be granted valid, perfected, enforceable security interests in and to Debtor's post-petition assets, including all proceeds and products which are now or hereafter become property of this estate to the extent and priority of its alleged pre-petition liens, if valid, but only to the extent of any diminution in the value of such assets during the period from the commencement of the Debtor's Chapter 11 case through the next hearing on the use of cash collateral.

17.     Further cash flow budgets, if necessary, will be submitted to this Court pursuant to this Motion. The Debtor will make the expenditures set forth on Exhibit A to this Motion plus no more than 10% of the total proposed expense payments, unless otherwise agreed by the Lender or upon further Order of this Court.

**Conclusion**

18.     The Debtor requests, pursuant to Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure, that this Court conduct a preliminary hearing to authorize the Debtor's interim use of cash collateral pending a final hearing on this Motion.

19.     The Debtor believes that it is in the best interests of the Debtor, its creditors, and this estate to authorize it to use that portion of its assets herein requested, all or a portion of which may constitute cash collateral, in that, without the limited use of those assets as herein requested, the Debtor will be unable to pay and satisfy its current operating expenses thereby resulting in immediate and irreparable harm and loss to the estate.

4

20.     For the reasons set forth herein, this Court should grant the relief requested in this Motion.

WHEREFORE, WORLD MARKETING CHICAGO, LLC, a Wisconsin limited liability company, Debtor/Debtor-in-Possession herein, requests the entry of an Order as follows:

A.     Authorizing the Debtor to use cash collateral in which the Lender asserts liens, upon the terms and conditions set forth in this Motion, until further Order of this Court;

B.     Preliminarily authorizing the Debtor to use cash collateral pending a Final hearing on this Motion;

C.     Setting a final hearing on this Motion; and

D.     Granting such other relief as this Court deems just and appropriate.


World Marketing Chicago, LLC
Debtor/Debtor in Possession

By: /s/ Jeffrey C. Dan_____
        One of Its Attorneys


**DEBTOR'S COUNSEL**:
JEFFREY C. DAN, ESQ. (Atty. No. 06242750)
DAVID K. WELCH, ESQ. (Atty. No. 06183621)
BRIAN P. WELCH, ESQ. (Atty. No. 6307292)
CRANE, HEYMAN, SIMON, WELCH & CLAR
135 S. LaSalle St., Suite 3705
Chicago, IL 60603
(312) 641-6777
W:\Jeff\World Marketing\Cash Collateral - Chicago.MOT.wpd