**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| WORLD MARKETING CHICAGO, LLC,[1] | ) | Case No. 15-32968 (TAB) |
| | ) | |
| Debtors. | ) | Joint Administration Pending |
| | ) | |
| | ) | **Hearing Date:** October 13, 2015 at 10:00 a.m. |
| | ) | (prevailing Central Time) |

**NOTICE OF MOTION OF NATIONAL GEOGRAPHIC SOCIETY**
**FOR ENTRY OF AN ORDER (A) AUTHORIZING AND DIRECTING THE RETURN**
**OF GOODS SHIPPED TO THE DEBTORS PURSUANT TO SECTION 546(H) OF THE**
**BANKRUPTCY CODE OR, IN THE ALTERNATIVE, TO ABANDON SUCH**
**PROPERTY, TO NATIONAL GEOGRAPHIC, AND (B) GRANTING RELATED**
**RELIEF**

PLEASE TAKE NOTICE that on October 13, at 10:00 a.m. (prevailing Central Time) or as soon thereafter as counsel may be heard, we shall appear before the Honorable Timothy A. Barnes in Courtroom 613 in the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, or before any other judge who may be sitting in his place and stead, and present the attached *Motion of National Geographic Society for Entry of an Order (A) Authorizing and Directing the Return of Goods Shipped to the Debtors Pursuant to Section 546(h) of the Bankruptcy Code or, in the Alternative, to Abandon Such Property, to National Geographic, and (B) Granting Related Relief* (the "Motion"), at which time and place you may appear if you so desire.

PLEASE TAKE FURTHER NOTICE that if you do not appear and/or an objection is not raised with respect to the Motion, the Court may grant the relief requested therein without further action by any party.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (a) World Marketing Chicago, LLC (2032); (b) World Marketing Atlanta, LLC (3393); and (c) World Marketing Dallas, LLC (2154).

KE 37997240

Dated:  October 5, 2015
Chicago, Illinois

*/s/ Ryan Preston Dahl*

Ryan Preston Dahl (IL Bar No. 6292645)
Devon Largio (IL Bar No. 6293196)
**KIRKLAND & ELLIS LLP**
300 North LaSalle Street
Chicago, Illinois  60654
Telephone: (312) 862-2000
Facsimile:  (312) 862-2200

*Counsel to National Geographic*

2

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| WORLD MARKETING CHICAGO, LLC,[1] | ) | Case No. 15-32968 (TAB) |
|  | ) |  |
| Debtors. | ) | Joint Administration Pending |
|  | ) |  |
|  | ) | **Hearing Date:** October 13, 2015 at 10:00 a.m. (prevailing Central Time) |
|  | ) |  |

**MOTION OF NATIONAL GEOGRAPHIC SOCIETY**
**FOR ENTRY OF AN ORDER (A) AUTHORIZING AND DIRECTING THE RETURN**
**OF GOODS SHIPPED TO THE DEBTORS PURSUANT TO SECTION 546(H) OF THE**
**BANKRUPTCY CODE OR, IN THE ALTERNATIVE, TO ABANDON SUCH**
**PROPERTY, TO NATIONAL GEOGRAPHIC, AND (B) GRANTING RELATED**
**RELIEF**

National Geographic Society ("National Geographic") hereby files this motion

(this "Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit A**:

(a) authorizing and directing (i) the return of certain goods shipped by National Geographic to

the above-captioned debtors (collectively, the "Debtors") prior to the commencement of these

chapter 11 cases pursuant to section 546(h) of Title 11 of the United States Code, 11 U.S.C.

§§ 101–1532 (the "Bankruptcy Code"), or (ii) in the alternative, the abandonment of such goods,

to National Geographic; and (b) granting related relief.   In support of this Motion,

National Geographic respectfully states as follows:

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, are: (a) World Marketing Chicago, LLC (2032); (b) World
Marketing Atlanta, LLC (3393); and (c) World Marketing Dallas, LLC (2154).

