# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>WORLD MARKETING CHICAGO, LLC., et al.,<br><br>        Debtors.<br>-------------------------------------------------------------------<br>AMY CARROLL, RALPH FORD, and ROY S. ADDIS IV on their own behalf and on behalf of all other persons similarly situated,<br><br>        Plaintiffs,<br>   v.<br><br>WORLD MARKETING CHICAGO, LLC., WORLD MARKETING DALLAS, LLC., WORLD MARKETING ATLANTA, LLC., and WORLD MARKETING HOLDINGS, LLC.<br>        Defendants. | Case No. 15-32968<br>(Jointly Administered)<br><br>Chapter 11<br><br>Hon. Timothy A. Barnes<br><br><br><br><br><br>Adv. No. _____ |

## CLASS ACTION ADVERSARY PROCEEDING COMPLAINT

Plaintiffs, by and through their undersigned counsel, on their own behalf and on behalf of all other persons similarly situated against Defendants allege as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367.

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

## NATURE OF THE ACTION

3. This is a class action for the recovery by Plaintiffs and other similarly situated employees of the Defendants of damages in the amount of 60 days' pay and ERISA benefits by reason of Defendants' violation of the Plaintiffs' rights under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act"). The Plaintiffs and the other class members were employed by World Marketing Dallas, LLC, World Marketing Chicago, LLC, World Marketing Atlanta, LLC., and World Marketing Holdings, LLC ("World Marketing" and collectively the "Defendants"), as a single employer, and were terminated on or about September 28, 2015 and thereafter, as part of, or as a result of, plant closings which was ordered by the Defendants. As such, each of the Defendants are liable under the WARN Act for Defendants' failure to give the Plaintiffs and the other class members at least 60 days' advance notice of termination, as required by the WARN Act. As a consequence, the Plaintiffs and the other Class Members are entitled under the WARN Act to recover from the Defendants their wages and ERISA benefits for 60 days.

## PARTIES

4. On September 28, 2015, World Marketing Chicago, LLC, World Marketing Dallas, LLC and World Marketing Atlanta, LLC filed with this Court a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

5. Upon information and belief, at all relevant times, Defendant World Marketing Chicago, LLC is a Wisconsin limited liability company with a facility located at 7950 West Joliet Road; McCook, Illinois 60525 (the "Illinois facility").

6. Upon information and belief, at all relevant times, Defendant World Marketing Dallas, LLC is a Wisconsin limited liability company with a facility located at 8801 Autobahn Road, Suite 100; Dallas, Texas 75237 (the "Texas facility").

7. Upon information and belief, at all relevant times, Defendant World Marketing Atlanta, LLC is a Wisconsin limited liability company with a facility located at 1961 S. Cobb Industrial Boulevard, SE; Smyrna, Georgia 30082 (the "Georgia facility" and collectively the "Facilities").

8. Upon information and belief, at all relevant times, Defendant World Marketing Holdings, LLC is a Wisconsin limited liability company with its principal place of business located at 1301 W. Canal Street, Suite 100; Milwaukee, Wisconsin 53233.

9. Plaintiff Amy Carroll reported to the Illinois facility until her termination on or about September 28, 2015.

10. Plaintiff Ralph Ford reported to the Texas facility until his termination on or about September 28, 2015.

11. Plaintiff Roy S. Addis, IV reported to the Georgia facility until his termination on or about September 28, 2015.

12. Until their termination by Defendants, the Plaintiffs and other similarly situated persons were employees of Defendants who worked at or reported to the Facilities and who were terminated as part of or as a reasonably foreseeable result of plant closings ordered and carried out by the Defendants on or about September 28, 2015 and thereafter.

13. The Plaintiffs bring this action on their own behalf and, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and the WARN Act, 29 U.S.C. § 2104(a)(5), on

behalf of all other employees of the Defendants who also worked at the Facilities, and who were terminated as part of or as the foreseeable result of plant closings at the Facilities ordered by Defendants on or about September 28, 2015, and thereafter (collectively, "The Class").

