**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| *In re* | Chapter 11 |
| WORLD MARKETING CHICAGO, LLC, *et al.*,[1] | Case No. 15-32968 |
| Debtors. | (Jointly Administered) |
| | Honorable Timothy A. Barnes |
| | Hearing:    **December 9, 2015** **10:00 a.m. Central** |

---

**NOTICE OF ROUTINE MOTION**

Please take notice that on December 9, 2015 at 10:00 a.m. Central time, the undersigned shall appear before the Honorable Timothy A. Barnes in Courtroom 744, or any judge sitting in his stead, at the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn Street, Chicago, Illinois and will then and there present the *Routine Motion of the Official Committee of Unsecured Creditors for Authority to Conduct 2004 Examinations of the Debtors, Robert W. Kraft, World Marketing Holdings, LLC, and Blue Streak Holdings, Inc. (*the "*Motion*")*,* a copy of which is attached here and served upon you.

Responses to the Motion must be filed and delivered to the undersigned no later than the time set for the hearing.  **Unless a response opposing the motion is timely filed, the Court may grant the motion without a hearing**.

Date: December 7, 2015

*The Official Committee of Unsecured Creditors of World Marketing Chicago, LLC, et al.*

By:  /s/ Jonathan P. Friedland
        One of Its Attorneys

Jonathan P. Friedland, Esq. (6257902)
Mark S. Melickian, Esq. (6229843)
Michael A. Brandess, Esq. (6299158)
**SUGAR FELSENTHAL GRAIS & HAMMER LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone:   312.704.9400
Facsimile:   312.372.7951

---

[1] The Debtors in these cases are World Marketing Chicago, LLC; World Marketing Atlanta, LLC; and World Marketing Dallas, LLC.

### CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on December 7, 2015, he served the *Routine Motion of the Official Committee of Unsecured Creditors for Authority to Conduct 2004 Examinations of the Debtors, Robert W. Kraft, World Marketing Holdings, LLC, and Blue Streak Holdings, Inc.* on registered parties through CM/ECF and on the parties listed below by First Class Mail, postage prepaid.

/s/  Mark S. Melickian

### Service List

Crane Heyman Simon Welch & Clar
Attn: Jeffrey Dan, Brian Welch and David Welch
135 S Lasalle St Ste 3705
Chicago, IL 60603

Kathryn Gleason
Office of the U.S. Trustee, Region 11
 219 S Dearborn St., Room 873
Chicago, IL 60604

Katten Muchin Rosenman, LLP
Attn: John P. Sieger and Paul T. Musser
525 W. Monroe St.
Chicago, IL 60661

Stromberg Stock, PLLC
Attn: Mark Stromberg
8750 N. Central Expy., Ste. 625
Dallas, TX 75231

Kirkland & Ellis LLP
Attn: Ryan P. Dahl and Devon M. Largio
300 N. LaSalle
Chicago, IL 60654

Olstein Law LLC
Attn: Joseph M. Olstein
10450 S. Western Ave.
Chicago, IL 60643

Baker Botts L.L.P. James R. Prince
2001 Ross Avenue

Dallas, TX 75201

Latimer LeVay Fyock LLC
Attn: Sheryl A. Fyock and Tejal S. Desai
55 West Monroe St., Ste. 1100
Chicago, Illinois 60603

Reed Smith, LLP
Attn: Aaron B. Chapin
10 S. Wacker, 40th Fl.
Chicago, IL 60606

Haynes and Boone, LLP
Attn: Jarom J. Yates and Autumn D. Highsmith
2323 Victory Ave., Ste. 700
Dallas, TX 75219

Blue Streak Holdings, Inc.
Attn:  President
1301 West Canal Street
Suite 100, Milwaukee, Wi 53233

Blue Streak Holdings, Inc.
c/o G&K Wisconsin Services LLC
780 North Water Street
Milwaukee , WI 53202

World Marketing Holdings, LLC
Attn:  President
1301 W Canal St.
Suite 100
Milwaukee, WI 53233

World Marketing Holdings LLC.
c/o G&K Wisconsin Services LLC
780 North Water Street
Milwaukee , WI 53202

Robert W. Kraft
1479 E. Lilac Lane
Fox Point, WI  53217

Shaw Fishman Glantz & Towbin, LLC
Attn: John W. Guzzardo
321 N. Clark St., Ste. 800
Chicago, IL 60654

Seyfarth Shaw LLP
Attn: Marianne Dickson
560 Mission Street 31st Floor
San Francisco, CA 94105-2930

Seyfarth Shaw LLP Attn: Jason J. DeJonker
131 S. Dearborn St., Ste. 2400
Chicago, IL 60603
Attn: Craig C. Westfall

 Golan & Christie, LLP
Attn: Barbara L. Yong
70 W. Madison St., Ste. 1500
Chicago, IL 60602

Nigro, Westfall & Gryska, P.C.
Attn: Craig C. Westfall
1793 Bloomingdale Road
Glendale Hts., IL 60139

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| *In re* | Chapter 11 |
| WORLD MARKETING CHICAGO, LLC, *et al.*,[1] | Case No. 15-32968 |
| Debtors. | (Jointly Administered) |
|  | Honorable Timothy A. Barnes |
|  | Hearing:   **December 9, 2015 10:00 a.m. Central** |

ROUTINE MOTION OF THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR
AUTHORITY TO CONDUCT 2004 EXAMINATIONS OF THE DEBTORS, ROBERT W. KRAFT,
WORLD MARKETING HOLDINGS, LLC, AND BLUE STREAK HOLDINGS, INC.

The Official Committee of Unsecured Creditors of World Marketing Chicago, LLC, *et al.* (the "*Committee*") appointed in the above-captioned chapter 11 cases (the "*Cases*"), files this routine motion ("Motion") pursuant to Local Bankruptcy Rule 9013-9 seeking an order authorizing the Committee to issue subpoenas for the examination of World Marketing Chicago, LLC; World Marketing Atlanta, LLC; and World Marketing Dallas, LLC (the "Debtors"), World Marketing Holdings, LLC, Blue Streak Holdings, Inc., and Robert W. Kraft, and to issue certain limited interrogatories to the Debtors, Robert W. Kraft and World Marketing Holdings LLC, pursuant to Bankruptcy Rule 2004.

In support thereof, the Committee states as follows:

**BACKGROUND**

---

[1] The Debtors in these cases are World Marketing Chicago, LLC; World Marketing Atlanta, LLC; and World Marketing Dallas, LLC.

1.      On September 28, 2015 (the "*Petition Date*"), World Marketing Chicago, LLC, *et al.* (the "*Debtors*"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Court.  The Cases are being jointly administered under case number 15-32968.

2.      The Debtors maintain possession of their property and are operating and managing their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.      On October 15, 2015, the Office of the United States Trustee (the "*U.S. Trustee*") appointed the Committee to represent the interests of unsecured creditors of the Debtors pursuant to section 1102 of the Bankruptcy Code.  [Dkt. 30.]

4.      Since its appointment, the Committee has retained legal counsel to aid it in executing its duties under the Bankruptcy Code, and is working diligently in these Cases to represent the interests of general unsecured creditors.

## BASIS FOR EXAMINATIONS

5.      On December 1, 2015, the Committee filed its *Motion to Appoint a Chapter 11 Trustee* [dkt. 124] ("*Trustee Motion*"), which has been set for hearing on December 16, 2015.

6.      The bases of the Trustee Motion set forth the urgent concerns about the Debtors' management of the Bankruptcy Cases and internal conflicts which exacerbate such management issues, which can be summarized as follows:

(a)      Failure to disclose that post-petition funds were being used to employ an entity controlled by an insider;

(b)      Poor management of wind-down efforts and cash management;

(c)      Poor management of efforts to sell the Debtors' assets;

(d)      An admitted lack of effective knowledge of the Company by Robert W. Kraft, the individual who ultimately controls the Debtors; and

(e)     An obvious conflict of interest between the best interests of the estate and its creditors and those of Robert W. Kraft, his son Robert M. Kraft (the former principal of the Debtors), and other entities controlled by one or both Krafts, all of which are or will likely be litigation targets.

7.      The Committee will ultimately set forth on a broader examination of potential assets and claims, likely within the context of litigation.  In the meantime, current operational issues with the Debtors must be dealt with expeditiously, and the Committee requires certain information to support the Trustee Motion.

## RELIEF REQUESTED

8.      The Committee requests that this Court enter an order allowing the examination of the Debtors, Robert W. Kraft, World Marketing Holdings LLC, and Blue Streak Holdings, Inc. through document production requests and limited interrogatories (collectively, the "Rule 2004 Examination"), as set forth substantially in the form of the draft subpoenas and document riders, attached hereto as Exhibits A through D, and Interrogatories, attached hereto as Exhibits E through G.

9.      World Marketing Holdings LLC owns 100% of the Debtors.

10.     Blue Streak Holdings, Inc. is the manager of World Marketing Holdings LLC.

11.     Robert W. Kraft is the president of Blue Streak Holdings, Inc.  His son, Robert M. Kraft, was formerly president, just as he was formerly chief executive officer of the Debtors.

12.     Robert W. Kraft testified on behalf of the Debtors at their continued 341 meeting. Among other acts, Robert W. Kraft, in his capacity as president of Blue Streak Holdings, Inc. was the individual that authorized the bankruptcy filings and verified the petition, schedules, and statements of financial affairs of the Debtors.

13.     The ability to obtain the requested discovery in the form of relevant documents and limited interrogatories from these entities and from Robert W. Kraft in connection with these

3

entities is necessary to allow the Committee to develop and present additional evidence in support of its Trustee Motion.

14.     The Committee urgently requires the ability to immediately serve and conduct the proposed discovery on the Debtors and these non-Debtor parties in furtherance of fact development necessary for presentation of the Trustee Motion on December 16, 2015.

15.     The Committee notes that it was served December 4, 2015 with deposition notices by the Debtors for a representative of the Committee and Committee professional Phillip Van Winkle, seeking to depose them on December 10 and 11, 2015, respectively.

