IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 15-32968 |
| WORLD MARKETING CHICAGO, LLC, et al. ) | Chapter 11 |
| ) | Judge Timothy A. Barnes |
| ) | (Jointly Administered) |
| Debtors. ) | |

## NOTICE OF MOTION

TO:   ATTACHED SERVICE LIST:

PLEASE TAKE NOTICE that on the 2nd day of August, 2016 at 10:00 a.m. or as soon thereafter as counsel can be heard, I shall appear before the Honorable Timothy A. Barnes, Bankruptcy Judge, in the room usually occupied by him as courtroom 744 in the United States Bankruptcy Court in the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, or before any other Judge who may be sitting in his place and stead and shall present the **Motion For Allowance of Final Compensation and Reimbursement of Expenses to Debtors' Counsel,** copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith.

AT WHICH TIME and place you may appear if you so see fit.

/s/Jeffrey C. Dan
Crane, Heyman, Simon, Welch & Clar
135 S. LaSalle St., Suite 3705
Chicago, Illinois 60603
(312) 641-6777

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath deposes and states that a copy of the foregoing Notice and Motion was caused to be served via the Court's Electronic Filing System (ECF) and via First Class Mail where indicated, to all parties listed on the attached service list, on July 11, 2016.

/s/Jeffrey C. Dan

## SERVICE LIST

Kathryn M. Gleason
Office of the U.S. Trustee
219 S. Dearborn St., #873
Chicago, IL 60604

Associated Bank, N.A.
330 E. Kilbourn Ave., #200
Milwaukee, WI 53202

John P. Sieger, Esq.
Paul T. Musser, Esq.
Katten Muchin Rosenman, LLP
525 W. Monroe St.
Chicago, IL 60661

Ryan P. Dahl, Esq.
Devon M. Largio, Esq.
Kirkland & Ellis, LLP
300 N. LaSalle Street
Chicago, IL 60654

Joseph M. Olstein
Olstein Law LLC
10450 S. Western Ave.
Chicago, IL 60643

Mark S. Melickian
Aaron L. Hammer
Michael A. Brandess
Jonathan Friedland
Elizabeth B. Vandesteeg
Sugar Felsenthal Grais & Hammer LLP
30 N. LaSalle St., Suite 3000
Chicago, IL 60602

Mark Stromberg
Stromberg Stock, PLLC
8750 N. Central Expy., # 625
Dallas, TX 75231

Craig C. Westfall
Nigro, Westfall & Gryska, PC
1793 Bloomingdale Road
Glendale Hts. IL 60139

Barbara L. Yong
Golan & Christie, LLP
70 W. Madison Street, #1500
Chicago, IL 60602

Courtney J. Hull
Kimberly A. Walsh
Bankruptcy & Collections
Division MC 008
P.O. Box 12548
Austin, TX 12548

Sheryl A. Fyock
Tejal S. Desai
Latimer LeVay Fyock LLC
55 W. Monroe St., #1100
Chicago, IL 60603

Jeremy C. Kleinman
FrankGecker LLP
325 N. LaSalle St., #625
Chicago, IL 60654

Marianne Dickson
Seyfarth Shaw, LLP
560 Mission St., 31st Floor
San Francisco, CA 94105-2930

Jarom J. Yates
Autumn D. Highsmith
John W. Guzzardo
Haynes and Boone, LLP
2323 Victory Ave, Suite 700
Dallas, TX 75219

Aaron B. Chapin
Reed Smith, LLP
10 S. Wacker, 40th Fl.
Chicago, IL 60606

Jennifer A. Brust
Bean, Kinney & Korman, PC
2300 Wilson Blvd.
Arlington, VA 22201

Carl N. Kunz, III
Morris James LLP
500 Delaware Ave., Suite 1500
Wilmington, DE 19801

Leslie Allen Bayles
Bryan Cave LLP
161 N. Clark Street, Suite 4300
Chicago, IL 60601

Steven R. Kinsella
Clinton E. Cutler
Fredrikson & Byron, P.A.
200 South Sixth St., # 4000
Minneapolis, MN 55402-1425

William W. Thorsness
Vedder Price, P.C.
222 N. LaSalle St., Suite 2600
Chicago, IL 60601

Jeffrey E. Altshul
Kurt M. Carlson
Carlson Dash, LLC
216 S. Jefferson Street, Suite 504
Chicago, IL 60661

American Express Travel Related
Services Company, Inc.
C/o Becket & Lee LLP
P.O. Box 3001
Malvern, PA 19355-0701

