# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| *In re* | Chapter 11 |
| WORLD MARKETING CHICAGO, LLC, *et al.*,[1] | Case No. 15-32968 |
| | (Jointly Administered) |
| Debtors. | Honorable Timothy A. Barnes |
| | Hearing: August 10, 2016 at 10:00 a.m. |

## NOTICE OF MOTION

**To:** See Attached Service List

*Please take notice* that on **August 10, 2016** at **10:00 a.m.** or as soon thereafter as counsel may be heard, we will appear before the Honorable Timothy A. Barnes, United States Bankruptcy Judge, or any other judge sitting in his stead, in Courtroom 744 of the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois and then and there present the attached *Third and Final Interim Application of Sugar Felsenthal Grais & Hammer LLP for Compensation & Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors*, at which time and place you may appear as you see fit.

                                            **SUGAR FELSENTHAL GRAIS & HAMMER LLP**

                                            By: /s/ Jonathan P. Friedland
                                                  One of Its Attorneys

                                            Jonathan P. Friedland (ARDC 6257902)
                                            Elizabeth B. Vandesteeg (ARDC 6291426)
                                            Michael A. Brandess (ARDC No. 6299158)
                                            30 N. LaSalle St., Ste. 3000
                                            Chicago, Illinois 60602
                                            Telephone:   312.704.9400
                                            Facsimile:    312.372.7951

---

[1]  The Debtors in these cases are World Marketing Chicago, LLC; World Marketing Atlanta, LLC; and World Marketing Dallas, LLC.

CERTIFICATE OF SERVICE

      I hereby certify that on July 22, 2016, a true and correct copy of the *Third Interim and Final Application of Sugar Felsenthal Grais & Hammer LLP for Compensation and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors* was served *via* the Court's CM/ECF system upon all registered counsel and parties of record and also *via* First Class U.S. Mail to all the parties identified on the attached U.S. Mail Service List.

Date: July 22, 2016　　　　　　　　　　　　　　By: /s/ Jonathan P. Friedland
　　　　　　　　　　　　　　　　　　　　　　　　　　　One of Its Attorneys

*Via CM/ECF*

| | |
|---|---|
| Crane Heyman Simon Welch & Clar<br>Attn: Jeffrey Dan, Brian Welch and David Welch<br>135 S Lasalle St Ste 3705<br>Chicago, IL 60603 | Courtney J. Hull<br>Kimberly A. Walsh<br>Bankruptcy & Collections Division MC 008<br>P.O. Box 12548<br>Austin, TX 12548 |
| Katten Muchin Rosenman, LLP<br>Attn: John P. Sieger and Paul T. Musser<br>525 W. Monroe St.<br>Chicago, IL 60661 | Stromberg Stock, PLLC<br>Attn: Mark Stromberg<br>8750 N. Central Expy., Ste. 625<br>Dallas, TX 75231 |
| Kirkland & Ellis LLP<br>Attn: Ryan P. Dahl and Devon M. Largio<br>300 N. LaSalle<br>Chicago, IL 60654 | Olstein Law LLC<br>Attn: Joseph M. Olstein<br>10450 S. Western Ave.<br>Chicago, IL 60643 |
| Baker Botts L.L.P.<br>James R. Prince and Patrick J. Tatum<br>2001 Ross Avenue<br>Dallas, TX 75201 | Latimer LeVay Fyock LLC<br>Attn: Sheryl A. Fyock and Tejal S. Desai<br>55 West Monroe St., Ste. 1100<br>Chicago, Illinois 60603 |
| Reed Smith, LLP<br>Aaron B. Chapin<br>10 S. Wacker, 40th Fl.<br>Chicago, IL 60606 | Haynes and Boone, LLP<br>Attn: Jarom J. Yates and Autum D. Highsmith<br>2323 Victory Ave., Ste. 700<br>Dallas, TX 75219 |
| Shaw Fishman Glantz & Towbin, LLC<br>Attn: John W. Guzzardo and Peter Roberts<br>321 N. Clark St., Ste. 800<br>Chicago, IL 60654 | Seyfarth Shaw LLP<br>Attn: Marianne Dickson<br>560 Mission St., 31st Fl.<br>San Francisco, CA 94105-2930 |
| Golan & Christie, LLP<br>Attn: Barbara L. Yong<br>70 W. Madison St., Ste. 1500<br>Chicago, IL 60602 | Seyfarth Shaw LLP<br>Attn: Christopher J. Harney<br>131 S. Dearborn St., Ste. 2400<br>Chicago, IL 60603 |