## Jurisdiction

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory bases for the relief requested herein are sections 105(a), 546(h), and 554 of the Bankruptcy Code, and Rule 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

4.     On September 28, 2015 (the "Petition Date"), each of the Debtors filed their petitions for relief with the Court under chapter 11 of the Bankruptcy Code.  On October 5, 2015, the Debtors filed a motion seeking joint administration of these chapter 11 cases pursuant to Rule 1015 of the Federal Rules of Bankruptcy Procedure, which remains pending at this time.  No party has requested the appointment of a trustee or examiner in these chapter 11 cases, and no committees have been appointed or designated at this time.

## The Promotional Goods

5.     The Debtors are engaged in a variety of integrated printing and direct marketing programs for their clients, including through printing, packaging, lettershop, mailing and fulfilment services.

6.     National Geographic is a leading nonprofit scientific and educational institution that is recognized across the globe for its efforts to expand education and public awareness in a broad variety of of fields, including geography, archaeology, and the physical sciences.  In this process, National Geographic publishes, directly or indirectly, a variety of periodical literature, magazines, and books which are distributed to a diverse readership in the United States and abroad.  Proceeds generated from the sale and marketing of these publications are critical to

KE 37997240

National Geographic's ability to fulfill its broader educational mission in the service of National Geographic's public mission.

7.    Prior to the Petition Date, National Geographic caused a variety of promotional materials (collectively, the "Promotional Goods") to be transferred to the Debtors' facility located in McCook, Illinois, where the Promotional Goods were to be processed for mass mailings and distribution in connection with National Geographic's marketing efforts for the Fourth Quarter of 2015.  These Promotional Goods include promotional materials related to:

- National Geographic publications regarding the Hubble Space Telescope;

- the National Geographic Atlas of the World (10th Edition);

- special purpose calendars affixed with National Geographic's mark or similar marks; and

- various brochures and promotional guides in support of National Geographic books, publications, and other media.

To be clear, the Promotional Materials relate to books, magazines, or other publications issued or published by National Geographic.

8.    Generally, the Promotional Goods were printed by National Geographic through third party vendors (not the Debtors) and then delivered to the Debtors' McCook, Illinois location for processing and distribution by U.S. mail to National Geographic's targeted audience. National Geographic's relationship with the Debtors is not governed by contract.  Rather, National Geographic submitted a series of purchase orders to the Debtors to obtain their processing services, and through which the Debtors agreed to, among other things, cause inserts and labels to be printed, affix the appropriate addresses and postage to envelopes, package the materials into the envelopes, and then mail those materials via U.S. mail.  Those purchase orders in no way vested the Debtors with any title or an ownership interest in the Promotional Goods. And, on information and belief, National Geographic understands that the Debtors have not

3

KE 37997240

undertaken any material printing or processing efforts with respect to the Promotional Goods since they were delivered to the Debtors' McCook, Illinois facility.

9.      The Debtors have advised National Geographic that the Debtors do not intend to complete the processing and mailing services for the Promotional Goods.  At the same time, the Promotional Goods remain in the Debtors' possession.  The Debtors have further advised National Geographic that the Debtors have no objection to turning over, or abandoning, the Promotional Materials to National Geographic.  National Geographic therefore seeks to recover the Promotional Goods so it may complete the printing and processing required to cause these materials to be distributed to its readership and the public at large.

10.      For its part, National Geographic could be subject to material prejudice as a result of delay.  A substantial portion of the Promotional Goods were to have been processed and mailed by September 29, 2015 (one day after the Debtors' bankruptcy filing) per National Geographic's fourth quarter marketing and subscription program.  The balance of the Promotional Goods was scheduled to be processed and mailed over the next four weeks.  If National Geographic is unable to obtain the prompt return of its Promotional Goods, it would be obliged to re-print those materials at significant cost before causing those materials to be processed and distributed by an alternative vendor and at the risk of additional delay.  Thus, National Geographic must move quickly to minimize further disruption to its business.

11.      Conversely, National Geographic respectfully submits that parties in interest will not be prejudiced by the relief requested herein.  First, National Geographic respectfully submits that the property in question is not estate property within the ambit of section 541 of the Bankruptcy Code.  The Promotional Goods include marketing materials, publications, calendars, and similar property owned by National Geographic and delivered to the Debtors for processing

4

and mailing.   The Debtors do not take title to the Promotional Goods but, instead, hold possession for the ordinarily brief period while they are processed and then mailed to National Geographic's audience.   Nor are the Debtors party to any type of licensing or distribution agreement with the Debtors that would permit them to independently sell National Geographic's publications or related products.