14. On information and belief, the Defendant, World Marketing Holdings, LLC constituted a "single employer" of each of the Plaintiffs and Class members under the WARN Act in that among other things:

(a) World Marketing Holdings, LLC owned a 100% of each of the Debtor Defendants;

(b) World Marketing Holdings, LLC at all times maintained de-facto control over all of the Debtor Defendants' activities;

(c) On information and belief, only World Marketing Holdings, LLC maintained a Board of Directors and none of the Debtor Defendants had any independent Board of Directors. All decisions relating to the Debtor Defendants were made solely by World Marketing Holdings, LLC;

(d) On information and belief, the CEO and President of World Marketing Holdings, LLC, Robert W. Kraft, was also a CEO and President of the Debtor Defendants;

(e) On information and belief, the Debtor Defendants were owned, operated and controlled by World Marketing Holdings, LLC;

(f) World Marketing Holdings, LLC exercised complete control over the labor practices governing the Plaintiffs and Class members including the decision to order the plant closings at the Facilities;

(g) World Marketing Holdings, LLC and the Debtor Defendants shared common personnel policies;

(h) On information and belief, World Marketing Holdings, LLC directly or indirectly owned and operated the Facilities of the Debtor Defendants;

(i) On information and belief, World Marketing Holdings, LLC exercised direct and indirect control over the termination of the employment of Plaintiffs and the other Class members without the notice required by the WARN Act for

4

each which of the Debtor Defendants are liable under the single employer provision of the WARN Act.

## CLASS ACTION ALLEGATIONS 29 U.S.C. § 2104

15. The Plaintiffs and each person they seek to represent herein, were discharged as part of, or as the reasonably foreseeable result of a plant closings order by the Defendants at the Facilities, on or about September 28, 2015 and thereafter without cause on his or her part and are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

16. The Plaintiffs bring this action on their own behalf and, pursuant to the WARN Act, and Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of all other similarly situated former employees of Defendants who were terminated on or about September 28, 2015 and thereafter who worked at the Facilities until their termination without cause.

17. On or about September 28, 2015 and thereafter, Defendants terminated the Plaintiffs' employment as part of plant closings which qualifies as an event for which they were entitled to receive sixty (60) days' advance written notice under the WARN Act.

18. Defendants, as a single employer, never gave Plaintiffs the statutorily required sixty (60) days advance written notice of plant closings or termination in violation of the WARN Act.

19. At or about the time that the Plaintiffs were discharged, Defendants discharged approximately 350 other employees who worked at or reported to the Facilities (the "Other Similarly Situated Former Employees").

20. Pursuant to WARN Act 29 U.S.C. § 2104(a)(5), the Plaintiffs maintain this claim on behalf of themselves and each of the Other Similarly Situated Former Employees and for his or her benefit.

21. Each of the Other Similarly Situated Former Employees is similarly situated to the Plaintiffs in respect to his or her rights under the WARN Act.

22. The Plaintiffs and the Other Similarly Situated Former Employees were discharged by Defendants, without cause on his or her part.

23. The Plaintiffs and the Other Similarly Situated Former Employees are "affected employees" within the meaning of WARN Act 29 U.S.C. § 2101(a)(5).

24. Defendants were required by the WARN Act to give the Plaintiffs and each of the Other Similarly Situated Former Employees at least sixty (60) days prior written notice of their respective terminations.

25. Prior to their termination, neither the Plaintiffs nor the Other Similarly Situated Former Employees received written notice that complied with the requirements of the WARN Act.

26. Defendants failed to pay the Plaintiffs and the Other Similarly Situated Former Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) calendar days following their respective terminations and failed to make the 401(k) contributions and provide health insurance coverage and other employee benefits under ERISA in respect to them for sixty (60) calendar days from and after the dates of their respective terminations.

**CLASS ACTION ALLEGATIONS RULE 7023 (a) AND (b)**

27. The Plaintiffs assert this claim on behalf of themselves and the Other Similarly Situated Former Employees pursuant to Rules 7023 (a) and (b) (3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

28. The Plaintiffs and the Other Similarly Situated Former Employees constitute a class within the meaning of Rules 7023 (a) and (b) (3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure (the "Class").

29. Common questions of law and fact are applicable to all members of the Class.

30. The common questions of law and fact arise from and concern the following facts and actions, among others, that Defendants committed or failed to commit as to all members of the Class: all Class members enjoyed the protection of the WARN Act; all Class members were employees of Defendants who, prior to the terminations, worked at the Facilities; Defendants, as a single employer, terminated the employment of all the members of the Class without cause on their part and without giving them at least sixty (60) days' prior written notice as required by the WARN Act; and Defendants failed to pay the Class members wages and to provide other employee benefits for the sixty (60) day period following their respective terminations.

31. The questions of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this Class claim is superior to other available methods for the fair and efficient adjudication of this controversy.

32. The Plaintiffs claims are typical of the claims of other members of the Class in that for each of the several acts described above the Plaintiffs are or were an injured party.

33. The Plaintiffs will fairly and adequately protect and represent the interests of the Class.

34. The Plaintiffs have the time and resources to prosecute this action and have retained counsel who have extensive experience in matters involving employee rights, the WARN Act, class action litigation and bankruptcy court litigation.