### THE AUTHORITY FOR A RULE 2004 EXAMINATION

16.     Rule 2004(a) of the Federal Rules of Bankruptcy Procedure authorizes any party in interest to move the court for an order to conduct the examination of any entity.

17.     Bankruptcy Rule 2004(b) further provides that the scope of this examination may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."

18.     It is well established that the scope of an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure is exceptionally broad and has often been likened to a lawful "fishing expedition."  In re Lufkin, 255 B.R. 204, 208 (Bankr. E.D. Tenn. 2000). The purpose of such an examination is to aid in the discovery of assets, including potential causes of action, and if a third person can be shown to have a relationship with, or knowledge of, the debtor's affairs, the party is subject to an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure.  Snyder v. Society Bank, 181 B.R. 40, 41 (S.D. Tex. 1994), aff'd 52 F.3d 1067 (5th Cir. 1995); Lufkin, 255 B.R. at 208. See also, In re Symington, 209 B.R. 678, 684

4

(Bankr. D. Md. 1997) (noting that a Rule 2004 examination is "an investigatory tool, its nature is inquisitory rather than accusatory, although information discovered by its employment may presage litigation").

## REQUEST FOR SHORTENED NOTICE

19.     Rule 9007 permits the Court to shorten the time for notice if such shortened notice is appropriate and will not prejudice parties in interest.   The Committee submits that the subpoena recipients will not be prejudiced by shortened notice of this Routine Motion. Furthermore, just cause exists to allow the Committee expedited discovery in support of the Trustee Motion.

### NOTICE

20.     Notice of this Motion has been provided to (a) the Office of the United States Trustee for the Northern District of Illinois; (b) counsel for the Debtors; (c) Robert W. Kraft, (d) the registered agents for Blue Streak Holdings, Inc., and World Marketing Holdings, LLC, and (e) all entities that have filed a request for service of filings pursuant to Bankruptcy Rule 2002 in this case.  In light of the nature of the relief requested, the Committee submits that no other or further notice is necessary.

WHEREFORE, the Committee respectfully requests that this Court enter the attached order:

(a)     Authorizing the issuance of subpoenas for the production of documents by the Debtors, Robert W. Kraft, World Marketing Holdings, LLC, and Blue Streak Holdings, Inc., and limited Interrogatories to the Debtors, Robert W. Kraft and World Marketing Holdings, LLC, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure; and

(b)     Granting such other and further relief that this case may require and the Court deems just and proper.

Date: December 7, 2015                    *The Official Committee of Unsecured Creditors of*
                                          *World Marketing Chicago, LLC, et al.*


                                          By: /s/ Jonathan P. Friedland
                                               One of Its Attorneys


                                          Jonathan P. Friedland, Esq. (IL 6257902)
                                          Mark S. Melickian, Esq. (IL 6229843)
                                          Elizabeth B. Vandesteeg, Esq.  (IL 6291426)
                                          Michael A. Brandess, Esq. (IL 6299158)
                                          **SUGAR FELSENTHAL GRAIS & HAMMER LLP**
                                          30 N. LaSalle St., Ste. 3000
                                          Chicago, Illinois 60602
                                          Telephone:   312.704.9400
                                          Facsimile:    312.372.7951

4834-1155-2299, v.  2

## <u>EXHIBIT A</u>

# SUBPOENA RIDER

## Respondents:

## World Marketing Chicago LLC
## World Marketing Atlanta LLC
## World Marketing Dallas LLC
## (collectively, "Debtors")

### DEFINITIONS

1.       "Communicate" or "communication" means and includes every manner or means of transfer, exchange, or disclosure of information, fact, idea, or inquiry, whether orally, by document, or electronically, and whether face-to-face, by telephone, mail, email, telecopier, personal delivery, or otherwise.

2.       "Documents" or "Documentation" includes all written material or other tangible medium of reproduction of every kind or description, however produced or reproduced, including, without limitation, correspondence, memoranda, notes, recordings, letters, charges, accountings, graphs, charts, balance sheets, profit and loss statements, summaries, records of oral conversations, diaries, calendars, logs, analyses, projections, work papers, tape recordings, films, video tapes, plans, minutes or records of meetings, minutes or records of conferences, lists of persons attending meetings or conferences, reports and/or summaries of investigations, opinions or reports of consultants, evaluations, records, contracts, agreements, preliminary drafts, and includes e-mails, computer reports, programs, discs and communications, however denominated by whomever prepared, to whomever addressed, and any other writing, graphic representation or memorialization that are in possession of the respondent as defined herein. Further, "documents" includes any copies of documents that are not identical duplicates or originals, including, but not limited to, all drafts of whatever date prepared prior to the completion of the final version and copies with typed or handwritten notations.

3.       "Documents" also includes any electronically stored data on magnetic or optical storage

media as an "active" file or files (readily readable by one or more computer application software or forensics software); any "deleted" but recoverable electronic files on such media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from Random Access Memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data). "Documents" also includes each and every file folder or other material in which the above items are stored, filed, or maintained, including computer or other electronic storage.

4.      "Backup" means a copy of active data, intended for use in restoration of data lost to catastrophic failure of a system memory.

5.      "Computer" includes but is not limited to network servers, desktops, laptops, notebook computers, employees' home computers, mainframes, PDAs (Personal Digital Assistants such as Blackberry, PalmPilot, Cassiopeia, HP Jornada and other such handheld computing devices), digital cell phones, and pagers.

6.      "Data" means any and all information stored on media that may be accessed by a computer.

7.       "Person" means natural persons or any partnership, joint venture, association, Debtor, or any other legal entity.

8.      "Refer" or "relate" means to have a logical or causal relationship to, to make a statement about, discuss, describe, show, reflect, concern, identify, constitute, consist of, or pertain to, in whole or in part, the subject.

9.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

10.       The singular form of a word is to be interpreted as including the plural (and vice versa), where the context so dictates.

## GENERAL INSTRUCTIONS

1.       If you object to any portion or aspect of the request, produce all documents responsive to the remainder. If any requested document cannot be produced in full, produce it to the extent possible, indicating which portion of the document is being withheld.

2.       In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, without regard to their location, regardless of whether such documents or materials are possessed physical directly by you or your directors, officers, agents, employees, accountants, representatives, subsidiaries, managing agents, or by your attorneys or their agents, employers, representatives or investigators. To the extent that documents requested below are not produced because they are not in your possession, custody or control, disclose all information known to you that may lead to the discovery of such documents.

3.       All documents should be produced in the file folder, envelope or other container in which the documents are kept or maintained by you in the ordinary course of your business. If the container cannot be produced, produce copies of all labels or other identifying marks.

4.       You should produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of a document cannot be located, a copy should be produced in lieu thereof, and should be legible and bound or stapled in the same manner as the original.

5.       Documents not otherwise responsive to this document request should be produced if such documents mention, discuss, refer to or explain one or more documents that are called for by these document requests, or if such documents are attached to documents called for by these document requests and constitute routing slips, transmittal memoranda or letters, comments, evaluations or similar materials.

6.       Documents attached to each other should not be separated.

7.       If any documents requested herein have been lost, discarded, destroyed, or are otherwise no longer in your possession, custody or control, they shall be identified as completely as possible

including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal, and person disposing of the document.

8.      If any document requested is withheld based on a claim of privilege, please provide a statement of the claim of privilege and all facts relied on in support of the claim, including:

(a)      The date and nature of the document;

(b)      The author(s) and recipient(s) of the document and their employers and job titles at the time;

(c)      The subject matter of the document;

(d)      The request(s) herein to which the document is responsive; and

(e)      The present location of the document.

Notwithstanding the assertion of an objection on the grounds of privilege, any purportedly privileged document containing nonprivileged matter must be disclosed, with the purportedly privileged portion excised.

9.      If any document requested herein is withheld based on a claim that such document constitutes attorney work product, please provide all of the information described in Instruction No. 8 above and also identify the litigation in connection with which such information was obtained or prepared.

10.      All documents, information, or data responsive to these requests currently existing in machine-readable form, including any spreadsheet files, should be provided in the original format, unless that format requires specialized or proprietary hardware or software. (Acceptable formats include Access or Excel for spreadsheets, dBASE for database files, and Corel WordPerfect 8.0 and MSWord 2000 or 9.0 for word processing files. If the original format is not listed above, the data should be converted to one of the acceptable formats, if possible.) Electronic mail messages should be provided in their original electronic form, even if only available on backup or archive tapes or disks. Data files should be in sequential format also known as ASCII files or flat files, with the data fields in fixed-column positions. For each database file provided, the following information is needed: a record layout, a short narrative

description of what the file contains, translation of any coded fields, the number of records in the file, and a printout of the first 100 records in report format. A record layout must contain the following pieces of information: name of the field, description of the field, starting and ending position of the field, length of the field, starting and ending position of the record, length of the file, and characteristics of the field (i.e., packed decimal, zoned decimal, alphanumeric, etc.).

11.      Production shall be timely supplemented whenever documents become available that are responsive to these requests but have been not previously produced. These Document Requests are a continuing demand for any and all responsive documents and things. Therefore, any such documents and things discovered by you after the date hereof shall be produced at the time they are discovered. This paragraph shall not be construed to alter your obligations to comply with all other instructions herein.

## DOCUMENTS REQUESTED

All documents in the Debtors' possession responsive to the following requests:

1.  All Documents, including but not limited to correspondence, contracts, invoices, and other information, in hard copy and/or electronic form, related to the following entities and persons:

    a.  RWK Global Holdings

    b.  JRM Advisors

    c.  First Edge Solutions, Inc.

    d.  Fryer Investment Group LLC

    e.  HSBC Card Services

    f.  JLT Family Investments LP

    g.  MM Industrial Stoneridge

    h.  DCT McCook Industrial LLC

2.  All Documents, including but not limited to correspondence, contracts, invoices, advertisements, marketing materials, and other information, in hard copy and/or electronic form, related to attempts by or on behalf of the Debtors to market and sell, assign, or otherwise transfer, any of the Debtor's owned or leased equipment, real property leases, accounts receivable, or other assets, or any unsolicited interest in purchasing or obtaining an interest in any of the Debtor's owned or leased equipment, real property leases, accounts receivable, or other assets at any time prior to or during the pendency of the Debtors' bankruptcy cases.