John S. Delnero
Coman & Anderson, PC
650 Warrenville Road, #500
Lisle, IL 60532

Shelly A. DeRousse
Devon J. Eggert
Elizabeth L. Janczak
Freeborn & Peters LLP
311 S. Wacker Dr., Suite 3000
Chicago, IL 60606

Allan E. Wulbern
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202

Edward J. Sedlacek
Huck Bouma PC
1755 S. Naperville Road, #200
Wheaton, IL 60189

A. Keith Logue
Logue Law, PC
3423 Weymouth Court
Marietta, GA 30062

Peter J. Roberts
Shaw Fishman Glantz & Towbin LLC
321 N. Clark St., Suite 800
Chicago, IL 60654

James R. Prince
Patrick J. Tatum
Baker Botts, LLP
2001 Ross Ave., Suite 600
Dallas, TX 75201-2980

Christopher J. Harney
Seyfarth Shaw, LLP
131 S. Dearborn St., Suite 2400
Chicago, IL 60603

**Served Via Fist Class Mail:**
Norman Newman
Much Shelist
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                         )
                                               )   Case No. 15-32968
WORLD MARKETING CHICAGO, LLC, et al.           )   Chapter 11
                                               )   Judge Timothy A. Barnes
                                               )   (Jointly Administered)
       Debtors/Debtors-in-Possession.          )

## COVER SHEET FOR FINAL APPLICATION FOR
## PROFESSIONAL COMPENSATION

Name of Applicant: <u>CRANE, HEYMAN, SIMON, WELCH & CLAR, Debtors' Counsel</u>
("CHSW&C")

Authorized to Provide
Professional Services to: <u>Debtor</u>

Date of Order
Authorizing Employment:   <u>October 21, 2015</u> (Retroactive September 28, 2015)

Period for Which Compensation
is Sought:   From: <u>April 1, 2016</u>   through <u>July 6, 2016</u>

Amount of Fees Sought: <u>$78,616.50</u>[1]

Amount of Expense
Reimbursement Sought:   <u>$2,824.87</u>

This is a(n):  Interim Application ___   Final Application <u>X</u>
If this is not the first Application filed herein by this professional, disclose as to all prior fee
applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed |
|---|---|---|---|
| 2/4/16 | 9/28/15 - 12/31/15 | $145,579.07 | $145,579.07 |
| 4/20/16 | 1/1/16 - 3/31/16 | $136,195.73 | $136,195.73 |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses herein is: **Debtors' Counsel received pre-petition advance payment retainers from the Debtors in the aggregate amount of $68,154.00. These pre-petition retainers were be credited against the prior interim fees and expenses allowed by this Court to Debtors' Counsel.**

By this Motion, CHSWC also seek the final allowance of all prior interim allowances.

Date:  July 11, 2016

Applicant:

Jeffrey C. Dan and the firm

<u>Crane, Heyman, Simon, Welch & Clar</u>

By: <u>/s/Jeffrey C. Dan</u>
      Debtors' Counsel

---

[1] CHSWC requests the payment of $34,312.63 in fees and $468.82 in expenses for unpaid amounts from April 1, 2016 through July 6, 2016. The amounts that were previously paid for this period are $44,303.87 in fees and $2,356.05 in expenses.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: )
 )  Case No. 15-32968
WORLD MARKETING CHICAGO, LLC, et al. )  Chapter 11
 )  Judge Timothy A. Barnes
 )  (Jointly Administered)
 )  Hearing: August 2, 2016 @ 10:00 a.m.
Debtors. )

**MOTION FOR ALLOWANCE OF FINAL COMPENSATION
AND REIMBURSEMENT OF EXPENSES TO DEBTORS' COUNSEL**

JEFFREY C. DAN and the law firm of CRANE, HEYMAN, SIMON, WELCH & CLAR ("CHSWC"), Counsel to WORLD MARKETING CHICAGO, LLC, WORLD MARKETING DALLAS, LLC, and WORLD MARKETING ATLANTA, LLC, Debtors herein ("Debtors"), make their Motion pursuant to Section 330 of the Bankruptcy Code, Rules 2002(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure, and Rule 5082-1 of the Local Rules of this Court for Allowance of Final Compensation and Reimbursement of Expenses for legal services rendered and expenses incurred during the period April 1, 2016 through July 6, 2016; and in support thereof, state as follows:

**Introduction**

1. On September 28, 2015, the Debtors filed their separate voluntary petitions for relief under Chapter 11 of the Bankruptcy Code ("Petition Date").