Nigro, Westfall & Gryska, P.C.
Attn: Craig C. Westfall
1793 Bloomingdale Road
Glendale Hts., IL 60139

Byran Cave LLP
c/o Leslie Allen Bayles
161 N. Clark St., Ste. 4300
Chicago, IL 60601

Carlson Dash, LLC
c/o Jeffrey Altschul and Kurt Carlson
216 S. Jefferson St., Ste. 504
Chicago, IL 60661

American Express Travel Related
Services Company Inc.
c/o Becket and Lee LLP
Attn: Larry Butler
P.O. Box 3001
Malvern, PA 19355-0701

Huck Bouma PC
c/o Edward J. Sedlacek
1755 S. Naperville Rd., Ste. 200
Wheaton, IL 60189

A. Keith Logue
Logue Law, P.C.
3423 Weymouth Court
Marietta, GA 30062

Jennifer A. Brust
Bean, Kinney & Korman, P.C.
2300 Wilson Blvd.
Arlington, VA 22201

Fredrikson & Byron, P.A.
c/o Steven R. Kinsella
200 S. Sixth St., Ste. 4000
Minneapolis, MN 55402-1425

Morris James LLP
c/o Carl N. Kunz, III
500 Delaware Ave., Ste. 1500
Wilmington, DE 19801

Vedder Price P.C.
c/o William W. Thorsness
222 North LaSalle St., Ste. 2600
Chicago, IL 60601

Freeborn & Peters LLP
c/o Shelly DeRousse, Devon Eggert
and Elizabeth Janczak
311 S. Wacker Dr., Ste. 3000
Chicago, IL 60606

Coman & Anderson, P.C.
c/o John S. Delnero
650 Warrenville Rd., Ste. 500
Lisle, IL 60532

Allan E. Wulbern
Smith Hulsey & Busey
225 Water St., Ste. 1800
Jacksonville, FL 32202

Jeremy C. Kleinman
FrankGecker LLP
325 N. LaSalle St., STe. 625
Chicago, IL 60654

**Served Via First Class Mail:**
Norman B. Newman
c/o Much Shelist, P.C.
191 N. Wacker Dr., Ste. 1800
Chicago, IL 60606

Kathryn M. Gleason
Office of the U.S. Trustee, Region 11
219 S Dearborn St., Room 873
Chicago, IL 60604

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
EASTERN DIVISION

In Re                                            )
                                                 )
                                                 )          Bankruptcy No. _____
                                                 )
                           Debtor.    )          Chapter          _____

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION**
**(IN CASES UNDER CHAPTERS 7, 11 AND 12)**

Name of Applicant: _____

Authorized to Provide Professional Services to: _____

Date of Order Authorizing Employment: _____

Period for Which Compensation is Sought:
From     _____, _____     through _____, _____

Amount of Fees Sought:     $_____

Amount of Expense Reimbursement Sought:     $_____

This is an:          Interim Application _____          Final Application _____

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date | Period | Total Requested | Total Allowed | Fees & Expenses |
| Filed | Covered | (Fees & Expenses) | (Fees & Expenses) | Previously Paid |

Dated: _____         _____
                                                                   (Counsel)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *In re* <br><br> WORLD MARKETING CHICAGO, LLC, *et al*.,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 15-32968 <br><br> (Jointly Administered) <br><br> Honorable Timothy A. Barnes <br><br> Hearing:  August 10, 2016 at 10:00 a.m. |

**THIRD INTERIM AND FINAL APPLICATION OF SUGAR FELSENTHAL GRAIS & HAMMER LLP
FOR COMPENSATION & REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS**

Sugar Felsenthal Grais & Hammer LLP ("*SFGH*"), counsel to the Official Committee of Unsecured Creditors (the "*Committee*") in these chapter 11 cases, submits its *Third Interim and Final Application of Sugar Felsenthal Grais & Hammer LLP for Compensation and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors* (the "*Final Application*").  In support of this Final Application, SFGH states:

**A.    Introduction**

1.    This Final Application, as is customary, recaps and seeks final allowance for the work performed by SFGH during the pendency of these Chapter 11 cases ("*Cases*") on behalf of the Committee and, by extension, for all general unsecured creditors.