12.     Second, the Promotional Goods do not have material value for the Debtors' estates.   Again, the goods in question are marketing materials designed and produced by or at National Geographic's direction to generate interest in National Geographic's various magazines, books, and publications and have no material value independent of this marketing use.   Put another way, the Promotional Goods are not analogous to inventory or raw materials that may be held as work in process by a manufacturing company or similar producer, and there is no "market" for the Promotional Goods even if the Debtors had the right to independently sell the Promotional Goods (which they do not).

13.     Finally, the relief requested herein would facilitate the efficient administration of these estates.   By continuing to hold the Promotional Goods, the Debtors would be obliged to incur the costs to insure secure, preserve, monitor, and ultimately dispose-of assets that, as noted above, hold no material value for the Debtors or their stakeholders.   The relief requested by this Motion will eliminate these costs as National Geographic is prepared to quickly move to recover these items.

## Relief Requested

14.     National Geographic respectfully seeks entry of an order:   (a) authorizing and directing (i) the return of the Promotional Goods or (ii) in the alternative, their abandonment, to National Geographic and (b) granting related relief.

5

**Basis for Relief**

**I.     The Debtors' Estates Have No Interest in the Promotional Goods**

15.     National Geographic respectfully submits that the Debtors and their estates have no interest in the Promotional Goods.   As noted above, National Geographic caused the Promotional Goods to be transferred to the Debtors prior to the Petition Date to be labeled, processed, and, ultimately, mailed through United States postal system.   As noted above, this arrangement was governed by a series of purchase orders between National Geographic and the Debtors providing for those services, and those purchase orders did not vest the Debtors with rights in the Promotional Materials such that the Debtors could independently sell or dispose of those goods.   Thus, the Promotional Materials are not "property of the estate" subject to Section 541 of the Bankruptcy Code.   However, National Geographic has sought the relief requested herein out of an abundance of caution.

**II.    The Promotional Goods May
        be Returned Pursuant to Section 546(h) of the Bankruptcy Code**

16.     Section 546(h) of the Bankruptcy Code provides:

> Notwithstanding the rights and powers of a trustee under sections 544(a), 545, 547, 549, and 553, if the court determines on a motion by the trustee made not later than 120 days after the date of the order for relief in a case under chapter 11 of this title and after notice and a hearing, that a return is in the best interests of the estate, the debtor, with the consent of a creditor, may return goods shipped to the debtor by the creditor before the commencement of the case, and the creditor may offset the purchase price of such goods against any claim of the creditor against the debtor that arose before the commencement of the case.

11 U.S.C. § 546(h).   Thus, the Bankruptcy Code authorizes the Court to order the return of goods, such as the Promotional Goods, shipped prior to the Petition Date where such a return is

6

KE 37997240

"in the best interests of the estate."[2]

17.     Caselaw addressing section 546(h)'s "best interests of the estate" requirement is limited, and the United States Bankruptcy Court for the District of Massachusetts's opinion in In re Century Electronics Manufacturing, Inc. 263 B.R. 1 (Bankr. D. Mass. 2001), remains the leading opinion construing that subsection.  Century Electronics, in turn, recognizes the "best interest of the estate" may be satisfied where, inter alia, "[return] permits the reorganizing debtor to shed stale or unsaleable goods, as well as the burden of storing and insuring those goods against loss until they become saleable again, but it also enables the debtor to continue with operations that may potentially create new assets to be used in payment of claims against the estate."  Id. at 5.

18.     That scenario is on all fours with the present case.  As noted above, the Promotional Goods are of no material value to the Debtors' estates—even if such assets are treated as estate property (which they are not).  Again, the Promotional Goods are materials prepared by National Geographic to support the marketing of, and subscription to, various National Geographic media and publications.  National Geographic is the only "buyer" for the Promotional Goods, and National Geographic is the only party with a right to dispose of the Promotional Goods—the Debtors have a right to be paid for their services (which, ultimately, have not and will not be provided) and nothing more.  Conversely, and as with Century Electronics, the Debtors' estates will be relieved of the burden of storing and insuring such goods

---

[2]     Although Section 546(h) speaks in terms of a motion filed by the "trustee," the Debtors have advised National Geographic that they have consented to the relief requested by this Motion. National Geographic therefore respectfully submits that the Debtors' consent satisfies the procedural requirement otherwise set forth by section 546(h) with respect to a motion being filed by the "trustee."