35. The Class is so numerous as to render joinder of all members impracticable as there are approximately 350 persons who are included in the Class.

36. The Class meets the requirements of Fed. R. Civ. P. 23(a) for class certification.

37. The Class meets the requirements of Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

38. Concentrating all the potential litigation concerning the WARN Act rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the Class members.

39. On information and belief, the identity of the Class members is contained in the books and records of Defendants.

40. On information and belief, a recent residence address of each of the Class members is contained in the books and records of Defendants.

41. On information and belief, the rate of pay and benefits that was being paid by Defendants to each Class member at the time of his/her termination are contained in the books and records of Defendants.

42. As a result of Defendants' violation of the WARN Act, the Plaintiffs and the other members of the Class have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, 401(k) contributions for sixty (60) calendar days; (b) the health and medical insurance and other fringe benefits that they would have received or had the benefit of receiving, for a period of sixty (60) calendar days after the dates of their respective terminations; and (c) medical expenses incurred during such period by such persons that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period.

## THE CLAIM FOR RELIEF

43. At all relevant times, the Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

44. At all relevant times, each Defendant was an "employer", as that term is defined in 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it determined to order plant closings at the Facilities.

45. The Defendants constituted a "single employer" of the Plaintiffs and Class members under the WARN Act.

46. On or about September 28, 2015 the Defendants, as a single employer, ordered "plant closings" at the Facilities, as that term is defined by 29 U.S.C. § 2101(a)(2).

47. The plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty (50) of Defendants' employees as well as 33% of Defendants' workforce who worked at or reported to the Facilities, excluding "part-time employees," as that term is defined by The Warn Act.

48. The Plaintiffs and each of the other members of the Class were discharged by the Defendants without cause on his or her part as part of, or as the reasonably foreseeable result of, plant closings ordered by the Defendants at the Facilities.

49. The Plaintiffs and each of the other members of the Class is an "affected employee" of the Defendants within the meaning of 29 U.S.C. §2101(a)(5).

50. The Defendants were required by the WARN Act to give the Plaintiffs and each of the other members of the Class at least 60 days advance written notice of his or her termination.

51. The Defendants failed to give the Plaintiffs and other members of the Class written notice that complied with the requirements of the WARN Act.

52. Each Plaintiff and each of the other members of the Class is an "aggrieved employee" of the Defendants as that term is defined in 29 U.S.C. §2104(a)(7).

53. The Defendants failed to pay the Plaintiffs and each of the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

54. The relief sought in this proceeding is equitable in nature.

**WHEREFORE**, Plaintiffs, on their own behalf and on behalf of the other Class members, demand judgment, jointly and severally, against Defendants as follows:

    A.    An allowed claim against the Debtor-Defendants in favor of the Plaintiffs and Class members equal to the sum of: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then applicable employee benefit plans, had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A). The first $12,745.00 of each Class member's allowed WARN Act claim against the Debtor Defendants are entitled to an allowed claim, under 11 U.S.C. § 507(a)(4), and the remainder as a general unsecured claim;

    B.    A judgment against World Marketing Holdings, LLC in favor of the Plaintiffs and Class Members equal to the sum of: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A).

    C.    Certification that the Plaintiffs and the other Class members constitute a single class;

    D.    Appointment of the undersigned attorneys as Class Counsel;

    E.    Appointment of Plaintiffs as the Class Representatives and payment of reasonable compensation to them for their services as such;

F.  An allowed administrative priority claim against the Debtor-Defendants under 11 U.S.C. § 503 for the reasonable attorneys' fees and the costs and disbursements that the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6); and

G.  Such other and further relief as this Court may deem just and proper.

Dated: October 21, 2015

Respectfully submitted,
HILTZ & ZANZIG, LLC

By: /s/ Blair R. Zanzig
Blair R. Zanzig (No. 6273293)
John F. Hiltz (No. 6289744)
**HILTZ & ZANZIG LLC**
53 West Jackson Blvd., Suite 205
Chicago, Illinois 60604
Telephone: 312.566.9008
Fax: 312.566.9015

-and-

**LANKENAU & MILLER, LLP**
Stuart J. Miller (SJM 4276)
132 Nassau Street, Suite 1100
New York, New York 10038
Telephone: (212) 581-5005
Facsimile: (212) 581-2122

-and-

**THE GARDNER FIRM, P.C.**
Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
210 S. Washington Avenue
Mobile, AL 36602
Telephone: (251) 433-8100
Facsimile: (251) 433-8181

Cooperating Attorneys for the NLG Maurice and Jane Sugar Law Center for Economic and Social Justice

*Attorneys for Plaintiffs*