3.  All correspondence between Robert W. Kraft and Tyrone Jeffcoat from and after September 28, 2015.

4.  All notices or documents sent to employees of the Debtors related to potential rights under the Worker Adjustment and Retraining Notification Act ("WARN Act").

**EXHIBIT B**

# SUBPOENA RIDER

## Respondent:

## Robert W. Kraft ("RWK")

## DEFINITIONS

1.      "Communicate" or "communication" means and includes every manner or means of transfer, exchange, or disclosure of information, fact, idea, or inquiry, whether orally, by document, or electronically, and whether face-to-face, by telephone, mail, email, telecopier, personal delivery, or otherwise.

2.      "Documents" or "Documentation" includes all written material or other tangible medium of reproduction of every kind or description, however produced or reproduced, including, without limitation, correspondence, memoranda, notes, recordings, letters, charges, accountings, graphs, charts, balance sheets, profit and loss statements, summaries, records of oral conversations, diaries, calendars, logs, analyses, projections, work papers, tape recordings, films, video tapes, plans, minutes or records of meetings, minutes or records of conferences, lists of persons attending meetings or conferences, reports and/or summaries of investigations, opinions or reports of consultants, evaluations, records, contracts, agreements, preliminary drafts, and includes e-mails, computer reports, programs, discs and communications, however denominated by whomever prepared, to whomever addressed, and any other writing, graphic representation or memorialization that are in possession of the respondent as defined herein. Further, "documents" includes any copies of documents that are not identical duplicates or originals, including, but not limited to, all drafts of whatever date prepared prior to the completion of the final version and copies with typed or handwritten notations.

3.      "Documents" also includes any electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer application software or forensics software); any "deleted" but recoverable electronic files on such media; any electronic file

fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from Random Access Memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data). "Documents" also includes each and every file folder or other material in which the above items are stored, filed, or maintained, including computer or other electronic storage.

4.      "Backup" means a copy of active data, intended for use in restoration of data lost to catastrophic failure of a system memory.

5.      "Computer" includes but is not limited to network servers, desktops, laptops, notebook computers, employees' home computers, mainframes, PDAs (Personal Digital Assistants such as Blackberry, PalmPilot, Cassiopeia, HP Jornada and other such handheld computing devices), digital cell phones, and pagers.

6.      "Data" means any and all information stored on media that may be accessed by a computer.

7.       "Person" means natural persons or any partnership, joint venture, association, Debtor, or any other legal entity.

8.      "Refer" or "relate" means to have a logical or causal relationship to, to make a statement about, discuss, describe, show, reflect, concern, identify, constitute, consist of, or pertain to, in whole or in part, the subject.

9.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

10.       The singular form of a word is to be interpreted as including the plural (and vice versa), where the context so dictates.

## GENERAL INSTRUCTIONS

1.       If you object to any portion or aspect of the request, produce all documents responsive to the remainder. If any requested document cannot be produced in full, produce it to the extent possible, indicating which portion of the document is being withheld.

2.       In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, without regard to their location, regardless of whether such documents or materials are possessed physical directly by you or your directors, officers, agents, employees, accountants, representatives, subsidiaries, managing agents, or by your attorneys or their agents, employers, representatives or investigators. To the extent that documents requested below are not produced because they are not in your possession, custody or control, disclose all information known to you that may lead to the discovery of such documents.

3.       All documents should be produced in the file folder, envelope or other container in which the documents are kept or maintained by you in the ordinary course of your business. If the container cannot be produced, produce copies of all labels or other identifying marks.

4.       You should produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of a document cannot be located, a copy should be produced in lieu thereof, and should be legible and bound or stapled in the same manner as the original.

5.       Documents not otherwise responsive to this document request should be produced if such documents mention, discuss, refer to or explain one or more documents that are called for by these document requests, or if such documents are attached to documents called for by these document requests and constitute routing slips, transmittal memoranda or letters, comments, evaluations or similar materials.

6.       Documents attached to each other should not be separated.

7.       If any documents requested herein have been lost, discarded, destroyed, or are otherwise no longer in your possession, custody or control, they shall be identified as completely as possible

including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal, and person disposing of the document.

8.      If any document requested is withheld based on a claim of privilege, please provide a statement of the claim of privilege and all facts relied on in support of the claim, including:

(a)     The date and nature of the document;

(b)     The author(s) and recipient(s) of the document and their employers and job titles at the time;

(c)     The subject matter of the document;

(d)     The request(s) herein to which the document is responsive; and

(e)     The present location of the document.

Notwithstanding the assertion of an objection on the grounds of privilege, any purportedly privileged document containing nonprivileged matter must be disclosed, with the purportedly privileged portion excised.

9.      If any document requested herein is withheld based on a claim that such document constitutes attorney work product, please provide all of the information described in Instruction No. 8 above and also identify the litigation in connection with which such information was obtained or prepared.

10.     All documents, information, or data responsive to these requests currently existing in machine-readable form, including any spreadsheet files, should be provided in the original format, unless that format requires specialized or proprietary hardware or software. (Acceptable formats include Access or Excel for spreadsheets, dBASE for database files, and Corel WordPerfect 8.0 and MSWord 2000 or 9.0 for word processing files. If the original format is not listed above, the data should be converted to one of the acceptable formats, if possible.) Electronic mail messages should be provided in their original electronic form, even if only available on backup or archive tapes or disks. Data files should be in sequential format also known as ASCII files or flat files, with the data fields in fixed-column positions. For each database file provided, the following information is needed: a record layout, a short narrative

4816-8395-7803.v1

description of what the file contains, translation of any coded fields, the number of records in the file, and a printout of the first 100 records in report format. A record layout must contain the following pieces of information: name of the field, description of the field, starting and ending position of the field, length of the field, starting and ending position of the record, length of the file, and characteristics of the field (i.e., packed decimal, zoned decimal, alphanumeric, etc.).

11.     Production shall be timely supplemented whenever documents become available that are responsive to these requests but have been not previously produced. These Document Requests are a continuing demand for any and all responsive documents and things. Therefore, any such documents and things discovered by you after the date hereof shall be produced at the time they are discovered. This paragraph shall not be construed to alter your obligations to comply with all other instructions herein.

## DOCUMENTS REQUESTED

All documents in RWK's possession responsive to the following requests for the period September 28, 2015 to present:

1. All correspondence by and between RWK and the following entities related to the bankruptcy cases filed by World Marketing Chicago LLC, World Marketing Atlanta LLC, and World Marketing Dallas LLC:

   a. RWK Global Holdings

   b. JRM Advisors

   c. First Edge Solutions

   d. Fryer Investment Group

   e. World Marketing Holdings LLC

   f. Blue Streak Holdings, Inc.

2. All Documents, including but not limited to correspondence, contracts, invoices, advertisements, marketing materials, and other information, in hard copy and/or electronic form, related to attempts by Blue Streak to market and sell, assign, or otherwise transfer, any of the stock, interests, or assets of World Marketing Holdings, LLC.

3. All Documents, including but not limited to correspondence, contracts, invoices, advertisements, marketing materials, and other information, in hard copy and/or electronic form, related to attempts by World Marketing Holdings LLC, to market and sell, assign, or otherwise transfer, any of the stock, interests, or assets of World Marketing Chicago, LLC, World Marketing Atlanta, LLC, and World Marketing Dallas LLC.

4. All correspondence between Robert W. Kraft and Tyrone Jeffcoat from and after September 28, 2015.

5. All correspondence between Robert W. Kraft and Robert M. Kraft related to the purchase of First Edge Solutions, Inc. by RWWF LLC out of receivership.

6. All correspondence between Robert W. Kraft and the receiver, Michael S. Polsky, related to the purchase of First Edge Solutions, Inc. by RWWF LLC out of the receivership.

7. All documents related to the closing of the purchase of First Edge Solutions, Inc. by RWWF LLC out of receivership, including but not limited to purchase, sale, assignment, transfer, escrow, release, title, and other documents executed, exchanged or created to consummate the transaction.

**<u>EXHIBIT C</u>**

# SUBPOENA RIDER

## Respondent:

## World Marketing Holdings, LLC ("WM Holdings")

### DEFINITIONS

1.       "Communicate" or "communication" means and includes every manner or means of transfer, exchange, or disclosure of information, fact, idea, or inquiry, whether orally, by document, or electronically, and whether face-to-face, by telephone, mail, email, telecopier, personal delivery, or otherwise.

2.       "Documents" or "Documentation" includes all written material or other tangible medium of reproduction of every kind or description, however produced or reproduced, including, without limitation, correspondence, memoranda, notes, recordings, letters, charges, accountings, graphs, charts, balance sheets, profit and loss statements, summaries, records of oral conversations, diaries, calendars, logs, analyses, projections, work papers, tape recordings, films, video tapes, plans, minutes or records of meetings, minutes or records of conferences, lists of persons attending meetings or conferences, reports and/or summaries of investigations, opinions or reports of consultants, evaluations, records, contracts, agreements, preliminary drafts, and includes e-mails, computer reports, programs, discs and communications, however denominated by whomever prepared, to whomever addressed, and any other writing, graphic representation or memorialization that are in possession of the respondent as defined herein. Further, "documents" includes any copies of documents that are not identical duplicates or originals, including, but not limited to, all drafts of whatever date prepared prior to the completion of the final version and copies with typed or handwritten notations.

3.       "Documents" also includes any electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer application software or forensics software); any "deleted" but recoverable electronic files on such media; any electronic file

fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from Random Access Memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data). "Documents" also includes each and every file folder or other material in which the above items are stored, filed, or maintained, including computer or other electronic storage.