2. The Debtors operated their businesses (in modified orderly liquidation mode) and managed their financial affairs as Debtors-in-Possession. A committee of unsecured creditors ("Committee") was appointed to serve in these reorganization cases.

3. On October 14, 2015, this Court entered Orders providing for the joint administration of all three of the Debtors' Chapter 11 cases. However, these Chapter 11 cases have not been substantively consolidated.

1

4. On June 30, 2016, this Court entered an order confirming the Third Amended Plan of Liquidation filed by the Committee.

5. By this Motion, CHSWC requests an allowance of final compensation and reimbursement of expenses in the amounts of $78,616.50 and $2,824.87, respectively, for legal services rendered collectively to the Debtors during the period April 1, 2016 through July 6, 2016. Such final compensation and reimbursement of expenses are allocated as follows among all of the Debtors:

| Debtor | Compensation | Expenses | Total |
| --- | --- | --- | --- |
| World Marketing Chicago, LLC ("Chicago") | $26,248.50 | $941.35 | $27,189.85 |
| World Marketing Atlanta, LLC ("Atlanta") | $26,549.50 | $943.30 | $27,492.80 |
| World Marketing Dallas, LLC ("Dallas") | $25,818.50 | $940.22 | $26,758.72 |

This allocation is based upon the legal services and expenses actually incurred on behalf of a particular Debtor or, in the instance where the legal services and expenses incurred were equally on behalf of all Debtors, then the allocation was for one-third of such legal services and expenses to each Debtor. Pursuant to the Administrative Order Establishing Procedures For Interim Compensation And Reimbursement of Expenses of Professionals And Members of the Official Committee of Unsecured Creditors ("Fee Procedures Order"), entered by this Court on December 4, 2015, CHSWC submitted fee and expense requests for the months of April and May, 2016. Since the Confirmation Hearing took place on June 28, 2016, the June fees and expenses were not submitted. Interim fee orders have been entered allowing the fees and expenses of CHSWC from September 28, 2015 through March 2016. This final application requests the allowance of the fees for April 1, 2016 through July 6, 2016 and final approval of the prior interim allowances pursuant to Section 330 of the Bankruptcy Code.

Itemizations of the legal services rendered and expenses incurred during the period April 1, 2016 through July 6, 2016 are attached to this Motion as **Exhibits A, B and C**. By this Motion, CHSWC also requests that this Court authorize the payment of the remaining 20% of allowed interim compensation for the months of April and May 2016, not previously paid and the full amount for June, 2016. The amount unpaid and outstanding fees for April through June, 2016 is $34,312.63, plus unpaid expenses in the amount of $468.82 for a total due of $34,781.45.

6. CHSWC has received prior allowances of interim compensation and expenses in these Chapter 11 cases. CHWSC did receive pre-petition retainers in the amounts of $32,606.00 from Chicago, $7,900.00 from Atlanta and $27,648.00 from Dallas, which retainers were applied to the prior interim fees and expenses allowed by this Court. This Court previously allowed CHSWC interim fees and expenses in the amounts of $269,702.00 and $12,072.80, respectively.[1] Pursuant to the Fee Procedures Order, CHSWC has also been paid $44,303.87 in interim fees and $2,356.05 in expenses for the months of April and May, 2016.[2]

7. CHSWC has voluntarily reduced its fee request by $3,540.50 to account for more than one (1) attorney rendering duplicative legal services. All time entries that are billed at $0.00 or N/C, as reflected in the Exhibits to this Motion reflect an itemization of the legal services that have not been charged for in this final fee request. CHSWC made similar reductions in the prior interim allowances.

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and

---

[1] The amounts allowed were $91,432.00 as interim compensation and $4,131.49 for reimbursement of expenses from World Marketing Chicago, LLC; $88,546.50 as interim compensation and $3,978.86 for reimbursement of expenses from World Marketing Atlanta, LLC; and $89,723.50 as interim compensation and $3,962.45 for reimbursement of expenses from World Marketing Dallas, LLC.

[2] The amounts paid were $14,665.35 in fees and $785.30 in expenses from World Marketing Chicago, LLC; $15,214.86 in fees and $786.58 in expenses from World Marketing Atlanta, LLC; and $14,423.66 in fees and $784.17 in expenses for World Marketing Dallas, LLC.