2.    Because quarterly interim fee applications discuss in detail the work SFGH performed and the results it achieved, this Final Application will not reiterate such detail here.

---

[1]    The Debtors in these cases are World Marketing Chicago, LLC; World Marketing Atlanta, LLC; and World Marketing Dallas, LLC (the "*Debtors*").

However, SFGH does note that its blended rate cap of $500 per hour resulted in a net savings for the Debtors' estates in excess of $77,000. This discount was voluntary and in place since these Cases began.

3. This Introduction reminds the Court of some of the pertinent facts of these Cases, facts that resulted – necessitated – the volume of work done by SFGH, at the direction of the Committee, to protect and advance the interests of general unsecured creditors.

4. These Cases provide a text book example of why Congress erected the committee structure. Consider just a few of the activities uncovered and addressed by the Committee and SFGH during the course of these Cases:

- The Debtors retention of an affiliate in a professional capacity without proper disclosure or court approval;

- The Debtors retention of a PR firm who did no verifiable work for the Debtors but, it turns out, has a history of doing work for other entities owned or controlled by the Debtors' ultimate equitable owners; and

- The Debtors allowing their property to be removed from their facilities – walked out the back door – by non-debtor entities that happen to be owned or controlled by the Debtors' beneficial owners.

5. These activities represented attempts by the Debtors and their beneficial owners slide around the well-established precepts of bankruptcy – transparency, proper notice, and avoidance of conflicts and self-dealing. In these Cases, however, the Chapter 11 process worked. The process worked because the Committee, composed of creditors very experienced in serving on committees, saw these things occurring, instructed its counsel to act to stop them, and the Court listened.

6. Of course, the Committee was instrumental and took the lead in other key parts of these Cases. For example, the Debtors' failed to consummate the sale proposed in the early weeks of these Cases after the proposed purchaser, a former owner of the company, failed to

2

tender the deposit after executing the sale agreement.  The Committee stepped in and put together and effectively managed the subsequent liquidation of the Debtors assets by PPL Group.

7.      Finally, as this Court knows, the Committee took the lead in shepherding these Cases to a confirmed Plan and a path forward for recoveries for creditors.

8.      A chapter 11 case that concludes with a *confirmed plan* is increasingly rare.  A *liquidating chapter 11* case with a confirmed plan is rarer.  A confirmed liquidating chapter 11 plan that has the *Committee as its sole proponent* even rarer.  And rarer, still, is the confirmed, Committee-proposed, liquidating chapter 11 that was accepted *by every single voting non-insider creditor* (133 in all).  The Committee even obtained the vote and support of Associated Bank, National Association ("*Associated*"), notwithstanding that the Committee sued Associated months before confirmation with the suit pending at confirmation (and pending still).  Only the Debtors' insiders, who claimed to be creditors, rejected the Plan.  Only the Debtors lodged a formal objection to confirmation of the Plan, an objection that the Committee was required to address and that ultimately failed.

9.      The cost incurred by the Committee in leading these Cases to this point may seem high but they were necessary.  The benefit of SFGH's work is clear to the general unsecured creditor body.  The support of that creditor body indicates as much.  And it is clear to the Committee, which was active and involved in every aspect of these Cases and which reviewed each and every monthly statement rendered by SFGH and each and every quarterly fee application filed by SFGH before each was filed.

10.     While facts outside of its control (though easily within the control of the Debtors, their insiders, and their professionals) necessitated a large amount of work, SFGH recognizes that these are relatively modest Cases.  Therefore, assuming this Final Application is approved

3

without other reduction, SFGH will, as a gesture of good will, voluntarily reduce its total request by an additional $100,000.

11. With that additional adjustment, SFGH respectfully requests the final allowance of fees in the amount of $854,373.50 and expenses in the amount of $17,230.69, and to direct payment of outstanding fees and expenses in the amount of $406,604.19.

12. SFGH submits that the compensation sought under this Third Interim and Final Application represents a fair and reasonable amount for the services rendered during from October 14, 2015 through July 18, 2016 (the "*Fee Application Period*") given the criteria set forth in §§ 327 and 330 of the Bankruptcy Code for evaluating applications for compensation, namely:

    (a) the nature, extent and value of the services;

    (b) the time spent;

    (c) the rates charged for such services;

    (d) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and the nature of the problem, issue or task addressed; and

    (e) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters.