KE 37997240

that provide no benefit to these estates.  Cf. id.  Thus, the best interests of these estates are well-served by shedding such burden and returning the Promotional Goods to National Geographic.

**III.    Alternatively, the Debtors Should be Directed
to Abandon the Promotional Materials to National Geographic**

19.    Section 554 of the Bankruptcy Code provides:  "On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  11 U.S.C. 554(b).  Section 544(b) is therefore an alternative mechanism by which these chapter 11 estates may be relieved of either (a) burdensome property or (b) property of de minimis value.  Relief is appropriate under either prong of section 544(b) here.  Again, the Promotional Materials are burdensome to the estate insofar as they will continue to impose costs on the Debtors and otherwise require monitoring, maintenance, and preservation.  The Promotional Materials are similarly of inconsequential value to these estates given that (i) National Geographic is the only party that would pay for the processing and mailing of the Promotional Goods, (ii) the Promotional Goods must be processed and mailed in the immediate term for those goods to be of any value to National Geographic, and (iii) the Debtors have confirmed they have no intention of actually processing and mailing the Promotional Goods.  And, as noted above, the Debtors have consented to the relief requested by this Motion.  Abandonment should therefore be approved.

**IV.    Notice of the Motion as Set forth Herein Should be Approved**

20.    Bankruptcy Rule 6007(a) provides that notice of "a proposed abandonment or disposition of property" shall be given to "all creditors" except as otherwise ordered by the Court.  See Fed. R. Bankr. P. 6007(a).  Thus, it lies in the Court's sound discretion to determine the notice required for the abandonment or disposition of property.  Here, the creditor matrix

8

filed with these chapter 11 petitions identifies more than 100 creditors.  The cost of postage and printing this Motion and related notices would therefore be prohibitively expensive relative to the value of property in question.

21.     National Geographic therefore seeks approval for notice to be served on: (a) counsel to the Debtors, (b) the office of the United States Trustee, (c) counsel to Associated Bank, (d) all parties identified, after reasonable inquiry, to have asserted a lien on the Debtors' inventory, (e) the holders of the largest 20 unsecured claims against World Marketing Chicago, LLC (the proposed lead Debtor in these chapter 11 cases), and (f) all parties who have filed appearances or requested notices through the Court's CM/ECF system.  Thus, all parties with a significant interest in these chapter 11 cases will be fully apprised of the relief requested herein.  National Geographic respectfully submits that, under the facts and circumstances of these chapter 11 cases and the relief requested herein, such notice is fair and adequate under the circumstances.  See Fed. R. Bankr. P. 1001 ("These rules shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding.").

## Notice

22.     As set forth above, National Geographic has caused notice of this Motion to be given to the following parties:  (a) counsel to the Debtors, (b) the office of the United States Trustee, (c) counsel to the Associated Bank, (d) all parties identified, after reasonable inquiry, to have asserted a lien on the Debtors' inventory, (e) the holders of the largest 20 unsecured claims against World Marketing Chicago, LLC, and (f) all parties who have filed appearances or requested notices through the Court's CM/ECF system.  National Geographic submits that, in light of the nature of the relief requested, no other or further notice need be given.

9

KE 37997240

## **Prior Request**

15.     No prior motion for the relief requested herein has been made to this or any other

court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

KE 37997240

WHEREFORE, for the reasons set forth herein, National Geographic respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**: (a) authorizing and directing (i) the return of the Promotional Goods or, (ii) in the alternative, their abandonment, to National Geographic; and (b) granting related relief.

Dated:  October 5, 2015
Chicago, Illinois

*/s/ Ryan Preston Dahl*

Ryan Preston Dahl (IL Bar No. 6292645)
Devon Largio (IL Bar No. 6293196)
**KIRKLAND & ELLIS LLP**
300 North LaSalle Street
Chicago, Illinois  60654
Telephone: (312) 862-2000
Facsimile:  (312) 862-2200

*Counsel to National Geographic*

KE 37997240

## EXHIBIT A

## Proposed Form of Order

KE 37997240