4.      "Backup" means a copy of active data, intended for use in restoration of data lost to catastrophic failure of a system memory.

5.      "Computer" includes but is not limited to network servers, desktops, laptops, notebook computers, employees' home computers, mainframes, PDAs (Personal Digital Assistants such as Blackberry, PalmPilot, Cassiopeia, HP Jornada and other such handheld computing devices), digital cell phones, and pagers.

6.      "Data" means any and all information stored on media that may be accessed by a computer.

7.      "Person" means natural persons or any partnership, joint venture, association, Debtor, or any other legal entity.

8.      "Refer" or "relate" means to have a logical or causal relationship to, to make a statement about, discuss, describe, show, reflect, concern, identify, constitute, consist of, or pertain to, in whole or in part, the subject.

9.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

10.      The singular form of a word is to be interpreted as including the plural (and vice versa), where the context so dictates.

## <u>GENERAL INSTRUCTIONS</u>

1.      If you object to any portion or aspect of the request, produce all documents responsive to the remainder. If any requested document cannot be produced in full, produce it to the extent possible, indicating which portion of the document is being withheld.

2.      In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, without regard to their location, regardless of whether such documents or materials are possessed physical directly by you or your directors, officers, agents, employees, accountants, representatives, subsidiaries, managing agents, or by your attorneys or their agents, employers, representatives or investigators. To the extent that documents requested below are not produced because they are not in your possession, custody or control, disclose all information known to you that may lead to the discovery of such documents.

3.      All documents should be produced in the file folder, envelope or other container in which the documents are kept or maintained by you in the ordinary course of your business. If the container cannot be produced, produce copies of all labels or other identifying marks.

4.      You should produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of a document cannot be located, a copy should be produced in lieu thereof, and should be legible and bound or stapled in the same manner as the original.

5.      Documents not otherwise responsive to this document request should be produced if such documents mention, discuss, refer to or explain one or more documents that are called for by these document requests, or if such documents are attached to documents called for by these document requests and constitute routing slips, transmittal memoranda or letters, comments, evaluations or similar materials.

6.      Documents attached to each other should not be separated.

7.      If any documents requested herein have been lost, discarded, destroyed, or are otherwise no longer in your possession, custody or control, they shall be identified as completely as possible

including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal, and person disposing of the document.

8.      If any document requested is withheld based on a claim of privilege, please provide a statement of the claim of privilege and all facts relied on in support of the claim, including:

(a)      The date and nature of the document;

(b)      The author(s) and recipient(s) of the document and their employers and job titles at the time;

(c)      The subject matter of the document;

(d)      The request(s) herein to which the document is responsive; and

(e)      The present location of the document.

Notwithstanding the assertion of an objection on the grounds of privilege, any purportedly privileged document containing nonprivileged matter must be disclosed, with the purportedly privileged portion excised.

9.      If any document requested herein is withheld based on a claim that such document constitutes attorney work product, please provide all of the information described in Instruction No. 8 above and also identify the litigation in connection with which such information was obtained or prepared.

10.      All documents, information, or data responsive to these requests currently existing in machine-readable form, including any spreadsheet files, should be provided in the original format, unless that format requires specialized or proprietary hardware or software. (Acceptable formats include Access or Excel for spreadsheets, dBASE for database files, and Corel WordPerfect 8.0 and MSWord 2000 or 9.0 for word processing files. If the original format is not listed above, the data should be converted to one of the acceptable formats, if possible.) Electronic mail messages should be provided in their original electronic form, even if only available on backup or archive tapes or disks. Data files should be in sequential format also known as ASCII files or flat files, with the data fields in fixed-column positions. For each database file provided, the following information is needed: a record layout, a short narrative

description of what the file contains, translation of any coded fields, the number of records in the file, and a printout of the first 100 records in report format. A record layout must contain the following pieces of information: name of the field, description of the field, starting and ending position of the field, length of the field, starting and ending position of the record, length of the file, and characteristics of the field (i.e., packed decimal, zoned decimal, alphanumeric, etc.).

11.     Production shall be timely supplemented whenever documents become available that are responsive to these requests but have been not previously produced. These Document Requests are a continuing demand for any and all responsive documents and things. Therefore, any such documents and things discovered by you after the date hereof shall be produced at the time they are discovered. This paragraph shall not be construed to alter your obligations to comply with all other instructions herein.

## <u>DOCUMENTS REQUESTED</u>

All documents in WM Holdings' possession responsive to the following requests:

1.  All Documents, including but not limited to correspondence, contracts, invoices, and other information, in hard copy and/or electronic form, related to the following entities and persons:

    a.  RWK Global Holdings

    b.  JRM Advisors

    c.  First Edge Solutions

    d.  Fryer Investment Group

    e.  Blue Streak Holdings Inc.

2.  All Documents, including but not limited to correspondence, contracts, invoices, advertisements, marketing materials, and other information, in hard copy and/or electronic form, related to attempts by WM Holdings, directly or indirectly, to market and sell, assign, or otherwise transfer, any of the stock, interests, or assets of World Marketing Chicago, LLC, World Marketing Atlanta, LLC, and World Marketing Dallas LLC.

**EXHIBIT D**

# SUBPOENA RIDER

## Respondent:

## Blue Streak Holdings, Inc. ("Blue Streak")

### DEFINITIONS

1.      "Communicate" or "communication" means and includes every manner or means of transfer, exchange, or disclosure of information, fact, idea, or inquiry, whether orally, by document, or electronically, and whether face-to-face, by telephone, mail, email, telecopier, personal delivery, or otherwise.

2.      "Documents" or "Documentation" includes all written material or other tangible medium of reproduction of every kind or description, however produced or reproduced, including, without limitation, correspondence, memoranda, notes, recordings, letters, charges, accountings, graphs, charts, balance sheets, profit and loss statements, summaries, records of oral conversations, diaries, calendars, logs, analyses, projections, work papers, tape recordings, films, video tapes, plans, minutes or records of meetings, minutes or records of conferences, lists of persons attending meetings or conferences, reports and/or summaries of investigations, opinions or reports of consultants, evaluations, records, contracts, agreements, preliminary drafts, and includes e-mails, computer reports, programs, discs and communications, however denominated by whomever prepared, to whomever addressed, and any other writing, graphic representation or memorialization that are in possession of the respondent as defined herein. Further, "documents" includes any copies of documents that are not identical duplicates or originals, including, but not limited to, all drafts of whatever date prepared prior to the completion of the final version and copies with typed or handwritten notations.

3.      "Documents" also includes any electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer application software or forensics software); any "deleted" but recoverable electronic files on such media; any electronic file

fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from Random Access Memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data). "Documents" also includes each and every file folder or other material in which the above items are stored, filed, or maintained, including computer or other electronic storage.

4.      "Backup" means a copy of active data, intended for use in restoration of data lost to catastrophic failure of a system memory.

5.      "Computer" includes but is not limited to network servers, desktops, laptops, notebook computers, employees' home computers, mainframes, PDAs (Personal Digital Assistants such as Blackberry, PalmPilot, Cassiopeia, HP Jornada and other such handheld computing devices), digital cell phones, and pagers.

6.      "Data" means any and all information stored on media that may be accessed by a computer.

7.       "Person" means natural persons or any partnership, joint venture, association, Debtor, or any other legal entity.

8.      "Refer" or "relate" means to have a logical or causal relationship to, to make a statement about, discuss, describe, show, reflect, concern, identify, constitute, consist of, or pertain to, in whole or in part, the subject.

9.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

10.      The singular form of a word is to be interpreted as including the plural (and vice versa), where the context so dictates.

## <u>GENERAL INSTRUCTIONS</u>

1.      If you object to any portion or aspect of the request, produce all documents responsive to the remainder. If any requested document cannot be produced in full, produce it to the extent possible, indicating which portion of the document is being withheld.

2.      In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, without regard to their location, regardless of whether such documents or materials are possessed physical directly by you or your directors, officers, agents, employees, accountants, representatives, subsidiaries, managing agents, or by your attorneys or their agents, employers, representatives or investigators. To the extent that documents requested below are not produced because they are not in your possession, custody or control, disclose all information known to you that may lead to the discovery of such documents.

3.      All documents should be produced in the file folder, envelope or other container in which the documents are kept or maintained by you in the ordinary course of your business. If the container cannot be produced, produce copies of all labels or other identifying marks.

4.      You should produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of a document cannot be located, a copy should be produced in lieu thereof, and should be legible and bound or stapled in the same manner as the original.

5.      Documents not otherwise responsive to this document request should be produced if such documents mention, discuss, refer to or explain one or more documents that are called for by these document requests, or if such documents are attached to documents called for by these document requests and constitute routing slips, transmittal memoranda or letters, comments, evaluations or similar materials.

6.      Documents attached to each other should not be separated.

7.      If any documents requested herein have been lost, discarded, destroyed, or are otherwise no longer in your possession, custody or control, they shall be identified as completely as possible

including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal, and person disposing of the document.

8.      If any document requested is withheld based on a claim of privilege, please provide a statement of the claim of privilege and all facts relied on in support of the claim, including:

(a)      The date and nature of the document;

(b)      The author(s) and recipient(s) of the document and their employers and job titles at the time;

(c)      The subject matter of the document;

(d)      The request(s) herein to which the document is responsive; and

(e)      The present location of the document.

Notwithstanding the assertion of an objection on the grounds of privilege, any purportedly privileged document containing nonprivileged matter must be disclosed, with the purportedly privileged portion excised.

9.      If any document requested herein is withheld based on a claim that such document constitutes attorney work product, please provide all of the information described in Instruction No. 8 above and also identify the litigation in connection with which such information was obtained or prepared.