3

1334. This matter is a "core" proceeding within the meaning of 28 U.S.C. Section 157(b)(2)(A) and (O).

9. The statutory predicates for the relief requested in this Motion are Section 330 of the Bankruptcy Code, Rules 2002(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure and Rule 5082-1 of the Local Rules of this Court.

**Relevant Factual Background**

10. As of the Petition Date, the Debtors were engaged in the business of direct mail, fulfillment and critical document solutions that provide processing, fulfillment, lettershop, data and list solutions to their customers. The Debtors had clients in the retail, financial services, nonprofit, travel and technology industries. The Debtors operated their business from leased facilities in McCook, Illinois, Dallas, Texas, and Smyrna, Georgia.

11. The Debtors were acquired from BH Media Group in September, 2014. The failure to obtain sufficient capital and long-term financing to continue to operate and turn around the business, as well as certain setoffs made by Associated Bank, N.A., the Debtor's primary secured creditor ("Lender"), caused the Debtors to file these Chapter 11 cases.

12. Since the Petition Date, the Debtors had been winding up their business operations with a view toward an orderly liquidation of their assets. In implementing this strategy, the Debtors systematically scaled down their business operations, substantially reduced their work force and conducted a liquidation auction sale designed to maximize the proceeds of the sale for the Debtors assets.

13. The Lender asserted first position liens on all of the assets of the Debtors, which purportedly secured an indebtedness as of the Petition Date due jointly and severally from the Debtors in an amount in excess of $1,600,000.00. Since the Petition Date, pursuant to the Orders of this Court, the Debtors paid the Lender provisional adequate protection payments in the aggregate

amount of $500,000.00 and a final payoff of the principal and interest due on the secured claim, not including attorneys fees and cost, in an amount of $1,093,027.58.

14. On or about January 19, 2016, pursuant to a Motion filed by the Debtors, an auction was conducted of substantially all of the Debtors' tangible assets. The net proceeds of this auction were approximately $1,350,000.00.

15. This Court entered a series of Orders authorizing the Debtors' use of cash collateral and providing for adequate protection of the Lender's secured interests. These Cash Collateral Orders enabled the Debtors to continue with limited operations while focusing on the liquidation of their assets and the formulation of an exit strategy from these Chapter 11 cases.

16. Other events have occurred during the course of these Chapter 11 cases which are detailed throughout this Motion.

**Final Compensation
and Expenses Requested**

17. CHSWC is a law firm whose practice is almost exclusively concentrated in the fields of bankruptcy, reorganization and insolvency. CHSWC is comprised of five (5) partners, one (1) associate and three (3) attorneys that are "of counsel" to the firm, some of whom have participated in representing the Debtors in these Chapter 11 cases.

18. The following is biographical information pertaining to those attorneys who have been primarily involved in the representation of the Debtors. Other attorneys at CHSWC have also participated to a lesser extent in these Chapter 11 cases. Each such attorney has significant experience and expertise in bankruptcy, reorganization and litigation matters.

19. JEFFREY C. DAN is a member of CHSWC and has been practicing law in the State of Illinois since 1997. He graduated from DePaul University School of Law. He has practiced as a trial attorney in a number of areas of the law including personal injury, domestic relations, criminal law and commercial litigation. Mr. Dan joined the firm in September of 2002 and has been actively involved in all aspects of bankruptcy and bankruptcy litigation as well as State

Court litigation that arises in insolvency matters. He has served as a member of the Illinois State Bar Association, Commercial Banking and Bankruptcy Law Section Council. Mr. Dan is a member of the Federal Trial Bar and is admitted to practice before the United States Court of Appeals for the Seventh Circuit and the United States Court of Appeals for the Third Circuit. He is also admitted to practice before the United States District Courts for the Northern District of Illinois, Northern District of Indiana, Central District of Illinois and Eastern District of Wisconsin.