**B.**     **Jurisdiction & Venue**

13. The Court has jurisdiction over this matter under §§ 1334 and 157(a) of title 28 of the United States Code and Local Rule 5082-1. This is a core proceeding under § 157(b)(2) of title 28 of the United States Code. Venue is proper in this district under §§ 1408 and 1409 of title 28 of the United States Code.

14. The statutory predicates for the relief requested in this Third Interim and Final Application are §§ 330, 331, 503(b), and 507(a)(2) of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Local Rule 5082-1.

C. **Prior Monthly and Interim Fee Applications**

15. On November 12, 2015, the Committee and the Debtors filed their *Joint Motion for Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members* (the "*Compensation Procedures*"). An order approving this motion was entered by this Court on December 4, 2015, although the Compensation Procedures do not apply to time spent by professionals before January 1, 2016.[2]

16. As summarized immediately below, SFGH submitted its First Interim Application on January 27, 2016 (the "*First Interim Application*"),[3] which this Court approved on February 17, 2016.[4] A copy of the First Interim Application is attached to this Application as **Exhibit A**.

| Date Filed [Dkt. #] | Period Covered | Fees Requested | Expenses Requested | Total Interim Allowance | 20% Holdback | Amount Received |
|---|---|---|---|---|---|---|
| 1/27/2016 [Dkt. # 219] | 10/14/15 - 12/31/15 | $249,350.00 | $1,433.33 | $200,876.38 | $49,870 | $125,000 |

17. SFGH submitted its Second Interim Application on April 20, 2016 (the "*Second Interim Application*").[5] The Second Interim Application has been continued. To date, SFGH has received $182,500 on account of amounts remitted to SFGH under approved cash collateral orders. A copy of the Second Interim Application is attached to this Application as **Exhibit B**.

---

[2] (Dkt. # 142).

[3] (Dkt. # 219).

[4] (Dkt. # 273). The First Interim Application was allowed subject to a 20% holdback to this Final Application.

[5] (Dkt. # 378).

| Date Filed [Dkt. #] | Period Covered | Fees Requested | Expenses Requested | Amount Received |
|---|---|---|---|---|
| 4/20/2016 [Dkt. # 378] | 1/1/16 – 3/31/16 | $351,250.00 | $4,377.09 | $182,500 |

18. SFGH submitted its Monthly Fee Statement for April 2016 (the "*April Monthly Fee Statement*") on May 12, 2016. A copy of the April Monthly Fee Statement is attached to this Application as **Exhibit C**.

| Date Filed [Dkt. #] | Period Covered | Fees Requested | Expenses Requested | Amount Received |
|---|---|---|---|---|
| 5/12/2016 [Dkt. # 414] | 4/1/16 – 4/30/16 | $86,250.00 | $1,802.52 | $52,500 |

19. SFGH submitted its Monthly Fee Statement for May 2016 (the "*May Monthly Fee Statement*") on June 14, 2016. Invoices for matter number 015 were not finalized as of the filing of the May Monthly Fee Statement. They have been added to this Final Application. A copy of the May Monthly Fee Statement (including invoices for matter number 015) is attached to this Application as **Exhibit D**.

| Date Filed [Dkt. #] | Period Covered | Fees Requested | Expenses Requested | Amount Received |
|---|---|---|---|---|
| 6/14/2016 [Dkt. # 480] | 5/1/16 – 5/31/16 | $137,518.50 | $7,829.38 | $52,500 |

20. SFGH submitted its Monthly Fee Statement for June 2016 (the "*June Monthly Fee Statement*") on July 18, 2016. A copy of the June Monthly Fee Statement is attached hereto as **Exhibit E**.

6

| Date Filed [Dkt. #] | Period Covered | Fees Requested | Expenses Requested[6] | Amount Anticipated |
|---|---|---|---|---|
| 7/18/2016 [Dkt. # 652] | 6/1/16 – 6/30/16 | $116,425.00 | $1,072.20 | $52,500[7] |

21.   SFGH has incurred fees and in expenses from July 1, 2016 through July 18, 2016 (the "*July Invoices*"). A copy of the July Invoices is attached hereto as **Exhibit F**.

| Period Covered | Fees Requested | Expenses Requested | Amount Received |
|---|---|---|---|
| 7/1/16 – 7/18/16 | $13,580.00 | $716.17 | $0 |

**D.   Narrative Summary of Services Rendered & Expenses Incurred by SFGH**

22.   All of the services for which compensation is requested were rendered to or for the benefit of unsecured creditors, as requested by the Committee in connection with these Cases after significant counsel.