10.      All documents, information, or data responsive to these requests currently existing in machine-readable form, including any spreadsheet files, should be provided in the original format, unless that format requires specialized or proprietary hardware or software. (Acceptable formats include Access or Excel for spreadsheets, dBASE for database files, and Corel WordPerfect 8.0 and MSWord 2000 or 9.0 for word processing files. If the original format is not listed above, the data should be converted to one of the acceptable formats, if possible.) Electronic mail messages should be provided in their original electronic form, even if only available on backup or archive tapes or disks. Data files should be in sequential format also known as ASCII files or flat files, with the data fields in fixed-column positions. For each database file provided, the following information is needed: a record layout, a short narrative

description of what the file contains, translation of any coded fields, the number of records in the file, and a printout of the first 100 records in report format. A record layout must contain the following pieces of information: name of the field, description of the field, starting and ending position of the field, length of the field, starting and ending position of the record, length of the file, and characteristics of the field (i.e., packed decimal, zoned decimal, alphanumeric, etc.).

11.     Production shall be timely supplemented whenever documents become available that are responsive to these requests but have been not previously produced. These Document Requests are a continuing demand for any and all responsive documents and things. Therefore, any such documents and things discovered by you after the date hereof shall be produced at the time they are discovered. This paragraph shall not be construed to alter your obligations to comply with all other instructions herein.

## <u>DOCUMENTS REQUESTED</u>

All documents in Blue Streaks's possession responsive to the following requests for the period September 28, 2015 to present:

1. All correspondence by and between Blue Streak and the following entities related to the bankruptcy cases filed by World Marketing Chicago LLC, World Marketing Atlanta LLC, and World Marketing Dallas LLC:

   a. RWK Global Holdings

   b. JRM Advisors

   c. First Edge Solutions, Inc.

   d. Fryer Investment Group

   e. World Marketing Holdings LLC

2. All Documents, including but not limited to correspondence, contracts, invoices, advertisements, marketing materials, and other information, in hard copy and/or electronic form, related to attempts by Blue Streak to market and sell, assign, or otherwise transfer, any of the stock, interests, or assets of World Marketing Holdings, LLC.

3. All Documents, including but not limited to correspondence, contracts, invoices, advertisements, marketing materials, and other information, in hard copy and/or electronic form, related to attempts by World Marketing Holdings LLC, to market and sell, assign, or otherwise transfer, any of the stock, interests, or assets of World Marketing Chicago, LLC, World Marketing Atlanta, LLC, and World Marketing Dallas LLC.

## **EXHIBIT E**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *In re* | Chapter 11 |
| WORLD MARKETING CHICAGO, LLC, *et al.*,[1] | Case No. 15-32968 |
| Debtors. | (Jointly Administered) |
| | Honorable Timothy A. Barnes |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FIRST SET OF INTERROGATORIES TO
WORLD MARKETING CHICAGO, LLC,
WORLD MARKETING ATLANTA, LLC, AND
WORLD MARKETING DALLAS, LLC**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure (the "*Federal Rules*"), made applicable here by Rule 7033 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), the Official Committee of Unsecured Creditors (the "*Committee*") of World Marketing Chicago, LLC, World Marketing Atlanta, LLC, and World Marketing Dallas, LLC (collectively, the "*Debtors*"), by and through its undersigned counsel, hereby serves on Robert W. Kraft the following interrogatories (the "*Interrogatories*"), which should be responded to on or before December 14, 2015, at 12:00 p.m., and additionally should be continually updated as you obtain further information.  The following definitions and instructions are applicable to each Discovery Request (defined below), unless negated by context.

---

[1]     The Debtors in these cases are World Marketing Chicago, LLC; World Marketing Atlanta, LLC; and World Marketing Dallas, LLC.

## Definitions

1.      "*Affiliate*" shall have the meaning as defined in 11 U.S.C. § 101(2) and in 26 U.S.C. § 1504.

2.      "*All documents*" shall mean every document, whether an original or copy, as defined below, known to you, and every such document or writing which you can locate or discover by reasonable diligent efforts.

3.      "*And*" shall mean and/or.

4.      "*Any*" shall mean any and all.

5.      "*Communication*" shall mean any manner or means of disclosure, transfer, or exchange, whether orally or by document, or whether face to face, by telephone, mail, or personal delivery.

6.      "*Court*" shall mean the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.

7.      "*Creditor*" shall have the meaning as defined in 11 U.S.C. § 101(10).

8.      "*Debt*" shall have the meaning as defined in 11 U.S.C. § 101(12).

9.      "*Debtors*" shall mean World Marketing Chicago, LLC, World Marketing Atlanta, LLC, and World Marketing Dallas, LLC..

10.     "*Definitions*" shall mean paragraphs 1 through 33 under the Definitions section in the Interrogatories.

11.     "*Discovery Requests*" shall mean Interrogatories, Document Requests, and Requests for Admission, served concurrently.

12.     "*Defendant*" shall mean any defendant named in the Adversary Proceeding, and include any of the defendant's employees, officers, agents, affiliates, attorneys or other persons acting, or purporting to act, on the defendant's behalf.

2

13.    "*Document*" or "*documents*" shall mean all written, typewritten, handwritten, recorded, or printed matter of any kind, including, without limitation, the originals, all non-identical copies, and drafts (whether disseminated or not) thereof, whether different from the originals by reason of any notation made upon such copies or otherwise, including, again without limitation, minutes and/or other records of meetings, agendas, bills, contracts, leases, assignments, agreements, contracts, summaries of negotiations, account books, orders, invoices, statements, bills, checks, accounting records, vouchers, summaries, diaries, forecasts, studies, drawings, graphs, charts, reports, and/or summaries of investigations or reports, strategic or business plans or summaries, brochures, pamphlets, publications, circulars, advertisements, trade letters, press releases, statements of policy, correspondence, letters, telegrams, interoffice and intraoffice communications, offers, notations of any sort of conversations, appointment books or calendars, teletypes, telefax, thermafax, confirmations, computer files, printouts of computer files, computer data (including, but not limited to, information or programs stored in a computer, whether or not ever printed out or displayed), all drafts, alterations, modifications, changes and amendments of any of the foregoing, all graphic or manual records or representations of any kind, including, without limitation, photographs, microfiche, microfilm, videotape, records, motion pictures, and electronic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks, magnetic cards, and recordings; and all other similar material which is in your possession, custody, or control. Without limiting the term "*control*" as used in the preceding sentence, a document shall be deemed to be within your control, regardless of its physical location, if you have the right to secure the document or a copy thereof from another person or entity, either public or private, including, but not limited to, your legal counsel, having actual possession thereof.

3

14.    "*Each*" shall mean each and every.

15.    "*Identify*" or "*identity*," when used in reference to an individual person, shall mean to state his or her full name, present or last known business address, residential address if no present business address is known, telephone number, the name of such person's present or last known employer, place of employment and position, the position(s) and/or interest(s) he or she held with and in the Debtor during the relevant time period, and the relevant time period he or she held such position(s) and/or interests with and in the Debtor.

16.    "*Identify*" or "*identity*," when used in reference to an entity, shall mean to state its full and complete name and the present or last known address of its headquarters or principal place of business, the position(s) and/or interest(s) it held with and in the Debtor during the relevant time period, and the relevant time period it held such position(s) and/or interests with and in the Debtor.

17.    "*Identify*" or "*identity*," when used in reference to a document, shall mean to state the nature of the document (*e.g.,* letter, memorandum, etc.), the date appearing on the document, the identity of the person(s) who wrote, signed, dictated, or otherwise participated in the preparation of the document, the identity of all persons who received copies of the document, and the present location and custodian of the document.

18.    "*Identify*" or "*identity*," when used in reference to a meeting or to an oral communication, shall mean to state the following:  the date and place thereof, the identity of the individual(s) who initiated the meeting or oral communication, the identity of each person who participated in, or who was present at, any part or all of the meeting or oral communication, or who became privy to the substance of the meeting or oral communication, the subject of the

meeting or oral communication, and whether the meeting or oral communication occurred in person or by telephone and, if both, the method by which each individual participated.

19. "*Instructions*" shall mean paragraphs A-K under the Instructions section in the Interrogatories.

20. "*Or*" shall mean and/or.

21. "*Oral communication*" shall mean any utterance spoken or heard, whether in person, by telephone, or otherwise.

22. "*Person*" shall mean any and all entities, as well as natural persons, and, without limitation, shall be defined to include natural persons, corporations, partnerships, joint owners, associations, companies, and joint ventures.

23. "*Petition Date*" shall mean September 28, 2015, the date the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the Court.

24. "*Refer*," "*relate*," "*reflect*," "*regard*," "*refer to*," "*relate to*," "*relating to*," and "*concerning*" (or any forms thereof) shall mean directly or indirectly, in whole or in part, referring to, relating to, connected with, commenting upon, relevant to, impinging or impacting upon, affecting, responding to, showing, describing, representing, supporting, contradicting, stating, mentioning, showing, evaluating, recording, noting, analyzing, reflecting, or constituting.

25. "*You*" or "*your*" shall mean the person or party named as recipient of this discovery request and its agents and representatives.

**Instructions**

A. If you claim any form of privilege, whether based upon statute or otherwise, as a ground for not answering any Discovery Request or any part of a Discovery Request, set forth all facts upon which such claim of privilege is based.

5

B.      If you claim any form of privilege, whether based upon statute or otherwise, as a ground for not identifying a requested document, identify the Discovery Request to which the document is responsive, set forth all facts upon which such claim of privilege is based, and for each document as to which you claim any form of privilege, identify: (i) the date of the document; (ii) the date upon which the document was prepared; (iii) the title or caption of the document; (iv) the form of the document (*e.g.,* letter, memorandum, chart, etc.); (v) the subject matter of the document; (vi) the author(s) and/or any and all other persons involved or participating in preparing or drafting the document; and (vii) the recipient(s) of the document or any copy thereof, including all persons to whom the document has been provided or who have it within their possession, custody, or control.

C.      If you claim any form of privilege, whether based upon statute or otherwise, as a ground for not identifying a requested oral communication, identify the Discovery Request to which the oral communication is responsive and set forth all facts upon which such claim of privilege is based, and for each oral communication as to which you claim any form of privilege, identify:  (i) the date upon which the oral communication took place; (ii) the subject matter of the oral communication; (iii) the person who made the oral communication; and (iv) identify the person(s) to whom the oral communication was made.