20.    DAVID K. WELCH is a member of the law firm and has been practicing law in the State of Illinois since 1982. His practice has always been primarily concentrated in the fields of bankruptcy, insolvency and debtor's and creditor's rights. He has represented debtors, trustees, creditors' committees, secured creditors, unsecured creditors and equity holders. From October, 1979, through June, 1982, he served as Deputy Chapter 13 Trustee in the Northern District of Illinois under Craig Phelps, Chapter 13 Trustee. He has authored manuscripts for the Illinois Institute of Continuing Legal Education on matters involving bankruptcy and insolvency. He has lectured at seminars relating to bankruptcy issues at the Chicago Bar Association. He has served as a member of the Bankruptcy Mediation Panel Sub-Committee of the Chicago Bar Association. Furthermore, in conjunction with his financial mediation and negotiation training, he has completed a course sponsored by the National Institute for Trial Advocacy in conjunction with Northwestern University. He is a member of the Federal Trial Bar and is admitted to practice before the United States Courts of Appeals for the Seventh and Third Circuits, and before the United States District Courts for the Northern and Central Districts of Illinois, the Northern District of Indiana and the Eastern District of Wisconsin. He is a member of several other bar associations and legal organizations. He was formerly a member of the Standing Committee of the Illinois State Bar Association on Liaison with the Attorney Registration and Disciplinary Commission. Mr. Welch is the former Chairman of the Chicago Bar Association Committee on Bankruptcy and Reorganization, is a former member of the Advisory Board of the American Bankruptcy Institute, and is the former Vice Chair of the Bankruptcy Court Liaison Committee.

6

21. ARTHUR G. SIMON is a member of the law firm of Crane, Heyman, Simon, Welch & Clar, and has been practicing law since 1979 when he graduated from the Loyola University of Chicago, School of Law. Mr. Simon has been admitted to practice law in the state courts of Illinois, in the United States Court of Appeals for the Seventh Circuit, and in the United States District Courts for the Northern and Central Districts of Illinois, the Eastern District of Wisconsin and the Northern District of Indiana. He is a member of the Federal Trial Bar.

Beginning in 1981, he became engaged almost exclusively in the practice of bankruptcy and insolvency litigation and has represented virtually every type of party in such matters, including Chapter 7 and Chapter 11 debtors, secured creditors, landlords, trustees, and creditors' committees. His activities have included membership in the Chicago Bar Association Committee on Bankruptcy and Reorganization. He has served as the Editor of the Advance Sheets provided by said Committee. In that capacity, he reported the rulings and opinions of the Bankruptcy Judges in the Northern District of Illinois to the Bankruptcy Committee members of the Chicago Bar Association. He served for several years on the Commercial, Banking and Bankruptcy Section Council of the Illinois State Bar Association for whom he has published several articles, and also served on the General Assembly of that Association.

22. BRIAN P. WELCH is an associate with CHSWC whose practice is primarily focused in the fields of bankruptcy, business reorganization, debtor's and creditor's rights, insolvency, and commercial litigation. He has represented a diverse group of clients including individual and corporate debtors in Chapter 11 and Chapter 7 proceedings, secured and unsecured creditors, estate representatives such as Chapter 7 and Chapter 11 trustees, plan administrators and assignees for the benefit of creditors. He has a broad range of experience in both State and Federal Courts, including representation of creditors in State Court, with respect to contract and mortgage foreclosure actions.

Prior to joining CHSWC, Mr. Welch was an associate in the Chicago Bankruptcy & Creditors' Rights and Litigation groups at Arnstein & Lehr LLP. He graduated *cum laude* from The

John Marshall Law School in 2011 and received his B.A. from the University of Illinois in 2008. While in law school, he was a member of The John Marshall Law Review and served on the The John Marshall Moot Court Honors Executive Board. Mr. Welch represented The John Marshall Law School in several national inter-scholastic competitions, including the Hon. Conrad B. Duberstein Bankruptcy Moot Court Competition (Spring 2011), where his team received an "Outstanding Brief" award, and the Pepperdine University School of Law National Entertainment Law Moot Court Competition (Fall 2010), where his team was named a national quarterfinalist.

Mr. Welch is admitted to practice in the United States Court of Appeals for the Seventh Circuit, the United States District Court for the Northern District of Illinois and in the State of Illinois. He is an active member of the American Bankruptcy Institute, the American Bar Association, and the Illinois State Bar Association.

23. The hourly rates usually charged by CHSWC in matters of this nature are as follows:

| **Attorney** | **Hourly Rates** |
|---|---|
| Eugene Crane (EC)[3] | $495.00 |
| Arthur G. Simon (AGS) | $495.00 |
| David K. Welch (DKW) | $495.00 |
| Scott R. Clar (SRC) | $495.00 |
| Jeffrey C. Dan (JCD) | $430.00 |
| Glenn R. Heyman (GRH) | $495.00 |
| Thomas W. Goedert (TWG) | $440.00 |
| John H. Redfield (JHR) | $395.00 |
| Brian P. Welch (BPW) | $310.00 |

24. The following is a chart that depicts the total hours that each attorney at CHSWC

---

[3] These are the abbreviations utilized in the Exhibits to this Motion.