23.   The time described in the attached exhibits represents the actual amount of time spent or, in certain instances, less than the actual amount of time spent by SFGH attorneys and paralegals that rendered the described services. In certain instances, the time reflected in the billing statements has been reduced in an effort by SFGH to eliminate excessive, duplicative, or in hindsight, unnecessary or unproductive services.

**E.   Summary of Services Rendered**

24.   During the Fee Application Period, SFGH spent a total of **1,901.5** hours providing professional services on behalf of the Committee in connection with these cases.

| Name | Title | Year | Hourly Rate | Total Hours | Total |
|---|---|---|---|---|---|
| Aaron L. Hammer | Sr. Partner | 2015 | $735 | 57.1 | $41,748.00 |
| Aaron L. Hammer | Sr. Partner | 2016 | $750 | 148.0 | $110,932.50 |

---

[6]   June Monthly Fee Statement inadvertently included BMC expense which had been previously included on May Monthly Fee Statement.

[7]   Payment anticipated July 26, 2016 pursuant to Compensation Procedures.

7

| Name | Title | Year | Hourly Rate | Total Hours | Total |
|---|---|---|---|---|---|
| Jonathan P. Friedland | Sr. Partner | 2015 | $735 | 72.2 | $53,067.00 |
| Jonathan P. Friedland | Sr. Partner | 2016 | $750 | 104.5 | $78,375.00 |
| Mark S. Melickian | Partner | 2015 | $635 | 76.6 | $48,681.00 |
| Mark S. Melickian | Partner | 2016 | $650 | 235.1 | $152,815.00 |
| Etahn M. Cohen | Partner | 2015 | $495 | 1.5 | $742.50 |
| Elizabeth B. Vandesteeg | Partner | 2015 | $595 | 54.5 | $32,427.50 |
| Elizabeth B. Vandesteeg | Partner | 2016 | $610 | 214.0 | $130,540.00 |
| Michael A. Brandess | Associate | 2015 | $425 | 184.8 | $78,540.00 |
| Michael A. Brandess | Associate | 2016 | $445 | 480.5 | $213,822.50 |
| Jack R. O'Connor | Associate | 2015 | $395 | 36.9 | $14,575.50 |
| Jack R. O'Connor | Associate | 2016 | $410 | 11.6 | $4,756.00 |
| David M. Madden | Associate | 2016 | $395 | 68.0 | $26,860.00 |
| Kathryn Nadro | Associate | 2016 | $340 | 5.8 | $1,972.00 |
| Tricia L. Schwallier | Associate | 2016 | $295 | 101.4 | $29,913.00 |
| Paris C. Love | Paralegal | 2015 | $245 | 11.7 | $2,866.50 |
| Paris C. Love | Paralegal | 2016 | $250 | 1.1 | $275.00 |
| Jeffrey C. Demma | Paralegal | 2016 | $250 | 32.8 | $8,200.00 |
| Jennifer L. Sherpan | Paralegal | 2015 | $195 | 3.4 | $663.00 |
| Pre-Rate Cap Total | | | | 1901.5 | $1,031,772.00 |
| Prof. Rate Cap Total | | | | | $954,373.50 |

25.     SFGH's blended rate cap of $500 per hour resulted in a discount of more than $77,000. Additionally, in line with SFGH's value-oriented approach, the firm proposes an additional reduction off of its already discounted fees in an amount equal to $100.000. *In total, as an accommodation to the Debtors' estates and their unsecured creditors, SFGH has voluntarily written off more than $175,000 in fees from its standard hourly rates, representing nearly a twenty percent (20%) discount to such fees.*

26.     In compliance with Local Rules 5082-1B and C, SFGH has classified its services for this Fee Application Period in 18 separate categories as described below. Amounts are calculated pre-blended rate cap.

8

*1) General Case Administration*

SFGH spent 298.2 hours at a gross cost of $169,146.50 on general matters. This category includes: (a) drafting and prosecuting the Committee's Trustee Motion; (b) reviewing and analyzing the Debtors' various bankruptcy pleadings, correspondence and notices; (c) preparing for and participating in hearings on various issues; (d) preparing an analysis and ongoing case strategy with the Debtors and Associated; (e) reviewing and analyzing record retention and other administrative issues; and (f) corresponding with parties in interest concerning general case matters. This category also includes matters which encompass more than one discrete category.