D.      Whenever a Discovery Request requests you to "*state the facts*" or "*describe,*" you should provide all information relating or referring to the subject matter of such Discovery Request, including, but not limited to, a specification of dates of all events which relate to such subject matter, the identity of all oral communications and meetings relating to the subject matter, the identity of all persons with knowledge of the facts that relate to such subject matter, and the identity of all documents which relate to refer to, or contain, information concerning the

6

subject matter of such Discovery Request.  If there were any oral or written communications concerning the subject matter of the Discovery Request, include the identity of the participants to such communications, and set forth the substance of such communications.

E.       If any document responsive to any Discovery Request has been destroyed, erased, discarded, or otherwise lost, identify: (i) the type of document; (ii) the approximate date on which it was created; (iii) the author or preparer; (iv) the contents of the document; (v) any and all persons who received or saw the document or a copy of it; (vi) any and all persons who participated in, or who were involved in, the decision to destroy such document, if applicable; (vii) any document retention or destruction policy under which such document was destroyed, erased, or discarded, and any and all persons who participated in, or who were involved in, the formulation of any such policy; (viii) the reason for the destruction of such document, if applicable; and (ix) the date (or approximate date if precise date is not known) such document was lost, discarded, or destroyed.

F.       Whenever a date, amount, or other computation or figure is requested, the exact date, amount, or other computation or figure is to be given, unless unknown.  If the exact date, amount, or other computation or figure is unknown, the approximate date, amount, or other computation or figure should be given (or the best estimate thereof), and the answer should state that the date, amount, or other computation or figure provided is an estimate or approximation.

G.       Where facts are set forth in the answers or portions thereof and are supplied upon information and belief, rather than your direct personal knowledge, you should so state, and specifically identify each source of such information and belief.  Should you be unable to answer any Discovery Request, or any portion thereof, by either actual knowledge or upon information or belief, you should so state.  Whenever a full and complete answer to any Discovery Request

or any subpart thereof is contained in a document identified as answering a specific numbered Discovery Request or subpart thereof, the document may be supplied in lieu of a written answer.

H.      Whenever a Discovery Request calls for information which is not available to you in the form requested, but is available in another form or can be obtained at least in part from other sources in your possession, so state and either supply the information requested in the form in which it is available, or supply the sources from which the information can be obtained.

I.      Except for reference to defined or designated terms, or unless otherwise expressly stated, each Discovery Request shall be construed independently, and not by reference to any other Discovery Request for purpose of limitation.

J.      Unless specifically noted otherwise, the relevant time frame of these Discovery Requests shall be from September 28, 2015 until the date on which responses to these Interrogatories are due, and as may be later supplemented, in accordance with the Federal Rules and the Bankruptcy Rules.

K.      Pursuant to Federal Rule 26(e), made applicable here by Bankruptcy Rule 7026, each Discovery Request shall be construed to impose upon the party answering it the continuing obligation to supplement its answers with information later learned by such party that is necessary to make the answer correct and complete.

## INTERROGATORIES

1.      Describe with specificity the scope and form of the "audit" services provided by RWK Global Advisors to the Debtors as such services were described by Robert W. Kraft on the record at the continued Section 341 meeting on November 16, 2015.

**Response:**

8

2.      Describe with specificity the scope and form of the public relations services provided by JRM Advisors to the Debtors as such services were described by Robert W. Kraft on the record at the continued Section 341 meeting on November 16, 2015.

**Response:**

3.      Describe with specificity the scope and form of the services provided by Optimus Financial Advisors LLC to the Debtors.

**Response:**

4.      Describe any efforts taken by the Debtors to enforce rights it may have under the purchase agreement executed between Fryer Investment Group LLC and the Debtors.

**Response:**

Date:  December 7, 2015                              *The Official Committee of Unsecured
                                                     Creditors of World Marketing Chicago, LLC,
                                                     et al.*

                                        By: /s/ Jonathan P. Friedland
                                                 One of Its Attorneys

                                        Jonathan P. Friedland, Esq. (6257902)
                                        Mark S. Melickian, Esq. (6229843)
                                        Elizabeth B. Vandesteeg, Esq (6291426)
                                        Michael A. Brandess, Esq. (6299158)
                                        **SUGAR FELSENTHAL GRAIS & HAMMER
                                        LLP**
                                        30 N. LaSalle St., Ste. 3000
                                        Chicago, Illinois 60602
                                        Telephone:    312.704.9400
                                        Facsimile:    312.372.7951

10

## CERTIFICATE OF SERVICE

I, Mark S. Melickian, an attorney, certify that on December 7, 2015, I caused the foregoing Discovery to be served via first class U.S. Mail, postage prepaid, on the following parties:

_/s/ Mark S. Melickian_____

David Welch, Esq.
Jeffrey Dan, Esq.
Crane Heyman Simon Welch & Clar
135 S Lasalle St., Ste 3705
Chicago, IL 60603

# **EXHIBIT F**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *In re* | Chapter 11 |
| WORLD MARKETING CHICAGO, LLC, *et al.*,[1] | Case No. 15-32968 |
| Debtors. | (Jointly Administered) |
| | Honorable Timothy A. Barnes |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FIRST SET OF INTERROGATORIES TO
ROBERT W. KRAFT**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure (the "*Federal Rules*"), made applicable here by Rule 7033 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), the Official Committee of Unsecured Creditors (the "*Committee*") of World Marketing Chicago, LLC, World Marketing Atlanta, LLC, and World Marketing Dallas, LLC (collectively, the "*Debtors*"), by and through its undersigned counsel, hereby serves on Robert W. Kraft the following interrogatories (the "*Interrogatories*"), which should be responded to on or before December 14, 2015, at 12:00 p.m., and additionally should be continually updated as you obtain further information.  The following definitions and instructions are applicable to each Discovery Request (defined below), unless negated by context.

---

[1]     The Debtors in these cases are World Marketing Chicago, LLC; World Marketing Atlanta, LLC; and World Marketing Dallas, LLC.

## Definitions

1.      "*Affiliate*" shall have the meaning as defined in 11 U.S.C. § 101(2) and in 26 U.S.C. § 1504.

2.      "*All documents*" shall mean every document, whether an original or copy, as defined below, known to you, and every such document or writing which you can locate or discover by reasonable diligent efforts.

3.      "*And*" shall mean and/or.

4.      "*Any*" shall mean any and all.

5.      "*Communication*" shall mean any manner or means of disclosure, transfer, or exchange, whether orally or by document, or whether face to face, by telephone, mail, or personal delivery.

6.      "*Court*" shall mean the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.

7.      "*Creditor*" shall have the meaning as defined in 11 U.S.C. § 101(10).

8.      "*Debt*" shall have the meaning as defined in 11 U.S.C. § 101(12).

9.      "*Debtors*" shall mean World Marketing Chicago, LLC, World Marketing Atlanta, LLC, and World Marketing Dallas, LLC..

10.      "*Definitions*" shall mean paragraphs 1 through 33 under the Definitions section in the Interrogatories.

11.      "*Discovery Requests*" shall mean Interrogatories, Document Requests, and Requests for Admission, served concurrently.

12.      "*Defendant*" shall mean any defendant named in the Adversary Proceeding, and include any of the defendant's employees, officers, agents, affiliates, attorneys or other persons acting, or purporting to act, on the defendant's behalf.

2

13.    "*Document*" or "*documents*" shall mean all written, typewritten, handwritten, recorded, or printed matter of any kind, including, without limitation, the originals, all non-identical copies, and drafts (whether disseminated or not) thereof, whether different from the originals by reason of any notation made upon such copies or otherwise, including, again without limitation, minutes and/or other records of meetings, agendas, bills, contracts, leases, assignments, agreements, contracts, summaries of negotiations, account books, orders, invoices, statements, bills, checks, accounting records, vouchers, summaries, diaries, forecasts, studies, drawings, graphs, charts, reports, and/or summaries of investigations or reports, strategic or business plans or summaries, brochures, pamphlets, publications, circulars, advertisements, trade letters, press releases, statements of policy, correspondence, letters, telegrams, interoffice and intraoffice communications, offers, notations of any sort of conversations, appointment books or calendars, teletypes, telefax, thermafax, confirmations, computer files, printouts of computer files, computer data (including, but not limited to, information or programs stored in a computer, whether or not ever printed out or displayed), all drafts, alterations, modifications, changes and amendments of any of the foregoing, all graphic or manual records or representations of any kind, including, without limitation, photographs, microfiche, microfilm, videotape, records, motion pictures, and electronic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks, magnetic cards, and recordings; and all other similar material which is in your possession, custody, or control.  Without limiting the term "*control*" as used in the preceding sentence, a document shall be deemed to be within your control, regardless of its physical location, if you have the right to secure the document or a copy thereof from another person or entity, either public or private, including, but not limited to, your legal counsel, having actual possession thereof.

3

14.    "*Each*" shall mean each and every.

15.    "*Identify*" or "*identity*," when used in reference to an individual person, shall mean to state his or her full name, present or last known business address, residential address if no present business address is known, telephone number, the name of such person's present or last known employer, place of employment and position, the position(s) and/or interest(s) he or she held with and in the Debtor during the relevant time period, and the relevant time period he or she held such position(s) and/or interests with and in the Debtor.

16.    "*Identify*" or "*identity*," when used in reference to an entity, shall mean to state its full and complete name and the present or last known address of its headquarters or principal place of business, the position(s) and/or interest(s) it held with and in the Debtor during the relevant time period, and the relevant time period it held such position(s) and/or interests with and in the Debtor.

17.    "*Identify*" or "*identity*," when used in reference to a document, shall mean to state the nature of the document (*e.g.,* letter, memorandum, etc.), the date appearing on the document, the identity of the person(s) who wrote, signed, dictated, or otherwise participated in the preparation of the document, the identity of all persons who received copies of the document, and the present location and custodian of the document.