8

expended in representing the Debtors during the relevant period:

**Chicago**

| Attorney | Hours | Amount |
|---|---|---|
| Arthur G. Simon | 0.50 | $    247.50 |
| David K. Welch | 18.10[4] | $  8,613.00 |
| Jeffrey C. Dan | 41.30[5] | $ 16,985.00 |
| Brian P. Welch | 1.40[6] | $    403.00 |
| **Total** | **61.30** | **$ 26,248.50** |

**Atlanta**

| Attorney | Hours | Amount |
|---|---|---|
| Arthur G. Simon | 0.50 | $    247.50 |
| David K. Welch | 18.10[7] | $  8,613.00 |
| Jeffrey C. Dan | 42.20[8] | $ 17,286.00 |
| Brian P. Welch | 1.40[9] | $    403.00 |
| **Total** | **58.30** | **$ 26,594.50** |

**Dallas**

| Attorney | Hours | Amount |
|---|---|---|
| Arthur G. Simon | 0.50 | $    247.50 |
| David K. Welch | 18.10[10] | $  8,613.00 |
| Jeffrey C. Dan | 40.30[11] | $ 16,555.00 |
| Brian P. Welch | 1.40[12] | $    403.00 |
| **Total** | **60.30** | **$ 25,818.50** |

---

[4] Includes 0.7 hours of work not charged.

[5] Includes 1.8 hours of work not charged.

[6] Includes 0.1 hours of work not charged.

[7] Includes .70 hours of work not charged.

[8] Includes 2.0 hours of work not charged.

[9] Includes .10 hours of work not charged.

[10] Includes .70 hours of work not charged.

[11] Includes 1.8 hours of work not charged.

[12] Includes .10 hours of work not charged.

9

25. During the course of the representation of the Debtors during the relevant period, CHSWC incurred expenses of $941.35 for Chicago, $943.30 for Atlanta and $940.22 for Dallas.

**Legal Services Rendered to the Debtors**

26. The representation of the Debtors in these Chapter 11 cases is categorized in this Motion as follows:

    A.    **General Administration**

The matters in this category include assisting the Debtors with the general administration of these bankruptcy cases and the Debtors' business operations and financial affairs, preparing and filing schedules, filing and presenting motions generally affecting the case, filing professionals' fee applications and retention motions, preparation for and attendance at 341 meetings and meetings with the United States Trustee. Also included in this category are legal services related to assisting the Debtors with the monthly operating reports and responding to general creditor inquiries.

Chicago

| **Total Time Expended** | | **16.60 hours** |
|---|---|---|
| **Attorney** | **Hours** | **Amount** |
| David K. Welch | 1.40 | $ 693.00 |
| Jeffrey C. Dan | 14.60 | $ 6,278.00 |
| Brian P. Welch | 0.60 | $ 186.00 |
| **Total** | **16.60** | **$ 7,157.00** |

Atlanta

| **Total Time Expended** | | **17.50 hours** |
|---|---|---|
| **Attorney** | **Hours** | **Amount** |
| David K. Welch | 1.40 | $ 693.00 |
| Jeffrey C. Dan | 15.50 | $ 6,665.00 |
| Brian P. Welch | 0.60 | $ 186.00 |
| **Total** | **17.50** | **$ 7,544.00** |

Dallas

| **Total Time Expended** | | **17.60 hours** |
|---|---|---|
| **Attorney** | **Hours** | **Amount** |
| David K. Welch | 1.40 | $ 693.00 |

| | | |
|---|---|---|
| Jeffrey C. Dan | 15.60 | $ 6,708.00 |
| Brian P. Welch | 0.60 | $    186.00 |
| **Total** | **17.60** | **$ 7,587.00** |

B. **Cash Collateral/Secured Creditor Issues**

The initial key to these Chapter 11 cases was the Debtors' ability to obtain the right to use the cash and cash equivalents that serve as collateral to the Lender in order to maintain uninterrupted business operations throughout the pendency of these Chapter 11 cases. The Debtors, with the assistance of CHSWC, prepared cash flow projections supporting the Debtors' use of cash collateral. This Court entered the Cash Collateral Orders after negotiations between the Debtors and the Lender as well as with the Committee. The Debtors continued to have final Cash Collateral Orders entered allowing the continued use of the Debtors' cash. The Debtors also paid the full interest and principal towards the secured claim, following a sale that liquidated the Debtors' assets. CHSWC prepared and argued a motion to pay the secured claim, which was contested by the Committee.