*2) Schedules & Reports*

SFGH spent 9.0 hours at a gross cost of $5,956.00 on issues relating to schedules and reports. This category includes reviewing and analyzing the Debtors' monthly operating reports.

*3) Investigation of Operations & Assets*

SFGH spent 134.2 hours at a gross cost of $71,310.50 related to investigations of the Debtors' operations and assets. This category includes: (a) investigating equipment removed from the Debtors' facility by First Edge; (b) investigating insiders' roles in management and operations; (c) preparing an analysis of postage account related issues; (d) reviewing World Marketing Holdings, LLC's pre-petition financial sweeps of the Debtors' bank accounts; and (e) preparing for Bankruptcy Rule 2004 examinations of the Debtors and certain Insiders.

*4) SFGH Retention & Fee Applications*

SFGH spent 69.2 hours at a gross cost of $34,824.00 related to preparing its monthly fee statements and interim fee applications. This category includes preparing SFGH's monthly, quarterly and final fee applications.

*5) Other Professional Retention & Fee Applications*

SFGH spent 70.0 hours at a gross cost of $36,632.00 related to reviewing and scrutinizing the employment applications, monthly fee statements, and interim fee applications of other professionals. This category also includes preparing and filing the January and February monthly fee applications for AEG Partners LLC.

*6) Executory Contracts & Unexpired Leases*

SFGH spent 5.6 hours at a gross cost of $2,998.50 on issues related to executory contracts and unexpired leases. This category includes analyzing the Debtors' motions to reject certain unexpired leases.

*7) Claims Analysis & Objections*

SFGH spent 36.5 hours at a gross cost of $22,298.50 on matters related to analyzing claims in these Cases. This category includes: (a) reviewing and addressing certain 503(b)(9)

9

claims; (b) reviewing and addressing certain employee medical claims and corresponding with the Debtors regarding the same; (c) reviewing the Debtors' motion to establish a claims bar date; and (d) reviewing the claims filed by Robert W. Kraft, Lisa Sanregret and other insiders.

8) *Secured Creditors*

SFGH spent 101.7 hours at a gross cost of $57,453.50 on matters related to secured creditors. This category includes: (a) negotiating with the Debtors and Associated Bank regarding the use of cash collateral; (b) drafting an objection to the use of cash collateral; (c) investigating Associated Bank's collateral position; and (d) drafting a motion to extend the investigation period (d) reviewing and revising cash collateral orders; (e) drafting an objection to the Debtors' motion to pay Associated's claim; and (f) drafting replies to responses filed in favor of paying Associated's claim.

9) *Creditor Inquiries*

SFGH spent 7.8 hours at a gross cost of $3,970.50 on matters related to Creditor Inquiries. This category primarily includes corresponding with general unsecured creditors regarding the status of the Cases and addressing various issues raised by these parties.

10) *Committee Meetings & Governance*

SFGH spent 60.5 hours at a gross cost of $35,067.50 on matters related to Committee meetings and governance. This category primarily includes: (a) corresponding regularly with Official Committee members by telephone or e-mail correspondence regarding their issues and concerns; (b) preparing reports for the Official Committee on case matters; (c) discussing case strategy with Committee members; and (d) preparing the requisite documents to govern the Official Committee so that its members have the necessary tools to discharge their fiduciary duty toward creditors.

11) *Asset Sales*

SFGH spent 46.4 hours at a gross cost of $24,443.00 on matters related to asset sales. This category primarily consists of time spent on the following: (a) corresponding with potential bidders for the Debtors' assets; (b) drafting and filing an objection to the Debtors' sale motion; (c) reviewing the Debtors' motion to retain PPL Group ("*PPL*") as auctioneer; and (d) regularly corresponding with PPL to assist in the sale process and address any issues as they arose.

12) *Avoidance Actions*

SFGH spent 110.8 hours at a gross cost of $50,045.00 on matters related to analyzing potential avoidance actions of the Debtors' estates, as well as communicating with the Debtors regarding those actions. SFGH's work analyzing the value of these claims to the Debtors' estate provided useful information in the drafting and approval of the Plan, while

10

creating a framework for the postconfirmation pursuit of these actions by the liquidating trustee appointed under the Plan.