18.    "*Identify*" or "*identity*," when used in reference to a meeting or to an oral communication, shall mean to state the following:  the date and place thereof, the identity of the individual(s) who initiated the meeting or oral communication, the identity of each person who participated in, or who was present at, any part or all of the meeting or oral communication, or who became privy to the substance of the meeting or oral communication, the subject of the

4

meeting or oral communication, and whether the meeting or oral communication occurred in person or by telephone and, if both, the method by which each individual participated.

19.     "*Instructions*" shall mean paragraphs A-K under the Instructions section in the Interrogatories.

20.     "*Or*" shall mean and/or.

21.     "*Oral communication*" shall mean any utterance spoken or heard, whether in person, by telephone, or otherwise.

22.     "*Person*" shall mean any and all entities, as well as natural persons, and, without limitation, shall be defined to include natural persons, corporations, partnerships, joint owners, associations, companies, and joint ventures.

23.     "*Petition Date*" shall mean September 28, 2015, the date the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the Court.

24.     "*Refer*," "*relate*," "*reflect*," "*regard*," "*refer to*," "*relate to*," "*relating to*," and "*concerning*" (or any forms thereof) shall mean directly or indirectly, in whole or in part, referring to, relating to, connected with, commenting upon, relevant to, impinging or impacting upon, affecting, responding to, showing, describing, representing, supporting, contradicting, stating, mentioning, showing, evaluating, recording, noting, analyzing, reflecting, or constituting.

25.     "*You*" or "*your*" shall mean the person or party named as recipient of this discovery request and its agents and representatives.

**Instructions**

A.     If you claim any form of privilege, whether based upon statute or otherwise, as a ground for not answering any Discovery Request or any part of a Discovery Request, set forth all facts upon which such claim of privilege is based.

B.      If you claim any form of privilege, whether based upon statute or otherwise, as a ground for not identifying a requested document, identify the Discovery Request to which the document is responsive, set forth all facts upon which such claim of privilege is based, and for each document as to which you claim any form of privilege, identify: (i) the date of the document; (ii) the date upon which the document was prepared; (iii) the title or caption of the document; (iv) the form of the document (*e.g.,* letter, memorandum, chart, etc.); (v) the subject matter of the document; (vi) the author(s) and/or any and all other persons involved or participating in preparing or drafting the document; and (vii) the recipient(s) of the document or any copy thereof, including all persons to whom the document has been provided or who have it within their possession, custody, or control.

C.      If you claim any form of privilege, whether based upon statute or otherwise, as a ground for not identifying a requested oral communication, identify the Discovery Request to which the oral communication is responsive and set forth all facts upon which such claim of privilege is based, and for each oral communication as to which you claim any form of privilege, identify:  (i) the date upon which the oral communication took place; (ii) the subject matter of the oral communication; (iii) the person who made the oral communication; and (iv) identify the person(s) to whom the oral communication was made.

D.      Whenever a Discovery Request requests you to "*state the facts*" or "*describe,*" you should provide all information relating or referring to the subject matter of such Discovery Request, including, but not limited to, a specification of dates of all events which relate to such subject matter, the identity of all oral communications and meetings relating to the subject matter, the identity of all persons with knowledge of the facts that relate to such subject matter, and the identity of all documents which relate to refer to, or contain, information concerning the

6

subject matter of such Discovery Request.  If there were any oral or written communications concerning the subject matter of the Discovery Request, include the identity of the participants to such communications, and set forth the substance of such communications.

E.      If any document responsive to any Discovery Request has been destroyed, erased, discarded, or otherwise lost, identify: (i) the type of document; (ii) the approximate date on which it was created; (iii) the author or preparer; (iv) the contents of the document; (v) any and all persons who received or saw the document or a copy of it; (vi) any and all persons who participated in, or who were involved in, the decision to destroy such document, if applicable; (vii) any document retention or destruction policy under which such document was destroyed, erased, or discarded, and any and all persons who participated in, or who were involved in, the formulation of any such policy; (viii) the reason for the destruction of such document, if applicable; and (ix) the date (or approximate date if precise date is not known) such document was lost, discarded, or destroyed.

F.      Whenever a date, amount, or other computation or figure is requested, the exact date, amount, or other computation or figure is to be given, unless unknown.  If the exact date, amount, or other computation or figure is unknown, the approximate date, amount, or other computation or figure should be given (or the best estimate thereof), and the answer should state that the date, amount, or other computation or figure provided is an estimate or approximation.

G.      Where facts are set forth in the answers or portions thereof and are supplied upon information and belief, rather than your direct personal knowledge, you should so state, and specifically identify each source of such information and belief.  Should you be unable to answer any Discovery Request, or any portion thereof, by either actual knowledge or upon information or belief, you should so state.  Whenever a full and complete answer to any Discovery Request

or any subpart thereof is contained in a document identified as answering a specific numbered Discovery Request or subpart thereof, the document may be supplied in lieu of a written answer.

H.      Whenever a Discovery Request calls for information which is not available to you in the form requested, but is available in another form or can be obtained at least in part from other sources in your possession, so state and either supply the information requested in the form in which it is available, or supply the sources from which the information can be obtained.

I.      Except for reference to defined or designated terms, or unless otherwise expressly stated, each Discovery Request shall be construed independently, and not by reference to any other Discovery Request for purpose of limitation.

J.      Unless specifically noted otherwise, the relevant time frame of these Discovery Requests shall be from September 28, 2015 until the date on which responses to these Interrogatories are due, and as may be later supplemented, in accordance with the Federal Rules and the Bankruptcy Rules.

K.      Pursuant to Federal Rule 26(e), made applicable here by Bankruptcy Rule 7026, each Discovery Request shall be construed to impose upon the party answering it the continuing obligation to supplement its answers with information later learned by such party that is necessary to make the answer correct and complete.

### INTERROGATORIES

1.      Describe with specificity the scope and form of the "audit" services provided by RWK Global Advisors to the Debtors as such services were described by you on the record at the continued Section 341 meeting on November 16, 2015.

**Response:**

8

2.      Describe with specificity the scope and form of the public relations services provided by JRM Advisors to the Debtors as such services were described by you on the record at the continued Section 341 meeting on November 16, 2015.

**Response:**

3.      Describe any efforts taken by you, in any capacity, including but not limited to your position as president of Blue Streak Holdings, Inc., the manager of World Marketing Holdings LLC, the manager of the Debtors, to enforce rights the Debtors may have under the purchase agreement executed between Fryer Investment Group LLC and World Marketing Holdings LLC.

**Response:**

4.      Provide a list of your physical location by City, State, and Country for each day since September 28, 2015.

**Response:**

5.      Identify any relationships between and among any entities in which you have an ownership or management interest and any entities listed on the budget attached to the initial cash collateral order entered in this case (dkt. 81).

**Response:**

9

Date:  December 7, 2015

*The Official Committee of Unsecured
Creditors of World Marketing Chicago, LLC,
et al.*

By:  /s/ Jonathan P. Friedland
   One of Its Attorneys

Jonathan P. Friedland, Esq. (6257902)
Mark S. Melickian, Esq. (6229843)
Elizabeth B. Vandesteeg, Esq (6291426)
Michael A. Brandess, Esq. (6299158)
**SUGAR FELSENTHAL GRAIS & HAMMER
LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone: 312.704.9400
Facsimile: 312.372.7951

## CERTIFICATE OF SERVICE

I, Mark S. Melickian, an attorney, certify that on December 7, 2015, I caused the foregoing Discovery to be served via first class U.S. Mail, postage prepaid, on the following parties:

　　　　　　　　　　　　 /s/ Mark S. Melickian

Robert W. Kraft
1479 E. Lilac Lane
Fox Point, WI  53217

# **<u>EXHIBIT G</u>**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| *In re* | Chapter 11 |
| WORLD MARKETING CHICAGO, LLC, *et al.*,[1] | Case No. 15-32968 |
| Debtors. | (Jointly Administered) |
| | Honorable Timothy A. Barnes |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FIRST SET OF INTERROGATORIES TO
WORLD MARKETING HOLDINGS, LLC**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure (the "*Federal Rules*"), made applicable here by Rule 7033 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), the Official Committee of Unsecured Creditors (the "*Committee*") of World Marketing Chicago, LLC, World Marketing Atlanta, LLC, and World Marketing Dallas, LLC (collectively, the "*Debtors*"), by and through its undersigned counsel, hereby serves on World Marketing Holdings, LLC the following interrogatories (the "*Interrogatories*"), which should be responded to on or before December 14, 2015, at 12:00 p.m., and additionally should be continually updated as you obtain further information.  The following definitions and instructions are applicable to each Discovery Request (defined below), unless negated by context.

---

[1]     The Debtors in these cases are World Marketing Chicago, LLC; World Marketing Atlanta, LLC; and World Marketing Dallas, LLC.

## Definitions

1.      "*Affiliate*" shall have the meaning as defined in 11 U.S.C. § 101(2) and in 26 U.S.C. § 1504.

2.      "*All documents*" shall mean every document, whether an original or copy, as defined below, known to you, and every such document or writing which you can locate or discover by reasonable diligent efforts.

3.      "*And*" shall mean and/or.

4.      "*Any*" shall mean any and all.

5.      "*Communication*" shall mean any manner or means of disclosure, transfer, or exchange, whether orally or by document, or whether face to face, by telephone, mail, or personal delivery.

6.      "*Court*" shall mean the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.

7.      "*Creditor*" shall have the meaning as defined in 11 U.S.C. § 101(10).

8.      "*Debt*" shall have the meaning as defined in 11 U.S.C. § 101(12).

9.      "*Debtors*" shall mean World Marketing Chicago, LLC, World Marketing Atlanta, LLC, and World Marketing Dallas, LLC.

10.     "*Definitions*" shall mean paragraphs 1 through 33 under the Definitions section in the Interrogatories.