Chicago

| **Total Time Expended** | | **3.60 hours** |
|---|---|---|
| **Attorney** | **Hours** | **Amount** |
| Jeffrey C. Dan | 3.60 | $ 1,548.00 |
| **Total** | **3.60** | **$ 1,548.00** |

Atlanta

| **Total Time Expended** | | **3.60 hours** |
|---|---|---|
| **Attorney** | **Hours** | **Amount** |
| Jeffrey C. Dan | 3.60 | $ 1,548.00 |
| **Total** | **3.60** | **$ 1,548.00** |

Dallas

| **Total Time Expended** | | **3.40 hours** |
|---|---|---|
| **Attorney** | **Hours** | **Amount** |
| Jeffrey C. Dan | 3.40 | $ 1,462.00 |

11

| | | |
|---|---|---|
| **Total** | **3.40** | **$ 1,462.00** |

C. **Chapter 11 Exit Strategy**

CHSWC has advised the Debtors of their options with respect to emerging from these Chapter 11 cases. CHSWC worked with the Committee to prepare a Joint Plan of Liquidation ("Joint Plan") and supporting Joint Disclosure Statement for which the Debtors and the Committee would be the proponents. Once the Joint Plan was filed, however, the Debtors and Committee were unable to reach an agreement regarding provisions the Committee sought to include in the Disclosure Statement, which had previously been agreed between the parties to not be included, as well as other disclosures the Debtors believed were not adequate. The Debtors withdrew as a plan proponent. The Debtors', through CHSWC, pursued objections to the Disclosure Statement and the Plan, which resulted in wholesale changes to the Disclosure Statement and Plan which were eventually confirmed by this Court.

Chicago

| **Total Time Expended** | | **31.10 hours** |
|---|---|---|
| **Attorney** | **Hours** | **Amount** |
| Arthur G. Simon | 0.50 | $    247.50 |
| David K. Welch | 0.60 | $        0.00 |
| David K. Welch | 15.10 | $ 7,474.50 |
| Jeffrey C. Dan | 1.70 | $        0.00 |
| Jeffrey C. Dan | 13.20 | $ 5,676.00 |
| **Total** | **31.10** | **$ 13,398.00** |

Atlanta

| **Total Time Expended** | | **31.10 hours** |
|---|---|---|
| **Attorney** | **Hours** | **Amount** |
| Arthur G. Simon | 0.50 | $    247.50 |
| David K. Welch | 0.60 | $        0.00 |
| David K. Welch | 15.10 | $ 7,474.50 |
| Jeffrey C. Dan | 1.90 | $        0.00 |
| Jeffrey C. Dan | 13.00 | $ 5,590.00 |
| **Total** | **31.10** | **$ 13,312.00** |

Dallas

| **Total Time Expended** | | **29.40 hours** |
|---|---|---|
| **Attorney** | **Hours** | **Amount** |
| Arthur G. Simon | 0.50 | $    247.50 |
| David K. Welch | 0.60 | $        0.00 |
| David K. Welch | 15.10 | $ 7,474.50 |
| Jeffrey C. Dan | 1.70 | $        0.00 |
| Jeffrey C. Dan | 11.50 | $ 4,945.00 |
| **Total** | **29.40** | **$ 12,667.00** |

D. **Discovery**

The Committee sought Bankruptcy Rule 2004 discovery of the Debtors, including document requests and a deposition. The Committee also sought Bankruptcy Rule 2004 discovery of numerous third parties. The Debtors reviewed and appeared in Court regarding the motions filed by the Committee and prepared responses to the discovery and appeared at a deposition. The Debtors also filed a Motion to Conduct 2004 discovery regarding potential preferences paid to the members of the Committee and drafted and served subpoenas to Committee members and worked with those creditors regarding responses to the subpoenas.

Chicago

| **Total Time Expended** | | **5.10 hours** |
|---|---|---|
| **Attorney** | **Hours** | **Amount** |
| Jeffrey C. Dan | 4.30 | $ 1,849.00 |
| Brian P. Welch | 0.10 | $        0.00 |
| Brian P. Welch | 0.70 | $    217.00 |
| **Total** | **5.10** | **$ 2,066.00** |

Atlanta

| **Total Time Expended** | | **5.10 hours** |
|---|---|---|
| **Attorney** | **Hours** | **Amount** |
| Jeffrey C. Dan | 4.30 | $ 1,849.00 |
| Brian P. Welch | 0.10 | $        0.00 |
| Brian P. Welch | 0.70 | $    217.00 |
| **Total** | **5.10** | **$ 2,066.00** |