### 13) *Plan & Disclosure Statement*

SFGH spent 442.9 hours at a gross cost of $248,097.50 on matters related to a plan and disclosure statement, including drafting the Plan and its related disclosure statement, liquidating trust agreement as well as a motion to approve procedures for voting on the plan. SFGH engaged in substantive discussions with the Debtors and various other parties in interest concerning the terms of the Plan and the treatment of interested parties. SFGH bore the significant investment of its time drafting the plan, disclosure statement, a supporting liquidation analysis and draft liquidating trust agreement. SFGH additionally revised the Plan, the disclosure statement liquidating trust agreement to reflect the Committee as sole proponent of the Plan in the aftermath of the Debtors' decision to withdraw from the process. In addition to drafting the Plan, disclosure statement and related documents, SFGH expended considerable efforts concerning the proposed solicitation of the Plan. SFGH prepared numerous revisions to the Plan documents in response to formal and informal objections and comments received from parties in interest. Finally, SFGH incurred time in preparation for an anticipated contested confirmation hearing, in the prosecution of that hearing, and in post-confirmation activities related to the Plan and confirmation such as delivering the notice of confirmation and of the effective date.

### 14) *Litigation*

SFGH spent 451.1 hours at a gross cost of $206,155.00 on matters related to litigation. This category primarily includes: (a) drafting a complaint against Associated; (b) researching potential causes of action regarding same; (c) corresponding with Associated regarding potential resolutions; (d) preparing a litigation strategy against Associated; (e) amending the complaint against Associated to reflect additional causes of action; (f) analyzing potential causes of action against Insiders; and (g) drafting and filing a complaint opposing the bankruptcy discharge of Robert M. Kraft in his personal bankruptcy case filed in Wisconsin.

### 15) *WARN Issues*

SFGH spent 39.3 hours at a cost of $24,204.00 on WARN related issues in these Cases. This category primarily consists of: (a) alerting the Debtors of potential WARN liability issues; (b) analyzing potential WARN liability; (c) drafting a WARN Notice to the Debtors' former employees; (d) corresponding with the Debtors regarding the adversary proceeding filed by WARN claimants; (e) appearing in Court at status hearings on the WARN adversary proceeding; (f) reviewing and amending stipulation regarding WARN class; and (g) examining factual grounds and potential objections to WARN claim.

*16) Chicago*

SFGH spent 7.8 hours at a gross cost of $3,346.00. This category primarily consists of time spent on creditor issues specific to Chicago.

*17) Atlanta*

SFGH spent 8.4 hours at a gross cost of $3,864.00. This category primarily consists of time spent on creditor issues specific to Atlanta.

*18) Dallas*

SFGH spent 2.1 hours at a gross cost of $934.50. This category primarily consists of time spent on creditor issues specific to Dallas.

**F.    Expense Reimbursement**

27.    In compliance with Local Rule 5082-1B(1)(g), detailed itemizations of all expenses incurred during the Application Period are set forth in *Exhibits A-F* attached to this Fee Application. Expenses during the Application Period were incurred in the following categories:

a. *Photocopying/Print*

SFGH incurred copying and printing charges in the amount of $4,110.00. SFGH charges clients $0.10 per copy during the Fee Application Period. These expenses related to the photocopying of pleadings, review of documents and service of notices such as the information dissemination procedures notice.

b. *Postage*

SFGH incurred charges for postage and mailing costs in the amount of $2,077.66 during the Fee Application Period. These expenses related to the service of notices of motions and other pleadings in these Cases.

c. *Research*

SFGH incurred charges for research related expenses in the amount of $3,185.14 during the Fee Application Period. These expenses primarily related to research undertaken for the drafting of the Committee's complaint against Associated, causes of action against Insiders and related issues and due diligence searches.

d. *Meeting Expense*

SFGH incurred charges for food and beverages during meetings in the amount of $619.63 during the Fee Application Period. These expenses included working group meals during time-intensive strategy sessions. SFGH's policy is to charge clients for such expenses only when (a) such meetings include non-SFGH

12

personnel; or (b) such meetings occur at a time when people ordinarily eat a meal and such meeting was reasonably necessary.

e. *Filing/PACER/ Transcripts*

SFGH incurred charges for filing, transcript and PACER related expenses in the amount of $3,650.99 during the Fee Application Period. These expenses primarily related to the filing of pleadings, including the Committee's complaint against Associated, the review of court documents and the request for transcripts of Court hearings and depositions.