11.     "*Discovery Requests*" shall mean Interrogatories, Document Requests, and Requests for Admission, served concurrently.

12.     "*Defendant*" shall mean any defendant named in the Adversary Proceeding, and include any of the defendant's employees, officers, agents, affiliates, attorneys or other persons acting, or purporting to act, on the defendant's behalf.

2

13.  "*Document*" or "*documents*" shall mean all written, typewritten, handwritten, recorded, or printed matter of any kind, including, without limitation, the originals, all non-identical copies, and drafts (whether disseminated or not) thereof, whether different from the originals by reason of any notation made upon such copies or otherwise, including, again without limitation, minutes and/or other records of meetings, agendas, bills, contracts, leases, assignments, agreements, contracts, summaries of negotiations, account books, orders, invoices, statements, bills, checks, accounting records, vouchers, summaries, diaries, forecasts, studies, drawings, graphs, charts, reports, and/or summaries of investigations or reports, strategic or business plans or summaries, brochures, pamphlets, publications, circulars, advertisements, trade letters, press releases, statements of policy, correspondence, letters, telegrams, interoffice and intraoffice communications, offers, notations of any sort of conversations, appointment books or calendars, teletypes, telefax, thermafax, confirmations, computer files, printouts of computer files, computer data (including, but not limited to, information or programs stored in a computer, whether or not ever printed out or displayed), all drafts, alterations, modifications, changes and amendments of any of the foregoing, all graphic or manual records or representations of any kind, including, without limitation, photographs, microfiche, microfilm, videotape, records, motion pictures, and electronic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks, magnetic cards, and recordings; and all other similar material which is in your possession, custody, or control.  Without limiting the term "*control*" as used in the preceding sentence, a document shall be deemed to be within your control, regardless of its physical location, if you have the right to secure the document or a copy thereof from another person or entity, either public or private, including, but not limited to, your legal counsel, having actual possession thereof.

3

14.     "*Each*" shall mean each and every.

15.     "*Identify*" or "*identity*," when used in reference to an individual person, shall mean to state his or her full name, present or last known business address, residential address if no present business address is known, telephone number, the name of such person's present or last known employer, place of employment and position, the position(s) and/or interest(s) he or she held with and in the Debtor during the relevant time period, and the relevant time period he or she held such position(s) and/or interests with and in the Debtor.

16.     "*Identify*" or "*identity*," when used in reference to an entity, shall mean to state its full and complete name and the present or last known address of its headquarters or principal place of business, the position(s) and/or interest(s) it held with and in the Debtor during the relevant time period, and the relevant time period it held such position(s) and/or interests with and in the Debtor.

17.     "*Identify*" or "*identity*," when used in reference to a document, shall mean to state the nature of the document (*e.g.,* letter, memorandum, etc.), the date appearing on the document, the identity of the person(s) who wrote, signed, dictated, or otherwise participated in the preparation of the document, the identity of all persons who received copies of the document, and the present location and custodian of the document.

18.     "*Identify*" or "*identity*," when used in reference to a meeting or to an oral communication, shall mean to state the following:  the date and place thereof, the identity of the individual(s) who initiated the meeting or oral communication, the identity of each person who participated in, or who was present at, any part or all of the meeting or oral communication, or who became privy to the substance of the meeting or oral communication, the subject of the

meeting or oral communication, and whether the meeting or oral communication occurred in person or by telephone and, if both, the method by which each individual participated.

19.    "*Instructions*" shall mean paragraphs A-K under the Instructions section in the Interrogatories.

20.    "*Or*" shall mean and/or.

21.    "*Oral communication*" shall mean any utterance spoken or heard, whether in person, by telephone, or otherwise.

22.    "*Person*" shall mean any and all entities, as well as natural persons, and, without limitation, shall be defined to include natural persons, corporations, partnerships, joint owners, associations, companies, and joint ventures.

23.    "*Petition Date*" shall mean September 28, 2015, the date the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the Court.

24.    "*Refer*," "*relate*," "*reflect*," "*regard*," "*refer to*," "*relate to*," "*relating to*," and "*concerning*" (or any forms thereof) shall mean directly or indirectly, in whole or in part, referring to, relating to, connected with, commenting upon, relevant to, impinging or impacting upon, affecting, responding to, showing, describing, representing, supporting, contradicting, stating, mentioning, showing, evaluating, recording, noting, analyzing, reflecting, or constituting.

25.    "*You*" or "*your*" shall mean the person or party named as recipient of this discovery request and its agents and representatives.

**Instructions**

A.    If you claim any form of privilege, whether based upon statute or otherwise, as a ground for not answering any Discovery Request or any part of a Discovery Request, set forth all facts upon which such claim of privilege is based.

B.      If you claim any form of privilege, whether based upon statute or otherwise, as a ground for not identifying a requested document, identify the Discovery Request to which the document is responsive, set forth all facts upon which such claim of privilege is based, and for each document as to which you claim any form of privilege, identify: (i) the date of the document; (ii) the date upon which the document was prepared; (iii) the title or caption of the document; (iv) the form of the document (*e.g.,* letter, memorandum, chart, etc.); (v) the subject matter of the document; (vi) the author(s) and/or any and all other persons involved or participating in preparing or drafting the document; and (vii) the recipient(s) of the document or any copy thereof, including all persons to whom the document has been provided or who have it within their possession, custody, or control.

C.      If you claim any form of privilege, whether based upon statute or otherwise, as a ground for not identifying a requested oral communication, identify the Discovery Request to which the oral communication is responsive and set forth all facts upon which such claim of privilege is based, and for each oral communication as to which you claim any form of privilege, identify:  (i) the date upon which the oral communication took place; (ii) the subject matter of the oral communication; (iii) the person who made the oral communication; and (iv) identify the person(s) to whom the oral communication was made.

D.      Whenever a Discovery Request requests you to "*state the facts*" or "*describe*," you should provide all information relating or referring to the subject matter of such Discovery Request, including, but not limited to, a specification of dates of all events which relate to such subject matter, the identity of all oral communications and meetings relating to the subject matter, the identity of all persons with knowledge of the facts that relate to such subject matter, and the identity of all documents which relate to refer to, or contain, information concerning the

6

subject matter of such Discovery Request.  If there were any oral or written communications concerning the subject matter of the Discovery Request, include the identity of the participants to such communications, and set forth the substance of such communications.

E.      If any document responsive to any Discovery Request has been destroyed, erased, discarded, or otherwise lost, identify: (i) the type of document; (ii) the approximate date on which it was created; (iii) the author or preparer; (iv) the contents of the document; (v) any and all persons who received or saw the document or a copy of it; (vi) any and all persons who participated in, or who were involved in, the decision to destroy such document, if applicable; (vii) any document retention or destruction policy under which such document was destroyed, erased, or discarded, and any and all persons who participated in, or who were involved in, the formulation of any such policy; (viii) the reason for the destruction of such document, if applicable; and (ix) the date (or approximate date if precise date is not known) such document was lost, discarded, or destroyed.

F.      Whenever a date, amount, or other computation or figure is requested, the exact date, amount, or other computation or figure is to be given, unless unknown.  If the exact date, amount, or other computation or figure is unknown, the approximate date, amount, or other computation or figure should be given (or the best estimate thereof), and the answer should state that the date, amount, or other computation or figure provided is an estimate or approximation.

G.      Where facts are set forth in the answers or portions thereof and are supplied upon information and belief, rather than your direct personal knowledge, you should so state, and specifically identify each source of such information and belief.  Should you be unable to answer any Discovery Request, or any portion thereof, by either actual knowledge or upon information or belief, you should so state.  Whenever a full and complete answer to any Discovery Request

7

or any subpart thereof is contained in a document identified as answering a specific numbered Discovery Request or subpart thereof, the document may be supplied in lieu of a written answer.

H.      Whenever a Discovery Request calls for information which is not available to you in the form requested, but is available in another form or can be obtained at least in part from other sources in your possession, so state and either supply the information requested in the form in which it is available, or supply the sources from which the information can be obtained.

I.      Except for reference to defined or designated terms, or unless otherwise expressly stated, each Discovery Request shall be construed independently, and not by reference to any other Discovery Request for purpose of limitation.

J.      Unless specifically noted otherwise, the relevant time frame of these Discovery Requests shall be from September 28, 2015 until the date on which responses to these Interrogatories are due, and as may be later supplemented, in accordance with the Federal Rules and the Bankruptcy Rules.

K.      Pursuant to Federal Rule 26(e), made applicable here by Bankruptcy Rule 7026, each Discovery Request shall be construed to impose upon the party answering it the continuing obligation to supplement its answers with information later learned by such party that is necessary to make the answer correct and complete.

**INTERROGATORIES**

1.      Describe any efforts taken by World Marketing Holdings LLC, as owner and manager of the Debtors, to enforce rights the Debtors may have under the purchase agreement executed between Fryer Investment Group, LLC, and the Debtors.

**Response:**

8

Date:  December 7, 2015

*The Official Committee of Unsecured Creditors of World Marketing Chicago, LLC, et al.*

By: /s/ Jonathan P. Friedland

One of Its Attorneys

Jonathan P. Friedland, Esq. (6257902)
Mark S. Melickian, Esq. (6229843)
Elizabeth B. Vandesteeg, Esq (6291426)
Michael A. Brandess, Esq. (6299158)
**SUGAR FELSENTHAL GRAIS & HAMMER LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone:    312.704.9400
Facsimile:    312.372.7951

## CERTIFICATE OF SERVICE

      I, Mark S. Melickian, an attorney, certify that on December 7, 2015, I caused the foregoing Discovery to be served via first class U.S. Mail, postage prepaid, on the following parties:


          /s/ Mark S. Melickian


World Marketing Holdings, LLC
1301 W Canal St.
Suite 100
Milwaukee, WI 53233
Attn: President

Registered Agent:
G&K WISCONSIN SERVICES, LLC
780 NORTH WATER STREET
MILWAUKEE , WI 53202