Dallas

| **Total Time Expended** | | **5.00 hours** |
|---|---|---|
| **Attorney** | **Hours** | **Amount** |
| Jeffrey C. Dan | 4.20 | $ 1,806.00 |
| Brian P. Welch | 0.10 | $     0.00 |
| Brian P. Welch | 0.70 | $   217.00 |
| **Total** | **5.00** | **$ 2,023.00** |

E.  Creditor Litigation

The Committee and an additional creditor filed adversary cases against Associated Bank, seeking to recover funds that would potentially be property of the estates. The Debtors' were not named as parties in the adversary complaints. CHSWC monitored the adversary complaints as part of preparing for each omnibus hearing in these cases as well as the effect the complaints would have on these estates and the payment of the secured claim.

Chicago

| **Total Time Expended** | | **4.90 hours** |
|---|---|---|
| **Attorney** | **Hours** | **Amount** |
| David K. Welch | 0.10 | $     0.00 |
| David K. Welch | 0.90 | $   445.50 |
| Jeffrey C. Dan | 0.10 | $     0.00 |
| Jeffrey C. Dan | 3.80 | $ 1,634.00 |
| **Total** | **4.90** | **$ 2,079.50** |

Atlanta

| **Total Time Expended** | | **4.90 hours** |
|---|---|---|
| **Attorney** | **Hours** | **Amount** |
| David K. Welch | 0.10 | $     0.00 |
| David K. Welch | 0.90 | $   445.50 |
| Jeffrey C. Dan | 0.10 | $     0.00 |
| Jeffrey C. Dan | 3.80 | $ 1,634.00 |
| **Total** | **4.90** | **$ 2,079.50** |

14

Dallas

| | **Total Time Expended** | | **4.90 hours** |
|---|---|---|---|
| **Attorney** | | **Hours** | **Amount** |
| David K. Welch | | 0.10 | $ 0.00 |
| David K. Welch | | 0.90 | $ 445.50 |
| Jeffrey C. Dan | | 0.10 | $ 0.00 |
| Jeffrey C. Dan | | 3.80 | $ 1,634.00 |
| **Total** | | **4.90** | **$ 2,079.50** |

**Conclusion**

27. Other than as provided in Section 504(b) of the Bankruptcy Code, CHSWC has not shared, nor agreed to share, any compensation received as a result of these cases with any person, firm or entity. The sole and exclusive source of compensation shall be funds of the Debtors.

28. CHSWC asserts that the interim compensation requested in this Motion is reasonable compensation for the actual and necessary legal services rendered based upon the time, nature, extent and value of such professional services. CHSWC further asserts that the cost of legal services rendered for and on behalf of the Debtors is comparable to the cost of similar services in matters other than under the Bankruptcy Code.

29. CHSWC asserts that the expenses for which reimbursement is sought in this Motion are reasonable and were actual and necessary expenditures required in the representation of the Debtors.

30. CHSWC submits that the compensation and expenses requested are fair, reasonable and warranted under the circumstances.

WHEREFORE, JEFFREY C. DAN and the law firm of CRANE, HEYMAN, SIMON, WELCH & CLAR, Debtor's Counsel, request the entry of an Order allowing $26,248.50 as final compensation and $941.35 for reimbursement of expenses from World Marketing Chicago, LLC; $26,549.50 as final compensation and $943.30 for reimbursement of expenses from World Marketing Atlanta, LLC; and $25,818.50 as final compensation and $940.22 for reimbursement of

15

expenses from World Marketing Dallas, LLC; authorizing the Debtors and Liquidating Trust to pay the amount due for June, 2016 and the remaining 20% of allowed interim compensation, not previously paid for April and May, 2016 from cash collateral; allowing the Interim Allowances as final allowances under Section 330 of the Bankruptcy Code; and granting such other relief as may be just and appropriate.

          Respectfully Submitted,

          JEFFREY C. DAN, and the law firm of
          CRANE, HEYMAN, SIMON, WELCH & CLAR

          By:   /s/Jeffrey C. Dan

**DEBTORS' COUNSEL**:
Jeffrey C. Dan (Atty. No. 06242750)
Arthur G. Simon (Atty. No. 03124481)
David K. Welch (Atty. No. 06183621)
Brian P. Welch (Atty. No. 6307292)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
TEL: (312) 641-6777
FAX: (312) 641-7114
W:\Jeff\World Marketing\Pay CHSWC Final.mot.wpd

16