f. *Transportation*

SFGH incurred charges for transportation related expenses in the amount of $77.89 during the Fee Application Period. These expenses either included travel to and from Court hearings in inclement weather or transportation for late travel. As a standard practice, travel home is not charged to SFGH clients; however, when a matter arises with urgency that requires an extensive amount of work in a short period of time which could not be reasonably spread over a longer period of time, thus necessitating one of our professionals to stay extremely late, the cost of travel is occasionally charged to our clients. SFGH exercises the same level of judgment when a client happens to be a debtor or committee in chapter 11 case, as SFGH does with its other clients.

g. *Notice and Process Servers*

SFGH incurred charges for expenses in the amount of $3,509.38 during the Fee Application Period related to process servers. The expenses related to: (a) service of subpoenas on Insiders following the entry of an Order approving the Committee's 2004 examination of the Insiders; and (b) service of plan solicitation packages on applicable parties through BMC Group, SFGH's vendor.

28.  All expenses incurred by SFGH in connection with its representation of the Committee were ordinary and necessary expenses. All expenses billed to the Committee were billed in the same manner SFGH bills its non-bankruptcy clients.

29.  SFGH does not bill its clients or seek compensation in this Application for certain overhead expenses, such as local and long-distance telephone calls, secretarial services, and facsimile transmissions. Such expenses are factored into SFGH's hourly rates.

**G.    Valuation of Services & Benefit to the Estate**

30. SFGH's attorneys and paraprofessionals have expended a total of 1,901.5 hours in connection with these Cases during the Application Period. The time spent and expenses incurred during the Application Period were necessary and appropriate under the circumstances in line with the factors enumerated by 11 U.S.C. § 330. SFGH submits that the amount requested by this Application is fair and reasonable when considering (a) the complexity of these cases; (b) the time expended by SFGH's professionals; (c) the nature of the services rendered; (d) the value of those services; and (e) the costs of comparable services for skilled practitioners in other bankruptcy and non-bankruptcy matters, SFGH submits that the compensation sought by this Application represents a fair and reasonable amount for the services rendered during the Application Period.

**H.    Limited Notice**

31. The Compensation Procedures provide that notice of fee applications in these Cases need only be served on (i) counsel to the Debtors; (ii) the Office of the United States Trustee; (iii) counsel to Associated; and (iv) any parties who have filed a notice of appearance with the Clerk of this Court and requested such notice.[8] SFGH submits that notice of this Fee Application is sufficient.

32. Bankruptcy Rule 2002(a)(6) and (c)(2) requires 21 days' notice of "a hearing on any entity's request for compensation or reimbursement of expenses if the request exceeds $1,000." be given to "all creditors. However, Rule 9006(c) provides that "the court for cause shown may in its discretion with or without motion or notice order the period reduced." To promote efficiency and better accommodate the time of the parties and the Court, SFGH requests

---

[8]    (Dkt. # 142) at ¶ 5.

14

that a hearing on its Application be held on August 10, 2016 to coincide with the presentment of the *Motion for Allowance of Final Compensation and Reimbursement of Expenses to Debtors' Counsel*. August 10, 2016 is 19 days after the filing of the Application, a request for a 2 day reduction of the notice period.

*Wherefore*, SFGH requests the entry of an Order: (a) limiting notice of the Final Application; (b) allowing $854,373.50 as final compensation for professional services, plus reimbursement of SFGH's actual, reasonable and necessary expenses incurred during the Application Period in the amount of $17,230.69; (c) authorizing and directing the Debtors and the Liquidating Trust to pay all outstanding amounts allowed and not previously paid in the aggregate amount of $406,604.19; and (d) any other additional relief as the Court deems appropriate under the circumstances.

Date:  July 22, 2016

                                                **SUGAR FELSENTHAL GRAIS & HAMMER LLP**

                                                By:  /s/ Jonathan P. Friedland
                                                      One of Its Attorneys

                                              Jonathan P. Friedland (ARDC 6257902)
                                              Elizabeth B. Vandesteeg (ARDC 6291426)
                                              Michael A. Brandess (ARDC 6299158)
                                              30 N. LaSalle St., Ste. 3000
                                              Chicago, Illinois 60602
                                              Telephone:  312.704.9400
                                              Facsimile:  312.372.7951