# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| *In re* | Chapter 11 |
| WORLD MARKETING CHICAGO, LLC, *et al.*,[1] | Case No. 15-32968 |
|  | (Jointly Administered) |
| Debtors. | Honorable Timothy A. Barnes |
|  | Hearing:  November 15, 2015 at 11:00 a.m. |

---

### NOTICE OF MOTION

*Please take notice* that on November 15, 2017 at 11:00 a.m. or as soon thereafter as counsel may be heard, we will appear before the Honorable Timothy A. Barnes, United States Bankruptcy Judge, or any other judge sitting in his stead, in Courtroom 744 of the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois and then and there present the attached *Joint Motion Pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 7023 and 9019 to (I) Approve Settlement Pursuant to Fed. R. Bankr. P. 9019, (II) Preliminarily Approve Settlement Pursuant to Bankr. P. 7023, (III) Approve the Form and Manner of Notice to Class Members of Settlement, (IV) Schedule a Fairness Hearing to Consider Final Approval of Settlement, (V) Finally Approve Settlement Pursuant to Fed. R. Bankr. P. 7023 After Fairness Hearing, (VI) Grant Related Relief* at which time and place you may appear as you see fit.

Counsel to the Liquidating Trustee
/s/  Aaron L. Hammer
Aaron L. Hammer (ARDC No. 6243069)
Mark S. Melickian (ARDC No. 6229843)
Michael A. Brandess (ARDC No. 6299158)
**SUGAR FELSENTHAL GRAIS & HAMMER LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone: (312) 704-9400
Facsimile: (312) 372-7951
ahammer@SFGH.com
mmelickian@SFGH.com
mbrandess@SFGH.com

---

[1]     The Debtors in these cases are World Marketing Chicago, LLC; World Marketing Atlanta, LLC; and World Marketing Dallas, LLC.

## CERTIFICATE OF SERVICE

      I hereby certify under penalty of perjury that on October 25, 2017, a true and correct copy of the *Joint Motion Pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 7023 and 9019 to (I) Approve Settlement Pursuant to Fed. R. Bankr. P. 9019, (II) Preliminarily Approve Settlement Pursuant to Bankr. P. 7023, (III) Approve the Form and Manner of Notice to Class Members of Settlement, (IV) Schedule a Fairness Hearing to Consider Final Approval of Settlement, (V) Finally Approve Settlement Pursuant to Fed. R. Bankr. P. 7023 After Fairness Hearing, (VI) Grant Related Relief* was served via the Court's CM/ECF system upon all registered counsel and parties of record on the attached Service List.

Date: October 25, 2017               By:  /s/  Aaron L. Hammer

### Service List

*Via CM/ECF*

| | |
|---|---|
| Crane Heyman Simon Welch & Clar<br>Attn: Jeffrey Dan, Brian Welch and<br>David Welch<br>135 S Lasalle St Ste 3705<br>Chicago, IL 60603 | Kathryn Gleason<br>Office of the U.S. Trustee, Region 11<br>219 S Dearborn St., Room 873<br>Chicago, IL 60604 |
| Norman B. Newman<br>Much Shelist P.C.<br>191 N. Wacker Drive, Suite 1800<br>Chicago, IL 60606 | Stromberg Stock, PLLC<br>Attn: Mark Stromberg<br>8750 N. Central Expy., Ste. 625<br>Dallas, TX 75231 |
| Katten Muchin Rosenman, LLP<br>Attn: John P. Sieger and Paul T. Musser<br>525 W. Monroe St.<br>Chicago, IL 60661 | Olstein Law LLC<br>Attn: Joseph M. Olstein<br>10450 S. Western Ave.<br>Chicago, IL 60643 |
| Kirkland & Ellis LLP<br>Attn: Ryan P. Dahl and Devon M. Largio<br>300 N. LaSalle<br>Chicago, IL 60654 | Latimer LeVay Fyock LLC<br>Attn: Sheryl A. Fyock and Tejal S. Desai<br>55 West Monroe St., Ste. 1100<br>Chicago, Illinois 60603 |
| Baker Botts L.L.P.<br>James R. Prince<br>2001 Ross Avenue<br>Dallas, TX 75201 | Haynes and Boone, LLP<br>Attn: Jarom J. Yates and Autum D. Highsmith<br>2323 Victory Ave., Ste. 700<br>Dallas, TX 75219 |

Reed Smith, LLP
Aaron B. Chapin
10 S. Wacker, 40th Fl.
Chicago, IL 60606

Shaw Fishman Glantz & Towbin, LLC
Attn: John W. Guzzardo and Peter Roberts
321 N. Clark St., Ste. 800
Chicago, IL 60654

Golan & Christie, LLP
Attn: Barbara L. Yong
70 W. Madison St., Ste. 1500
Chicago, IL 60602

Nigro, Westfall & Gryska, P.C.
Attn: Craig C. Westfall
1793 Bloomingdale Road
Glendale Hts., IL 60139

Byran Cave LLP
c/o Leslie Allen Bayles
161 N. Clark St., Ste. 4300
Chicago, IL 60601

Carlson Dash, LLC
c/o Jeffrey Altschul
216 S. Jefferson St., Ste. 504
Chicago, IL 60661

Allan E. Wulbern
Smith Hulsey & Busey
225 Water St., Ste. 1800
Jacksonville, FL 32202

Katten Muchin Rosenman, LLP
Attn: John P. Sieger and Paul T. Musser
525 W. Monroe St.
Chicago, IL 60661

Seyfarth Shaw LLP
Attn: Marianne Dickson
560 Mission St., 31st Fl.
San Francisco, CA 94105-2930

Seyfarth Shaw LLP
Attn: Christopher J. Harney
131 S. Dearborn St., Ste. 2400
Chicago, IL 60603

Fredrikson & Byron, P.A.
c/o Steven R. Kinsella
200 S. Sixth St., Ste. 4000
Minneapolis, MN 55402-1425

Morris James LLP
c/o Carl N. Kunz, III
500 Delaware Ave., Ste. 1500
Wilmington, DE 19801

Vedder Price P.C.
c/o William W. Thorsness
222 North LaSalle St., Ste. 2600
Chicago, IL 60601

Freeborn & Peters LLP
c/o Shelly DeRousse, Devon Eggert
and Elizabeth Janczak
311 S. Wacker Dr., Ste. 3000
Chicago, IL 60606

Coman & Anderson, P.C.
c/o John S. Delnero
650 Warrenville Rd., Ste. 500
Lisle, IL 60532

Courtney J. Hull
Kimberly A. Walsh
Bankruptcy & Collections Division MC 008
P.O. Box 12548
Austin, TX 12548

Jeremy C. Kleinman
FrankGecker LLP
325 N. LaSalle St., Ste. 625
Chicago, IL 60654

Jennifer A. Brust
Bean, Kinney & Korman, P.C.
2300 Wilson Blvd.
Arlington, VA 22201

Associated Bank, N.A.
333 E. Kilbourn Ave., #200
Milwaukee, WI 53202

A. Keith Logue
Logue Law, P.C.
3423 Weymouth Court
Marietta, GA 30062

Kirkland & Ellis LLP
Attn: Ryan P. Dahl and Devon M. Largio
300 N. LaSalle
Chicago, IL 60654

Baker Botts L.L.P.
James R. Prince and Patrick J. Tatum
2001 Ross Avenue
Dallas, TX 75201

Huck Bouma PC
c/o Edward J. Sedlacek
1755 S. Naperville Rd., Ste. 200
Wheaton, IL 60189

Hiltz & Zanzig LLC
Attn: Blair R. Zanzig and John F. Hiltz
53 West Jackson Blvd., Suite 205
Chicago, Illinois 60604

American Express Travel Related
Services Company Inc.
c/o Becket and Lee LLP
Attn: Larry Butler
P.O. Box 3001
Malvern, PA 19355-0701

Lankenau & Miller, LLP
Stuart J. Miller
132 Nassau Street, Suite 1100
New York, New York 10038

*Via U.S. Mail*

Linebarger Goggan Blair & Sampson, LLP
Attn: Elizabeth Weller
2777 N. Stemmons Freeway, Ste. 1000
Dallas, TX 75207

Norman B. Newman
Much Shelist P.C.
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606

Christopher L Muniz
Scalambrino & Arnoff, LLP
One North LaSalle St., Ste. 1600
Chicago, IL 60602

Katten Muchin Rosenman, LLP
Attn: John P. Sieger and Paul T. Musser
525 W. Monroe St.
Chicago, IL 60661

Hiltz & Zanzig LLC
Attn: Blair R. Zanzig and John F. Hiltz
53 West Jackson Blvd., Suite 205
Chicago, Illinois 60604

Crane Heyman Simon Welch & Clar
Attn: Jeffrey Dan, Brian Welch and
David Welch
135 S Lasalle St Ste 3705
Chicago, IL 60603

Kathryn Gleason
Office of the U.S. Trustee, Region 11
219 S Dearborn St., Room 873
Chicago, IL 60604

Smith Hulsey & Busey
Attn: Allan E. Wulbern
225 Water Street
Jacksonville, FL 32202

The Law Office of Zane L. Zielinski, P.C.
Attn: Zane L. Zielinski
6336 North Cicero Ave., Ste. 201
Chicago, IL 60646

Carlson Dash, LLC
Attn: Jeffrey Altschul
216 S. Jefferson St., Ste. 504
Chicago, IL 60661

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| *In re* | Chapter 11 |
| WORLD MARKETING CHICAGO, LLC, *et al*.,[1] | Case No. 15-32968 |
| Debtors. | (Jointly Administered) |
|  | Honorable Timothy A. Barnes |
|  | Hearing:  November 15, 2015 at 11:00 a.m. |

**JOINT MOTION PURSUANT TO 11 U.S.C. § 105 AND FED. R. BANKR. P. 7023
AND 9019 TO (I) APPROVE SETTLEMENT PURSUANT TO FED. R. BANKR. P. 9019,
(II) PRELIMINARILY APPROVE SETTLEMENT PURSUANT TO FED. R.
BANKR. P. 7023, (III) APPROVE THE FORM AND MANNER OF NOTICE TO
CLASS MEMBERS OF SETTLEMENT, (IV) SCHEDULE A FAIRNESS HEARING
TO CONSIDER FINAL APPROVAL OF SETTLEMENT, (V) FINALLY
APPROVE SETTLEMENT PURSUANT TO FED. R. BANKR. P. 7023 AFTER
FAIRNESS HEARING, AND (VI) GRANT RELATED RELIEF**

Norman B. Newman, as Liquidating Trustee (the "*Liquidating Trustee*") of the World

Marketing Liquidating Trust (the "*Trust*"),  and Amy Carroll, Ralph Ford, and Roy S. Addis IV

(the "*Class Representatives*"), on behalf of themselves and on behalf of similarly situated class

members (together with the Class Representative, the "*Class Members*" or "*Class*"), hereby move

this Court pursuant to this motion (the "*Motion*") pursuant to section 105 of title 11 of the United

States Code (the "*Bankruptcy Code*"), Rule 9019 of the Federal Rules of Bankruptcy Procedure

(the "*Bankruptcy Rules*") and Rule 23 of the Federal Rules of Civil Procedure, made applicable

hereto by Bankruptcy Rule 7023, for the entry of orders: (a) approving the *Stipulation Regarding*

---

[1]    The Debtors in these cases are World Marketing Chicago, LLC; World Marketing Atlanta, LLC; and World
Marketing Dallas, LLC.

*WARN Act Class Claim* dated as of October 25, 2017 (the "*Settlement Agreement*" or the "*Settlement*")[2] among the Liquidating Trustee and the Class (collectively, the "*Parties*") pursuant to Bankruptcy Rule 9019, (b) preliminarily approving the Settlement Agreement pursuant to Civil Rule 23 and Bankruptcy Rule 7023, (c) approving the form and manner of notice to Class Members of the settlement, (d) scheduling a fairness hearing (the "*Fairness Hearing*") to consider final approval of the Settlement Agreement pursuant to Civil Rule 23 and Bankruptcy Rule 7023, (e) after the Fairness Hearing, finally approving the Settlement Agreement pursuant to Civil Rule 23 and Bankruptcy Rule 7023, and (f) granting related relief.   A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit 1**.   In support of the Motion, the Parties respectfully represent as follows:

## Jurisdiction

1.      The Court has jurisdiction over the Motion under 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are section 105 of the Bankruptcy Code, Bankruptcy Rules 7023 and 9019 and Rule 23 of the Federal Rules of Civil Procedure.

## Background

2.      World Marketing Atlanta, LLC ("*Atlanta*"), World Marketing Chicago, LLC ("*Chicago*") and World Marketing Dallas, LLC ("Dallas," and together with Atlanta and Chicago, the "*Debtors*") operated facilities as a single employer at 7950 West Joliet Road; McCook, Illinois 60525 (the "*Illinois facility*"); 8801 Autobahn Road, Suite 100; Dallas, Texas 75237 (the "*Texas facility*") and 1961 S. Cobb Industrial Boulevard, SE; Smyrna, Georgia 30082 (the "*Georgia*

---

[2]      Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement Agreement.

2

*facility*" and collectively the "*Facilities*") and employed the Class Representatives and the Class members.

3.      On September 28, 2015, (the "*Petition Date*"), the Debtors commenced their jointly administered cases in the United States Bankruptcy Court, Northern District of Illinois, Eastern Division (the "*Bankruptcy Court*") by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4.      That same day, the Debtors terminated the majority of their employees without giving them the 60 days' advance written notice required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "*WARN Act*").

5.      Prior to the Petition Date, the Debtors employed more than 100 employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

6.      On October 21, 2015, the Class Representatives filed a complaint (the "*WARN Adversary*") on their own behalves and on behalf of the Class against the Debtors alleging damages in the amount of 60 days' pay and ERISA benefits by reason of the Debtors' violation of the WARN Act.

7.      That same day, the Class Representatives filed a motion pursuant to Fed. R. Bankr. P. 9014(c) (the "*Class Motion*"), requesting the entry of an order applying Fed. R. Bankr. P. 7023 to the WARN class proof of claim, filed on the Class Representative's behalf and on behalf of those similarly situated former employees of World Marketing who were terminated on or about September 28, 2015 from their employment at the Debtor's Facilities and who did not receive sixty days' advance written notice of the order to close the Facilities as required by the WARN Act.

8.      On January 15, 2016, the Class Representatives, together with the Debtors and the Official Committee of Unsecured Creditors (the "*Committee*") filed a joint motion (the "*Class*

3

*Certification Motion*") for entry of an order certifying the Class as a class comprised of all former employees nominally employed by one or more Defendants and who worked at or were based at one or more of the Facilities located in Illinois, Texas and Georgia and were allegedly terminated on or about September 28, 2015, within thirty days of that date or thereafter, as part of, or as the reasonably expected consequence of, alleged plant closings ordered on or about September 28, 2015, as defined by the WARN Act, and who do not file a timely request to opt-out of the class.

9.      On January 27, 2016, the Bankruptcy Court entered an order granting the Class Certification Motion[3], which included appointment of The Gardner Firm, PC, together with Lankenau & Miller, LLP and Hiltz & Zanzig LLC, as Class counsel (the "*Class Counsel*") and certified a class, consisting of all former employees of World Marketing who worked at or reported to Debtor's Facilities and who were terminated and/or laid off without cause from their employment on or about September 28, 2015, or thereafter, as part of, or as the reasonably foreseeable consequence of, the plant closings ordered by the Debtor, as defined by the WARN Act, and who do not file a timely request to opt-out of the class (the "*WARN Class*").  On February 10, 2016, the Class Representatives dismissed the WARN Adversary, without prejudice.

10.     On February 10, 2016, Class Counsel caused the Court-approved WARN Class opt-out notice to be mailed to all potential Class Members.  There were no opt-outs from the WARN Class.

11.     Also on February 10, 2016, the Class Representatives filed the following proofs of claim on behalf of themselves and the Class (the "*WARN Claim*"):

---

[3]    WARN Adversary at (Dkt. 38).

| Debtor | Claim No. | Amount |
|--------|-----------|--------|
| Atlanta | 21-1 | $4+ million |
| Chicago | 31-1 | $4+ million |
| Dallas | 31-1 | $4+ million |

12.    The WARN Claim was asserted as an administrative priority claim against the Debtors, as a "single employer" under the WARN Act, and estimated to be at least $4 million and, in the alternative, as a priority claim in the same amount under Bankruptcy Code §§ 507(a)(4) and (5).

13.    On June 30, 2016, the Bankruptcy Court entered an order confirming a Plan of Liquidation (the "*Plan*") for the Debtors' bankruptcy estate.[4]  Under the terms of the Plan and corresponding documents: (1) the Trustee was appointed trustee for the Trust; and (2) the Trust was given the right, authority and discretion to review, prosecute and object to all Claims and Interests.  Section 7.6 of the Plan provided that all parties requesting payment of administrative claims were required to file a request for payment of the claim within 30 days of the Plan effective date.  The Plan effective date was July 18, 2016.

14.    On May 9, 2016, the Official Committee of Unsecured Creditors (the "*Committee*") filed its Third Amended Modified Plan of Liquidation (the "*Plan*") and on May 18, 2016, the Committee filed its Third Amended Disclosure Statement (the "*Disclosure Statement*").  [Dkts. # 404 and 425].

15.    On July 1, 2016, the Bankruptcy Court entered an order Confirming the Plan.  [Dkt. # 633].

16.    On July 18, 2016, the effective date (the "*Effective Date*") of the Plan occurred and Norman B. Newman was appointed as the Liquidating Trustee.  [Dkt. # 653].

---

[4]    (Dkt. 638.)

17.   Upon the Effective Date all assets of the Debtors' estate were transferred to the Trust.

18.   On August 17, 2016, the Class Representatives filed an application for allowance of and payment for an administrative Class claim for WARN Act damages against the Debtors, jointly and severally (the "*Administrative Priority Application*").[5]   Specifically, the Class Representatives requested allowance of an administrative claim against the Debtors, as a "single employer", estimated to be at least $4 million and equal to the sum of the following for each Class member: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits (that would have been covered and paid under the then applicable employee benefit plans, had that coverage continued for that period), all for a maximum of 60 days and determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A).   The Class Representatives also requested allowance of reasonable compensation for Class Representatives and payment of reasonable attorneys' fees and costs. [Dkt. # 688].

19.   On October 4, 2016, the Trustee filed an objection to the WARN Claim and the Administrative Priority Application, arguing that the Class was not entitled to a claim because the Debtors qualified as liquidating fiduciaries and therefore were exempted from providing notice to employees under the WARN Act.[6] The Class Representatives filed a Reply in support of the Administrative Priority Application on October 14, 2016.  The Court heard oral argument on the Administrative Priority Application on November 30, 2016.

---

[5]   (Dkt. 688.)

[6]   (Dkt. 718.)

6

20. On February 24, 2017, the Court entered a memorandum decision[7] and order[8] (the "*WARN Order*") granting the Administrative Priority Application, allowing the WARN Claim as an administrative priority claim in an amount to be determined at a later hearing.

21. On March 10, 2017, the Trustee filed an appeal of the WARN Order (the "*Appeal*") with the District Court for the Northern District of Illinois (the "*District Court*").

22. On April 14, 2017, the Trustee and the Class (together, the "*Parties*") filed an agreed motion staying the briefing schedule in the Appeal (the "*Stay Motion*"). The District Court entered an order approving the Stay Motion on April 17, 2017.

23. Also in April 2017, the Trustee provided Class Counsel with certain of the Debtors' payroll records in order for Class Counsel to liquidate the WARN Claim. The amount of the Liquidated WARN Claim (defined below) was calculated by Class Counsel, based upon Debtors' records, to the extent such records were available. The Trustee did not have conclusive benefits information for the Class, such as denied employee insurance claims during the violation period which would have otherwise been covered if the violation had not occurred. Such insurance claim amounts could have increased the amount of the WARN Claim but were unavailable. Class Counsel indicated that the WARN Claim could exceed $5 million due to: (a) the potential for additional unpaid benefits owed to Class Members; and (b) the Class's right to statutory fees and expenses, including legal fees and expenses associated with further proceedings and a prolonged appeal. The Trustee reviewed Class Counsel's analysis and concurred with their findings.

24. On September 26, 2017, the Class Representatives filed a class action lawsuit against World Marketing Holdings LLC and Blue Streak Holdings, Inc. seeking recoveries against

---

[7] (Dkt. 776.)

[8] (Dkt. 777.)

7

such parties directly for the benefit of the Class (Case No.: 17-cv-1309, pending in the Eastern District of Wisconsin, the "*WARN Class Wisconsin Litigation*").

25.    After having engaged in good faith arms' length negotiations to resolve this matter, the Trustee and the Class Representatives reached an agreement to resolve the WARN Appeal and settle the Class Claim, subject to approval of the Court, in exchange for an allowed *Liquidated WARN Claim,* i.e., an administrative priority claim in the amount of $4,217,850.79.

26.    On October 25, 2017, the Parties filed a joint stipulation and agreed proposed order seeking to dismiss the Trustee's Appeal without prejudice. In the event this Settlement is not approved, the Trustee may refile the appeal within ten days of entry of any order denying approval of this Settlement.  Should the appeal be refiled, the Class reserves all rights and defenses to any such appeal, but agrees not to raise the voluntary dismissal of the appeal in October 2017, as a basis to challenge the appeal.  The Parties anticipate that an agreed order, containing the above stipulations, will be entered prior to November 15, 2017.

27.    The Settlement Agreement spares the parties the significant expense and uncertainty associated with any appeal relating to the Class Claim and further litigation concerning damages.

28.    Continued litigation over the appeal and damage calculations would be costly and time-consuming.

29.    Following extended settlement negotiations, conducted in good faith and at arms' length, the Parties reached agreement on a compromise which provides, among other things, for the final settlement and resolution of the Class Claim.

8

## Essential Terms of the Proposed Settlement

30.     The essential terms of the Settlement Agreement are as follows:[9]

## 1.  WARN Claim and Approval Process

1.1  The WARN Claim shall be allowed in the amount of $4,217,850.79 as an administrative priority claim under § 503(b) of the Bankruptcy Code against the Debtors, for which the Debtors are jointly and severally liable (the "*Liquidated WARN Claim*").  Any amounts paid by World Marketing Holdings LLC and/or Blue Streak Holdings, Inc. in the WARN Class Wisconsin Litigation to the Class (not including amounts attributable to attorneys' fees, of any kind, or costs in the WARN Class Wisconsin Litigation), shall be credited dollar for dollar against the amount owed by the Debtors on the Liquidated WARN Claim.

1.2.  Any and all payments on the Liquidated WARN Claim shall be payable via wire transfer by the Trustee to Class Counsel or their designee (according to instructions to be supplied by Class Counsel) and shall be paid in cash upon entry of the Final Settlement Order and as funds are available from cash held by the Trust, provided that the Trustee, in good faith, deems the Trust to have sufficient funds for administration. The Trustee may not unreasonably withhold payment on the Liquidated WARN Claim.  To the extent that the Liquidated WARN Claim is not satisfied from existing cash, it shall be paid on a pro rata basis with any other unpaid administrative priority claims that have been allowed by final order of the Bankruptcy Court, from funds received into the Trust, from all sources, including but not limited to the liquidation of assets of the estates, collection of accounts receivable or prosecution of actions. Class Counsel will administer the Liquidated WARN Claim and handle all distributions from it, through a separate settlement administrator. Class Counsel, through a Settlement administrator, will prepare and provide IRS 1099 Forms to all Class Members reflecting Class Member payment(s) made pursuant to this Settlement.

1.3.  Service payments of $10,000 to each to the Class Representatives for their services rendered in this action (the "*Service Payments*") will be paid from the Liquidated WARN Claim rather than through a separate award.

1.4.  After deduction of the Service Payments from the Liquidated WARN Claim, Class Counsel is entitled to attorneys' fees ("*Class Counsel's Fees*") in the amount of one third of the remaining Liquidated WARN Claim, plus litigation expenses (including costs associated with the production and mailing of the Class Notice and Settlement administration) ("*Class Counsel's Expenses*"), which are included within and shall be

---

[9]     This summary of the Settlement Agreement is qualified in its entirety by the terms and provisions of the Settlement Agreement.  To the extent that there are any inconsistencies between the description of the Settlement Agreement contained herein and the terms and the provisions of the Settlement Agreement, the Settlement Agreement shall control.

payable solely from the Liquidated WARN Claim.  Class Counsel's Fees and Class Counsel's Expenses shall be payment in full for Class Counsel's work and expenses in connection with this matter.

1.5.    The WARN Claim shall not accrue interest, penalties or any other fees.

1.6.    On or before October 25, 2017, the Parties shall file a joint motion in these consolidated cases, in accordance with Rule 23 of the Federal Rules of Civil Procedure and Rules 7023 and 9019 of the Federal Rules of Bankruptcy Procedure, for approval of the Settlement through a bifurcated hearing process (the "*Settlement Motion*").  The Settlement Motion shall request an initial hearing (the "*Initial Hearing*") at which time the Parties shall seek entry of an order from the Bankruptcy Court substantially in the form attached hereto as **Exhibit A** (the "*Preliminary Settlement Order*") that (i) preliminarily approves the Settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure, made applicable by Rule 7023 of the Federal Rules of Bankruptcy Procedure, (ii) approves the Settlement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure; and (iii) approves the form and manner of notice to the Class Members concerning the Settlement, including, but not limited to, their right to object to the Settlement in person or by counsel (the "*Class Notice*").    The Parties shall also request a date for a fairness hearing (the "*Fairness Hearing*").  The Parties agree that the Fairness Hearing shall be set at the convenience of the Bankruptcy Court, but in no event sooner than sixty days following entry of the Preliminary Settlement Order.  At the Fairness Hearing, the Bankruptcy Court will consider final approval of the Settlement, and the Parties shall seek entry of an order from the Bankruptcy Court substantially in the form attached hereto as **Exhibit B** (the "*Final Settlement Order*").  This Settlement is subject to, and conditioned upon, issuance of the Final Settlement Order by the Bankruptcy Court approving this Settlement under Rule 23 of the Federal Rules of Civil Procedure made applicable herein pursuant to Fed. R. Bankr. P. 7023 and Rule 9019 of the Federal Rules of Bankruptcy Procedure, after notice to the Class Members.

1.7.    This Settlement shall become effective upon the date of entry of the Final Settlement Order by the Bankruptcy Court (the "*Effective Date*").

1.8.    Within five business days following the Effective Date and every sixty days thereafter, the Trustee will provide monthly written reports via electronic transmission to Class Counsel disclosing the amount of Debtors' cash on hand in the trust.

1.9.    Once payments on the Liquidated WARN Claim have been received by Class Counsel or its designated administrator, such amounts shall be distributed in one or more distributions, in the sole discretion of Class Counsel, as follows: (a) the Service Payments and (b) the balance, minus one third attorney fees, plus expenses of litigation, shall be the amounts ("*Class Member Amounts*") divided among the Class Members, as shown on **Schedule 1** to the Settlement.  The Class Member Amounts have been calculated by

Class Counsel, based upon Debtors' books and records to the extent such records were available, and are final in all respects.

1.10. Class Counsel shall be responsible for the production and mailing of all notices required to be provided to the Class Members (the "*Class Notice*"), the cost of which shall be paid from the Liquidated WARN Claim.  The address of Class Counsel will be used as the return address for the Class Notices and Class Counsel will respond to all inquiries of the Class arising from or related to this Settlement.

1.11. Any Class distributions pursuant to this Settlement which are not deposited, endorsed, or negotiated within one hundred eighty (180) days of their date of issuance shall be deemed residual funds (the "*Residual Funds*") on the 181st day following the Settlement distribution and treated as follows. Residual Funds will be (i) first, used to make Settlement distributions to additional Class Members, if any, that may be identified after Final Approval and who fall within the Class definition herein but who did not appear on **Schedule 1** ("*Additional Class Members*"); (ii) second, distributed to Class Members in a supplemental distribution, so long as Class Counsel determine that such distribution is feasible; and (iii) if any Residual Funds remain after Settlement Payment disbursements to Additional Class Members or as a supplemental distribution, then last, returned to the Trust.

1.12. Class Counsel shall bear the responsibility of the preparation of the Class Notices.  All notices and disbursements to the Class Members will be made by first class mail to their last known addresses as set forth on Schedule 1, unless otherwise instructed by the proposed Settlement Class member. Class Counsel's address will be used as the return address for all notices to the Class Members so that any returned Class notices will be returned to Class Counsel.  Class Counsel shall mail the Class Notice to the Class Members no later than five (5) business days after the entry of the Preliminary Settlement Order by the Bankruptcy Court.  The cost related to the Class Notice and other Class mailings shall be paid from the Settlement Amount.  If a Class Notice is returned to Class Counsel as undeliverable, Class Counsel will attempt to locate the Settlement Class member whose address has changed using a national address database to which Class Counsel subscribes.

1.13.   The Class Notice shall contain the following information, which shall be individualized for each Class Member:

(a)     That the Settlement shall become effective only if the Settlement Agreement is finally approved by the Bankruptcy Court under Rule 23 of the Federal Rules of Civil Procedure and Rule 9019 of the Federal Rules of Bankruptcy Procedure;

(b)     That, if so approved, the Settlement shall be effective as to all Class Members;

(c)     The projected dollar amount each Class Member would receive under this Settlement, assuming full satisfaction of the Liquidated WARN Claim;

(d)     That each Class Member has the right to object to this Settlement either in person or through counsel and to be heard at the Fairness Hearing; and

(e)     That all Released Claims (as that term is defined below) of a Class Member (other than the right to be paid under the terms of this Settlement if approved by the Court) shall be waived upon full satisfaction of the Liquidated WARN Claim.

1.14. A Class Member may object to this Settlement by sending timely written notice of such objection (a "*Notice of Objection*") to Class Counsel and counsel to the Trustee at the addresses indicated in the Class Notice and by filing such Notice of Objection with the Bankruptcy Court.  Any such objections shall state (i) the objector's full name, mailing address, and telephone number, (ii) if applicable, the full name, mailing address, and telephone number of the objector's attorney, and (iii) all reasons for objecting to the Settlement and any supporting papers, materials, or briefs.  Any such objections must be sent/filed such that they are received by the Parties and the Bankruptcy Court by the objection deadline established by the Bankruptcy Court and served in accordance with the procedures set forth in the Preliminary Settlement Order and the Notice.

## 2.  Mutual Release

2.1.   Upon full satisfaction of the Liquidated WARN Claim, and subject to the provisions of this Settlement, the Trustee and the Liquidating Trust will be deemed to have released, waived, and discharged the Class from any and all liabilities, obligations, actions, suits, judgments, claims, causes of action and demands, known or unknown, whatsoever, at law or in equity related to the WARN Claim.

2.2.   Upon full satisfaction of the Liquidated WARN Claim, and subject to the provisions of this Settlement Agreement, the Class will be deemed to have released, waived, and discharged the Trustee, the Liquidating Trust, the Liquidating Trust's professionals, the Official Committee of Unsecured Creditors and its professionals, the Debtors' estates and the Debtors' secured and administrative claimholders (collectively, the "*Estate Released Parties*"); on account of their allowed and satisfied claims from any and all liabilities, obligations, actions, suits, judgments, claims, causes of action and demands, known or unknown, whatsoever at law, or in equity, related to the WARN Claim; *provided, however*, that Estate Released Parties shall not include the following parties - Robert W. Kraft; World Marketing Holdings, LLC; Blue Streak Holdings, Inc.; Lisa Sanregret; RCI FirstPathway Citizenship Investment Fund LLC; World Marketing Management Company, Inc.; MTI Connect, LLC; RWK Global Holdings LLC; and, Crane, Heyman, Simon, Welch, & Clar.

2.3.   Upon entry of a Final Settlement Order, the Class and each of its members in their individual capacity expressly waive and release any claim the Class and each of its members in their individual capacity may have for disgorgement against the Estate Released Parties.

2.4.   Nothing in the releases granted in this Section 2 shall affect any claims held by Class

members in their individual capacity against the Debtors' estates that do not arise under the WARN Act (the "*Other Employee Claims*") including without limitation claims for wages or benefits whether scheduled by the Debtors during the chapter 11 cases or by proof of claim as filed by such individuals, and all such claims are expressly preserved.

**3.  Stay and Withdrawal of Appeal**

The Parties acknowledge that, pursuant to a stipulation and agreed order submitted to the District Court by the Parties, the Appeal has been dismissed, without prejudice.  In the event this Settlement is not approved, the Trustee may refile the appeal within ten days of entry of any order denying approval of this Settlement.  Should the appeal be refiled, the Class reserves all rights and defenses to any such appeal, but agrees not to raise the voluntary dismissal of the appeal in October, 2017, as a basis to challenge the appeal.

**8.  Protection of Class Members' Confidential Information.**

The Trustee shall provide Class Counsel with the Social Security numbers for each Class member upon execution of this Settlement.  Class Counsel (and any settlement administrator retained by Class Counsel) shall keep all such Social Security number information strictly confidential and shall not use it for any purpose other than administering the Settlement.

## Relief Requested

31.      By this Motion, the Parties request that the Court enter orders, substantially in the form attached hereto as **Exhibits A and B** to the Settlement Agreement: (i) authorizing the Parties to enter into the Settlement Agreement; (ii) preliminarily approving the Settlement Agreement; (iii) approving the form and manner of notice; (iv) scheduling a Fairness Hearing to consider final approval of the Settlement Agreement; and (v) approving the Settlement Agreement on a final basis.

## Basis for Relief Requested

**A.      The Court Should Approve the Settlement
Pursuant to Bankruptcy Rule 9019**

32.      Bankruptcy Rule 9019 authorizes a bankruptcy court to approve a compromise or settlement after notice and a hearing, FED. R. BANKR. P. 9019(a), and section 105 of the Bankruptcy Code empowers a court to issue any order that is "necessary or appropriate".  11 U.S.C. § 105(a).

33.     The authority to approve a compromise settlement is within the discretion of the bankruptcy court.  See, *Depoister v. Mary M. Holloway Foundation*, 36 F.3d 582, 586-87 (7th Cir. 1994).

**B.     Standard for Approval of the Settlement Agreement**

34.     "The benchmark for determining the propriety of bankruptcy settlement is whether the settlement is in the best interests of the estate." *Scouler & Co. v. Bauch & Michaels, LLC, (In re Holly Marine Towing, Inc.)*, 453 B.R. 906, 913 (N.D. Ill. 2011) (citing *In re Energy Co-op, Inc*. 886 F.2d 921, 927 (7th Cir. 1989)). Courts compare the terms of the settlement with the probable costs and benefits of litigation.  *Energy Co-op, Inc*., 886 F.2d at 927, *see also In re Consol. Indus. Corp*., 2008 U.S. Dist. LEXIS 118834, *49-50 (N.D. Ind. May 29, 2008).

35.     Bankruptcy judges consider the following factors when determining whether a settlement is in the best interest of the estate: (i) the probability of success in the litigation; (ii) the complexity of the litigation involved, and (iii) the expense, inconvenience and delay, including costs associated with disapproving the proposed settlement.  See *Energy Co-op, Inc*., 886 F.2d at 927.  The Seventh Circuit has specifically stated that a bankruptcy court's review of a settlement is limited in scope, and that the court need only determine whether "the value of the proposed compromise distribution is reasonably equivalent to the value of the potential claim which has been surrendered or modified by the settlement which has been achieved."  Id. at 927 (quoting *In re New York, N.H. & H.R. Co*., 632 F.2d 955 (2d Cir. 1980)) (emphasis in original).

36.     The outcome of any appeal of the Class Claim or further litigation over damages is uncertain. The Settlement Agreement spares the parties the significant expense and uncertainty associated with the litigation of the myriad of issues in the Class Claim.

37.     Continued litigation would be costly and time-consuming and expose all Parties to litigation risks.  Class Counsel has asserted that the WARN Act liability of 60 days' pay and

benefits exceeds $4.2 million for the Class, plus "prevailing party" attorneys' fees and costs.

There are limited resources in this estate, which would only be further depleted by the litigation of

any appeal and hearing on damages concerning the Class Claim.  The Settlement resolves the Class

Claim (including the claim for attorney's fees and costs, which will be paid from Settlement

Amount rather than being sought separately from the estate) and eliminates any further accrual of

litigation expenses associated with the WARN Appeal.  Accordingly, based on the risks associated

with further litigation, as well as the value to the estate of the acceptance of the compromise

proposal, the Parties respectfully submit that approval of the Settlement is warranted.

**C.      The Court Should Preliminarily Approve the
          Settlement Agreement Pursuant to Civil Rule 23**

38.      After class certification, approval of a class settlement generally requires two

hearings:  one preliminary approval hearing and one final "fairness" hearing.  *In re Northfield*

*Labs., Inc. Sec. Litig.*, No. 06 C 1493, 2012 U.S. Dist. LEXIS 12741, at *15-16 (N.D. Ill. Jan. 31,

2012); *Butler v. Am. Cable & Tel.*, LLC, No. 09 CV 5336, 2011 U.S. Dist. LEXIS 74512, at *21

(N.D. Ill. Jul. 12, 2011).  Once a settlement is preliminarily approved, notice of the proposed

settlement and of the fairness hearing is provided to class members.  *Butler*, 2011 U.S. Dist. LEXIS

74512, at *21.

39.      At the subsequent Fairness Hearing, class members may formally object to the

proposed settlement.  *In re Northfield Labs., Inc. Sec. Litig.*, 2012 U.S. Dist. LEXIS 12741, at *15-

16.

40.      "The preliminary approval decision is not a commitment [to] approve the final

settlement; rather, it is a determination that 'there are no obvious deficiencies and the settlement

falls within the range of reason.'"  *Gates v. Rohm & Haas, Co.*, 248 F.R.D. 434, 438 (E.D. Pa.

2008) (quoting *Smith v. Prof'l Billing & Mgmt. Serv.s, Inc.*, 2007 U.S. Dist. LEXIS 86189, at *4

(D.N.J. Nov. 21, 2007)). *See also, In re Cmty. Bank of N. Va.,* 2008 U.S. Dist. LEXIS 62787

(W.D. Pa. Aug. 15, 2008) (conditionally certifying class and preliminarily approving settlement

before holding final hearing).

41.    The Settlement Agreement has no obvious deficiencies and, as demonstrated above,

falls well within the range of reason.  Further, each of the above-cited 9019 factors weighs in favor

of preliminary approval of the Settlement Agreement.

42.    The Settlement is the result of good faith, arm's length negotiations between

capable adversaries.  The Class Representatives are represented by counsel with extensive

experience and expertise in WARN Act matters.

43.    Accordingly, the Court should preliminarily approve the Settlement Agreement.

**D.    The Court Should Approve the Form and
Manner of the Proposed Notice of the Settlement**

44.    Rule 23(e) requires that all members of the class be notified of the terms of any

proposed settlement.  Fed. R. Civ. P. 23(e).  "The purpose of a class notice is to present a fair

recital of the subject matter of the suit and to inform all class members of their opportunity to be

heard. . .A class notice is a mechanism to satisfy due process, thereby permitting a judgment to be

binding on all class members. . . Further, notice serves the important interest and function of

informing persons that their rights may have been violated for which there is legal redress." *Garcia*

*v. Elite Labor Serv.*, No. 95 C 2341, 1996 U.S. Dist. LEXIS 9824, at *3-4 (N.D. Ill. Jul. 12, 1996)

(citing *Gypsum Antitrust Cases v. United States Gypsum Co.*, 565 F.2d 1123 (9th Cir. 1977);

*McGinley v. Burroughs Corp.*, 407 F. Supp. 903 (E.D. Pa. 1975); *Johnson v. American Airlines*,

531 F. Supp. 957, 959 (N.D. Tex. 1982)).  The Rule 23(e) requirement is "designed to summarize

the litigation and the settlement and 'to apprise class members of the right and opportunity to

inspect the complete settlement documents, papers, and pleadings filed in the litigation.'" *Krell v.*

*Prudential Ins. Co. of Am. (In Re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions)*, 148

F.3d 283, 327 (3d Cir. 1998) (quoting 2 Newberg on Class Actions § 8.32 at 8-109).

45.     The Class Notice, substantially in the form attached to the Settlement Agreement

as **Exhibit C** will be served by Class Counsel upon each Class Member.  Class Counsel proposes

that within ten (10) business days following entry of the order preliminarily approving the

Settlement Agreement, Class Counsel will serve the Class Notice upon each Class Member at the

last known address of each Class Member as provided by the Liquidating Trustee and reflected on

**Schedule 1** to the Settlement (or as updated by Class Counsel's searches for current addresses or

as may otherwise be determined by the Parties). *Cf. In re Prudential*, 148 F.3d at 327 (holding that

mailings to last known address of class members and publication in national newspapers sufficient

to provide notice to large, multi-state class).

46.     The Class Notice contains the following information:

(a)     That the Settlement shall become effective only if the Settlement Agreement is

finally approved by the Bankruptcy Court under Rule 23 of the Federal Rules of Civil Procedure

and Rule 9019 of the Federal Rules of Bankruptcy Procedure;

(b)     That, if so approved, the Settlement shall be effective as to all Class Members;

(c)     The projected dollar amount each Class Member would receive under this

Settlement, assuming full satisfaction of the Liquidated WARN Claim;

(d)     That each Class Member has the right to object to this Settlement either in person

or through counsel and to be heard at the Fairness Hearing; and

(e)     That all Released Claims (as that term is defined in the Settlement) of a Class

Member (other than the right to be paid under the terms of the Settlement if approved by the Court)

shall be waived upon full satisfaction of the Liquidated WARN Claim.

47.     In the event that a Class Notice is returned as undeliverable, Class Counsel shall re-

mail it to any corrected address of the intended recipient as may be determined by Class Counsel

through a search of a national database or as may otherwise be obtained by the Parties.

48.     Accordingly, the form and manner of distribution of the above described notice are

sufficient and should be approved.

**E.      The Court Should Finally Approve the Settlement
at the Fairness Hearing Pursuant to Civil Rule 23**

49.     The Parties request that the Court set a Fairness Hearing, which, subject to the

Court's calendar, would be heard 60 days from the entry of the Preliminary Approval Order.  At

the Fairness Hearing, the Court should finally approve the Settlement.

50.     Civil Rule 23 provides that "[t]he claims, issues, or defenses of a certified class

may be settled, voluntarily dismissed or compromised only with the court's approval."  FED. R.

CIV. P. 23(e).  Final approval of a settlement pursuant to Civil Rule 23(e) turns on whether the

settlement is "fair, reasonable and adequate."  FED. R. CIV. P. 23(e)(2).

51.     A district court may approve a class action settlement under Federal Rule of Civil

Procedure 23(e) only upon a finding that the settlement "is fair, adequate, and reasonable."

"Factors that may be considered in determining whether a class settlement is fair, adequate, and

reasonable include: (a) the strength of plaintiffs' case compared to the benefits of the settlement;

(b) as regards a damages settlement, defendants' ability  to pay; (c) the likely complexity, length,

and expense of further litigation; (d) opposition to the settlement from members of the class; (e)

any indications of collusion; (f) the opinions of counsel; (g) the stage of the proceeding and the

amount of discovery completed at the time of settlement; and (h) the public interest."  *Williams v.

Quinn*, 748 F. Supp. 2d 892, 897 (N.D. Ill. 2010) (internal citations omitted).

52.     The following strongly support approval of the Settlement Agreement.

- As discussed, continued litigation of the Class Claim will be complicated, protracted and expensive.  Continued litigation would expose the estate to significant litigation risks.

- The Class Representatives support the Settlement Agreement, and Class Counsel believes that the bulk of the other Class Members will have a favorable reaction to the Settlement Agreement and will not object to it.

- As stated above, the Settlement is the result of good faith arm's length negotiations between capable adversaries.

53.     Based on the foregoing, the Court should approve the Settlement Agreement pursuant to Civil Rule 23 and Bankruptcy Rule 7023.

**Schedule of Events**

54.     The Court's entry of the Preliminary Approval Order would, among other things, (1) approve and direct notice of the Settlement to all members of the Class; and (2) schedule a final hearing to consider whether the Settlement should be approved as being fair, reasonable, and adequate (the "Final Fairness Hearing"). As such, the proposed Preliminary Approval Order sets certain deadlines, as follows:

- ➢ **Deadline for Class Counsel to mail the Notice to the Class Members:  <u>10 business days</u> after the entry of the Order of Preliminary Approval;**

- ➢ **Deadline for any Class Member to object to the final approval of the Settlement:  <u>35 days</u> after the mailing of the Class Notice; and**

- ➢ **Final Fairness Hearing:  no earlier than <u>60 days</u> following entry of the Preliminary Approval Order, or as otherwise directed by the Court.**

This schedule is similar to those used and approved by bankruptcy courts in other class action WARN settlements and provides due process to Class Members with respect to their rights concerning the Settlement.

## Notice

55.     Bankruptcy Rule 2002 requires that all creditors be given not less than 21 days' notice of "the hearing on approval of a compromise or settlement of a controversy unless the court for cause shown directs that the notice be not sent…" FED. R. BANKR. P. 2002(a)(3).

56.     The Parties propose that notice, together with a copy of this Motion (exclusive of Schedule 1 to the Settlement), be provided to all parties which have requested notice pursuant to Bankruptcy Rule 2002.  In order to protect the privacy of the Debtors' former employees, the Parties have filed contemporaneously herewith a separate motion seeking authority to submit Schedule 1 to the Settlement Agreement under seal.  In light of the nature of the relief requested, the Parties submit that no other or further notice need be given.

## No Prior Request

57.     No previous application for the relief sought herein has been made to this or any other Court.

## Conclusion

WHEREFORE, the Parties respectfully request the Court to enter orders, substantially in the proposed forms attached as Exhibits A and B to the Settlement Agreement, filed contemporaneously with this Motion: (i) granting the Motion in its entirety; (ii) authorizing the Parties to enter into the Settlement Agreement; (iii) approving the form and manner of the notice; (iv) scheduling a Fairness Hearing; (vii) approving the Settlement Agreement on a final basis; and (viii) granting such other relief as the Court deems necessary and appropriate.

Dated: October 25, 2017

/s/  Aaron L. Hammer
Aaron L. Hammer (ARDC No. 6243069)
Mark S. Melickian (ARDC No. 6229843)
Michael A. Brandess (ARDC No. 6299158)
**SUGAR FELSENTHAL GRAIS & HAMMER LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone: (312) 704-9400
Facsimile: (312) 372-7951
ahammer@SFGH.com
mmelickian@SFGH.com
mbrandess@SFGH.com

*Counsel to the Liquidating Trustee*

By: ___/s/ John F. Hiltz_____
Blair R. Zanzig (ARDC No. 6273293)
John F Hiltz (ARDC No. 6289744)
**HILTZ & ZANZIG LLC**
53 West Jackson Blvd., Suite 205
Chicago, Illinois 60604
Telephone: (312) 566-9008
Facsimile: (312) 566-9015

Stuart J. Miller (*pro hac vice*)
**LANKENAU & MILLER, LLP**
132 Nassau Street, Suite 1100
New York, New York 10038
Telephone: (212) 581-5005
Facsimile: (212) 581-2122

Mary E. Olsen (*pro hac vice*)
**THE GARDNER FIRM, P.C.**
210 S. Washington Avenue
Mobile, AL 36602
Telephone: (251) 433-8100
Facsimile: (251) 433-8181

*Attorneys for Class Representatives Amy
Carroll, Ralph Ford, Roy S. Addis IV and the
Class*

21

Exhibit 1
Settlement Agreement

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *In re* | Chapter 11 |
| WORLD MARKETING CHICAGO, LLC, *et al.*,[1] | Case No. 15-32968 |
| Debtors. | (Jointly Administered) |
| | Honorable Timothy A. Barnes |

## STIPULATION REGARDING WARN ACT CLASS CLAIM

**This stipulation and settlement** (the "*Settlement*") is made as of October 25, 2017, by and between Norman B. Newman, solely as Trustee (the "*Trustee*") for the World Marketing Liquidating Trust (the "*Trust*") and Amy Carroll, Ralph Ford, and Roy S. Addis IV (the "*Class Representatives"*), on behalf of themselves and the members of the Class they represent, so certified by this Court (the "*Class*"). The Class Representatives and Trustee are collectively referred to herein as the "*Parties.*"

### RECITALS

A.  World Marketing Atlanta, LLC ("*Atlanta*"), World Marketing Chicago, LLC ("*Chicago*") and World Marketing Dallas, LLC ("Dallas," and together with Atlanta and Chicago, the "*Debtors*") operated facilities as a single employer at 7950 West Joliet Road; McCook, Illinois 60525 (the "*Illinois facility*"); 8801 Autobahn Road, Suite 100; Dallas, Texas 75237 (the "*Texas facility*") and 1961 S. Cobb Industrial Boulevard, SE; Smyrna, Georgia 30082 (the "*Georgia facility*" and collectively the "*Facilities*") and employed the Class Representatives and the Class members..

B.  On September 28, 2015 (the "*Petition Date*"), the Debtors filed voluntary chapter 11 bankruptcy petitions in the United States Bankruptcy Court for the Northern District of Illinois

---

[1]   The Debtors in these cases are World Marketing Chicago, LLC; World Marketing Atlanta, LLC; and World Marketing Dallas, LLC.

(the "*Bankruptcy Court*"), jointly administered under case number 15-32968.[2]

C.  That same day, the Debtors terminated the majority of their employees without giving them the 60 days' advance written notice required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "*WARN Act*").

D.  On October 21, 2015, the Class Representatives filed a complaint (the "*WARN Adversary*") on their own behalves and on behalf of the Class against the Debtors alleging damages in the amount of 60 days' pay and ERISA benefits by reason of the Debtors' violation of the WARN Act.[3]

E.  On January 15, 2016, the Class Representatives, together with the Debtors and the Official Committee of Unsecured Creditors (the "*Committee*") filed a joint motion (the "*Class Certification Motion*") for entry of an order certifying the Class as a class comprised of all former employees nominally employed by one or more Defendants and who worked at or were based at one or more of the Facilities located in Illinois, Texas and Georgia and were allegedly terminated on or about September 28, 2015, within thirty days of that date or thereafter, as part of, or as the reasonably expected consequence of, alleged plant closings ordered on or about September 28, 2015, as defined by the WARN Act, and who do not file a timely request to opt-out of the class.[4]

F.  On January 27, 2016, the Bankruptcy Court entered an order granting the Class Certification Motion[5], which included appointment of The Gardner Firm, PC, together with Lankenau & Miller, LLP and Hiltz & Zanzig LLC, as Class counsel (the "*Class Counsel*").   On February 10, 2016, the Class Representatives dismissed the WARN Adversary, without prejudice.[6]

G.  On February 10, 2016, the Class Representatives filed the following proofs of claim on behalf of themselves and the Class (the "*WARN Claim*"):

| Debtor | Claim No. | Amount |
|--------|-----------|--------|
| Atlanta | 21-1 | $4+ million |
| Chicago | 31-1 | $4+ million |
| Dallas | 31-1 | $4+ million |

---

[2]  (Dkt. 1.)

[3]  Bankr. N.D. Ill. 15-00784.

[4]  WARN Adversary at (Dkt. 37).

[5]  WARN Adversary at (Dkt. 38).

[6]  WARN Adversary at (Dkt. 39).

H. The WARN Claim was asserted as an administrative priority claim against the Debtors, as a "single employer" under the WARN Act, and could have exceeded $5 million and, in the alternative, as a priority claim in the same amount under Bankruptcy Code §§ 507(a)(4) and (5).

I. On June 30, 2016, the Bankruptcy Court entered an order confirming a Plan of Liquidation (the "*Plan*") for the Debtors' bankruptcy estate.[7]   Under the terms of the Plan and corresponding documents: (1) the Trustee was appointed trustee for the Trust; and (2) the Trust was given the right, authority and discretion to review, prosecute and object to all Claims and Interests.  Section 7.6 of the Plan provided that all parties requesting payment of administrative claims were required to file a request for payment of the claim within 30 days of the Plan effective date.  The Plan effective date was July 18, 2016.[8]

J. On August 17, 2016, the Class Representatives filed an application for allowance of and payment for an administrative Class claim for WARN Act damages against the Debtors, jointly and severally (the "*Administrative Priority Application*").[9]   Specifically, the Class Representatives requested allowance of an administrative claim against the Debtors, as a "single employer", estimated to be at least $4 million and equal to the sum of the following for each Class member: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits (that would have been covered and paid under the then applicable employee benefit plans, had that coverage continued for that period), all for a maximum of 60 days and determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A).  The Class Representatives also requested allowance of reasonable compensation for Class Representatives and payment of reasonable attorneys' fees and costs.

K. On October 4, 2016, the Trustee filed an objection to the WARN Claim and the Administrative Priority Application, arguing, that the Class was not entitled to a claim because the Debtors qualified as liquidating fiduciaries and therefore were exempted from providing notice to employees under the WARN Act.[10] The Class Representatives filed a Reply in support of the Administrative Priority Application on October 14, 2016.  The Court heard oral argument on the Administrative Priority Application on November 30, 2016.

L. On February 24, 2017, the Court entered a memorandum decision[11] and order[12] (the "*WARN Order*") granting the Administrative Priority Application, allowing the WARN Claim as an

---

[7]   (Dkt. 638.)

[8]   (Dkt. 649.)

[9]   (Dkt. 688.)

[10]   (Dkt. 718.)

[11]   (Dkt. 776.)

[12]   (Dkt. 777.)

administrative priority claim in an amount to be determined at a later hearing.

M. On March 10, 2017, the Trustee filed an appeal of the WARN Order (the "*Appeal*") with the District Court for the Northern District of Illinois (the "*District Court*").

N. On April 14, 2017, the Trustee and the Class (together, the "*Parties*") filed an agreed motion staying the briefing schedule in the Appeal (the "*Stay Motion*"). The District Court entered an order approving the Stay Motion on April 17, 2017.

O. Also in April 2017, the Trustee provided Class Counsel with certain of the Debtors' payroll records in order for Class Counsel to liquidate the WARN Claim. The amount of the Liquidated WARN Claim (defined below) was calculated by Class Counsel, based upon Debtors' records, to the extent such records were available. The Trustee did not have conclusive benefits information for the Class, such as denied employee insurance claims during the violation period which would have otherwise been covered if the violation had not occurred. Such insurance claim amounts could have increased the amount of the WARN Claim but were unavailable. Class Counsel indicated that the WARN Claim could exceed $5 million due to: (a) the potential for additional unpaid benefits owed to Class Members; and (b) the Class's right to statutory fees and expenses, including legal fees and expenses associated with further proceedings and a prolonged appeal. The Trustee reviewed Class Counsel's analysis and concurred with their findings. On September 26, 2017, the Class Representatives filed a class action lawsuit against World Marketing Holdings LLC and Blue Streak Holdings, Inc. seeking recoveries against such parties directly for the benefit of the Class (Case No.: 17-cv-1309, pending in the Eastern District of Wisconsin, the "*WARN Class Wisconsin Litigation*").

P. On October 25, 2017, the Parties submitted an agreed order dismissing the Trustee's Appeal without prejudice. In the event this Settlement is not approved, the Trustee may refile the appeal within ten days of entry of any order denying approval of this Settlement. Should the appeal be refiled, the Class reserves all rights and defenses to any such appeal, but agrees not to raise the voluntary dismissal of the appeal in October, 2017, as a basis to challenge the appeal. The Parties anticipate that an agreed order, containing the above stipulations, will be entered prior to November 15, 2017.

Q. *Now, therefore*, for good and valuable consideration, the receipt and sufficiency of which is acknowledged by the Parties, it is hereby stipulated, consented to, and agreed by and between the Parties as follows:

### TERMS OF SETTLEMENT

**1. WARN Claim and Approval Process**

1.1 Upon the Effective Date (as defined in Section 1.7, below) and subject to the provisions of this Settlement, the WARN Claim shall be allowed in the amount of $4,217,850.79 as

an administrative priority claim under § 503(b) of the Bankruptcy Code against the Debtors, for which the Debtors are jointly and severally liable (the "*Liquidated WARN Claim*"). Any amounts paid by World Marketing Holdings LLC and/or Blue Streak Holdings, Inc. in the WARN Class Wisconsin Litigation to the Class (not including amounts attributable to attorneys' fees, of any kind, or costs in the WARN Class Wisconsin Litigation), shall be credited dollar for dollar against the amount owed by the Debtors on the Liquidated WARN Claim..

1.2. Any and all payments on the Liquidated WARN Claim shall be payable via wire transfer by the Trustee to Class Counsel or their designee (according to instructions to be supplied by Class Counsel) and shall be paid in cash upon entry of the Final Settlement Order and as funds are available from cash held by the Trust, provided that the Trustee, in good faith, deems the Trust to have sufficient funds for administration. The Trustee may not unreasonably withhold payment on the Liquidated WARN Claim. To the extent that the Liquidated WARN Claim is not satisfied from existing cash, it shall be paid on a pro rata basis with any other unpaid administrative priority claims that have been allowed by final order of the Bankruptcy Court, from funds received into the Trust, from all sources, including but not limited to the liquidation of assets of the estates, collection of accounts receivable or prosecution of actions. Class Counsel will administer the Liquidated WARN Claim and handle all distributions from it, through a separate settlement administrator. Class Counsel, through a Settlement administrator, will prepare and provide IRS 1099 Forms to all Class Members reflecting Class Member payment(s) made pursuant to this Settlement.

1.3. Service payments of $10,000 each to the Class Representatives for their services rendered in this action (the "*Service Payments*") will be paid from the Liquidated WARN Claim rather than through a separate award.

1.4. After deduction of the Service Payments from the Liquidated WARN Claim, Class Counsel is entitled to attorneys' fees ("*Class Counsel's Fees*") in the amount of one third of the remaining Liquidated WARN Claim, plus litigation expenses (including costs associated with the production and mailing of the Class Notice and Settlement administration) ("*Class Counsel's Expenses*"), which are included within and shall be payable solely from the Liquidated WARN Claim. Class Counsel's Fees and Class Counsel's Expenses shall be payment in full for Class Counsel's work and expenses in connection with this matter.

1.5. The WARN Claim shall not accrue interest, penalties or any other fees.

1.6. On or before October 25, 2017, the Parties shall file a joint motion in these consolidated cases, in accordance with Rule 23 of the Federal Rules of Civil Procedure and Rules 7023 and 9019 of the Federal Rules of Bankruptcy Procedure, for approval of the Settlement

through a bifurcated hearing process (the "*Settlement Motion*").  The Settlement Motion shall request an initial hearing (the "*Initial Hearing*") at which time the Parties shall seek entry of an order from the Bankruptcy Court substantially in the form attached hereto as **Exhibit A** (the "*Preliminary Settlement Order*") that (i) preliminarily approves the Settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure, made applicable by Rule 7023 of the Federal Rules of Bankruptcy Procedure, (ii) approves the Settlement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure; and (iii) approves the form and manner of notice to the Class Members concerning the Settlement, including, but not limited to, their right to object to the Settlement in person or by counsel (the "*Class Notice*").    The Parties shall also request a date for a fairness hearing (the "*Fairness Hearing*").  The Parties agree that the Fairness Hearing shall be set at the convenience of the Bankruptcy Court, but in no event sooner than sixty days following entry of the Preliminary Settlement Order.  At the Fairness Hearing, the Bankruptcy Court will consider final approval of the Settlement, and the Parties shall seek entry of an order from the Bankruptcy Court substantially in the form attached hereto as **Exhibit B** (the "*Final Settlement Order*").  This Settlement is subject to, and conditioned upon, issuance of the Final Settlement Order by the Bankruptcy Court approving this Settlement under Rule 23 of the Federal Rules of Civil Procedure made applicable herein pursuant to Fed. R. Bankr. P. 7023 and Rule 9019 of the Federal Rules of Bankruptcy Procedure, after notice to the Class Members.

1.7.  This Settlement shall become effective upon the date of entry of the Final Settlement Order by the Bankruptcy Court (the "*Effective Date*").

1.8.  Within five business days following the Effective Date and every sixty days thereafter, the Trustee will provide monthly written reports via electronic transmission to Class Counsel disclosing the amount of Debtors' cash on hand in the trust.

1.9.  Once payments on the Liquidated WARN Claim have been received by Class Counsel or its designated administrator, such amounts shall be distributed in one or more distributions, in the sole discretion of Class Counsel, as follows: (a) the Service Payments and (b) the balance, minus one third attorney fees, plus expenses of litigation, shall be the amounts ("*Class Member Amounts*") divided among the Class Members, as shown on **Schedule 1** hereto.  The Class Member Amounts have been calculated by Class Counsel, based upon Debtors' books and records to the extent such records were available, and are final in all respects.

1.10.  Class Counsel shall be responsible for the production and mailing of all notices required to be provided to the Class Members (the "*Class Notice*"), the cost of which shall be paid from the Liquidated WARN Claim.  The address of Class Counsel will be used as the return address for the Class Notices and Class Counsel will respond to all inquiries of the Class arising from or related to this Settlement.

1.11. Any Class distributions pursuant to this Settlement which are not deposited, endorsed, or negotiated within one hundred eighty (180) days of their date of issuance shall be deemed residual funds (the "*Residual Funds*") on the 181st day following the Settlement distribution and treated as follows. Residual Funds will be (i) first, used to make Settlement distributions to additional Class Members, if any, that may be identified after Final Approval and who fall within the Class definition herein but who did not appear on **Schedule 1** ("*Additional Class Members*"); (ii) second, distributed to Class Members in a supplemental distribution, so long as Class Counsel determine that such distribution is feasible; and (iii) if any Residual Funds remain after Settlement Payment disbursements to Additional Class Members or as a supplemental distribution, then last, returned to the Trust.

1.12. Class Counsel shall bear the responsibility of the preparation of the Class Notices.  All notices and disbursements to the Class Members will be made by first class mail to their last known addresses as set forth on Schedule 1, unless otherwise instructed by the proposed Settlement Class member. Class Counsel's address will be used as the return address for all notices to the Class Members so that any returned Class notices will be returned to Class Counsel.  Class Counsel shall mail the Class Notice to the Class Members no later than five (5) business days after the entry of the Preliminary Settlement Order by the Bankruptcy Court.  The cost related to the Class Notice and other Class mailings shall be paid from the Settlement Amount.  The Class Notice shall be in substantially the form annexed hereto as **Exhibit C** or such substantially similar form as may be approved by the Bankruptcy Court.  If a Class Notice is returned to Class Counsel as undeliverable, Class Counsel will attempt to locate the Settlement Class member whose address has changed using a national address database to which Class Counsel subscribes.

1.13. The Class Notice shall contain the following information, which shall be individualized for each Class Member:

  (a)   That the Settlement shall become effective only if the Settlement Agreement is finally approved by the Bankruptcy Court under Rule 23 of the Federal Rules of Civil Procedure and Rule 9019 of the Federal Rules of Bankruptcy Procedure;

  (b)   That, if so approved, the Settlement shall be effective as to all Class Members;

  (c)   The projected dollar amount each Class Member would receive under this Settlement, assuming full satisfaction of the Liquidated WARN Claim;

  (d)   That each Class Member has the right to object to this Settlement either in person or through counsel and to be heard at the Fairness

Hearing; and

(e)    That all Released Claims (as that term is defined below) of a Class Member (other than the right to be paid under the terms of this Settlement if approved by the Court) shall be waived upon full satisfaction of the Liquidated WARN Claim.

1.14. A Class Member may object to this Settlement by sending timely written notice of such objection (a "*Notice of Objection*") to Class Counsel and counsel to the Trustee at the addresses indicated in the Class Notice and by filing such Notice of Objection with the Bankruptcy Court.  Any such objections shall state (i) the objector's full name, mailing address, and telephone number, (ii) if applicable, the full name, mailing address, and telephone number of the objector's attorney, and (iii) all reasons for objecting to the Settlement and any supporting papers, materials, or briefs.  Any such objections must be sent/filed such that they are received by the Parties and the Bankruptcy Court by the objection deadline established by the Bankruptcy Court and served in accordance with the procedures set forth in the Preliminary Settlement Order and the Notice.

## 2.  **Mutual Release**

2.1.   Upon full satisfaction of the Liquidated WARN Claim, and subject to the provisions of this Settlement, the Trustee and the Liquidating Trust will be deemed to have released, waived, and discharged the Class from any and all liabilities, obligations, actions, suits, judgments, claims, causes of action and demands, known or unknown, whatsoever, at law or in equity related to the WARN Claim.

2.2.  Upon full satisfaction of the Liquidated WARN Claim, and subject to the provisions of this Settlement Agreement, the Class will be deemed to have released, waived, and discharged the Trustee, the Liquidating Trust, the Liquidating Trust's professionals, the Official Committee of Unsecured Creditors and its professionals, the Debtors' estates and the Debtors' secured and administrative claimholders (collectively, the "*Estate Released Parties*"); on account of their allowed and satisfied claims from any and all liabilities, obligations, actions, suits, judgments, claims, causes of action and demands, known or unknown, whatsoever at law, or in equity, related to the WARN Claim; *provided, however,* that Estate Released Parties shall not include the following parties - Robert W. Kraft; World Marketing Holdings, LLC; Blue Streak Holdings, Inc.; Lisa Sanregret; RCI FirstPathway Citizenship Investment Fund LLC; World Marketing Management Company, Inc.; MTI Connect, LLC; RWK Global Holdings LLC; and, Crane, Heyman, Simon, Welch, & Clar.

2.3.   Upon entry of a Final Settlement Order, the Class and each of its members in their individual capacity expressly waive and release any claim the Class and each of its members in their individual capacity may have for disgorgement against the Estate Released Parties.

2.4.   Nothing in the releases granted in this Section 2 shall affect any claims held by Class

members in their individual capacity against the Debtors' estates that do not arise under the WARN Act (the "*Other Employee Claims*") including without limitation claims for wages or benefits whether scheduled by the Debtors during the chapter 11 cases or by proof of claim as filed by such individuals, and all such claims are expressly preserved.

**3.  Stay and Withdrawal of Appeal**

The Parties acknowledge that, pursuant to a stipulation and agreed order submitted to the District Court by the Parties, the Appeal has been dismissed, without prejudice.  In the event this Settlement is not approved, the Trustee may refile the appeal within ten days of entry of any order denying approval of this Settlement.  Should the appeal be refiled, the Class reserves all rights and defenses to any such appeal, but agrees not to raise the voluntary dismissal of the appeal in October, 2017, as a basis to challenge the appeal.

**4.  Retention of Jurisdiction**

The Bankruptcy Court shall retain jurisdiction to enforce this Settlement.

**5.  Authority to Stipulate**

The Parties represent and warrant that upon entry of an Order finally approving this Settlement, each has the legal right and authority to enter into this Settlement and the transactions contemplated hereby.

**6.  Successors & Assigns**

Upon approval by the Bankruptcy Court, this Settlement is binding upon, and inures to the benefit of, the Parties and their respective representatives, permitted assigns, heirs, estates and successors, including trustees and receivers.

**7.  Entire Agreement; No Admission of Liability**

This Settlement represents the entire agreement between the Parties. Nothing in this Settlement shall be deemed an admission against either party.

**8.  Protection of Class Members' Confidential Information.**

The Trustee shall provide Class Counsel with the Social Security numbers for each Class member upon execution of this Settlement.  Class Counsel (and any settlement administrator retained by Class Counsel) shall keep all such Social Security number information strictly confidential and shall not use it for any purpose other than administering the Settlement.

**9.  Amendments.**

This Settlement may not be modified, amended or supplemented except by a written agreement that the Parties have signed with any required approval of the Bankruptcy Court.

**10.  Electronic Execution & Execution in Counterparts; Costs Borne by Parties**

This Settlement may be signed in counterparts, each of which shall be deemed an original, and

all of which shall constitute one instrument.   Facsimile and electronically-transmitted signatures have the same force and effect as original signatures.  Each party shall bear its own costs and expenses associated with this matter.

**World Marketing Liquidating Trust**                    **Class Counsel**


By: _____       By: _____

Print Name: Norman B. Newman                      Print Name:  John F. Hiltz


Its: Trustee                                                        Its:  Counsel

Exhibit A
Preliminary Approval Order

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:   15-32968 |
| WORLD MARKETING CHICAGO, LLC, | ) | (Jointly Administered) |
| et al., | ) | |
| | ) | Chapter:  11 |
| | ) | Honorable Timothy A. Barnes |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

### ORDER PURSUANT TO 11 U.S.C. § 105 AND FED. R. BANK. P. 7023 AND 9019 (I) PRELIMINARILY APPROVING  SETTLEMENT, (II) APPROVING FORM AND MANNER OF NOTICE TO CLASS MEMBERS OF  SETTLEMENT, (III) SCHEDULING A FAIRNESS HEARING TO CONSIDER FINAL APPROVAL OF  SETTLEMENT, AND (VI) GRANTING RELATED RELIEF

This matter came before the Court on the motion of Norman B. Newman, as Liquidating Trustee (the "Liquidating Trustee") of the World Marketing Liquidating Trust (the "Trust"), and Amy Carroll, Ralph Ford, and Roy S. Addis IV (the "Class Representatives" ), on behalf of themselves and all similarly situated class members (together with the Class Representative, the "Class Members" or "Class"), for the entry of orders: (a) approving the Stipulation Regarding WARN Act Class Claim dated as of October 25, 2017 (the "Settlement Agreement" or the "Settlement") among Liquidating Trustee and the Class Members (collectively, the "Parties") pursuant to Bankruptcy Rule 9019, (b) preliminarily approving the Settlement Agreement pursuant to Civil Rule 23 and Bankruptcy Rule 7023, (c) approving the form and manner of notice to Class Members of the settlement, (d) scheduling a fairness hearing (the "Fairness Hearing") to consider final approval of the Settlement Agreement pursuant to Civil Rule 23 and Bankruptcy Rule 7023, (e) after the Fairness Hearing, finally approving the Settlement Agreement pursuant to Civil Rule 23 and Bankruptcy Rule 7023, and (f) granting related relief (the "Motion").

The Court finds that:

A. On October 25, 2017, the notice of the Motion ("Notice") was served by first class mail on the parties listed on the proof of service of the Notice filed with the Court.

B. The Notice given constituted the best notice practicable under the circumstances, is adequate and no other notice need be given.

C. A full opportunity has been offered to the parties-in-interest to participate in the hearing on the Motion.

D. Based on the range of possible outcomes and the cost, delay, and uncertainty associated with further litigation, the Settlement Agreement is reasonable and cost effective, and preliminary approval of the Settlement Agreement is warranted.

E. The Settlement Agreement should be preliminarily approved.

F. Notice to all individuals identified on Schedule 1 to the Settlement Agreement by first class mail, postage prepaid, at their last known address as indicated on Schedule 1 (or as updated by Class Counsel's searches for current addresses or as may otherwise be determined by the Parties) is

reasonable and the best notice practicable under the circumstances and such mailing should be made by Class Counsel within ten (10) business days following the entry of this Order.

G. The contents of the class notice (the "Class Notice") form annexed to the Settlement Agreement as Exhibit C meet the requirements of Fed. R. Civ. P. 23(c)(2)(B). The Class Notice states the nature of the action, and the issues and defenses relevant to the action. The Class Notice also states that the Settlement Agreement, if approved, will be binding on all Class Members. The Class Notice summarizes the terms of the Settlement Agreement, the right of each Class Member to object to the Settlement Agreement, the right of each Class Member to appear by counsel at the Fairness Hearing, and the fact that more information is available from Class Counsel upon request. Further, the Class Notice informs the Class Members that all Released Claims (as that term is defined in the Settlement) of a Class Member (other than the right to be paid under the terms of this Settlement if approved by the Court) shall be waived upon full satisfaction of the Liquidated WARN Claim. See FED. R. CIV. P. 23 (h).

H.  The Fairness Hearing should be held no sooner than sixty (60) days from the entry of this Order, so that Class Members will have sufficient time from the mailing of the Class Notice to secure further information regarding the relief sought by the Motion, to object to the proposed Settlement Agreement should they choose to do so, and to engage counsel to appear at the Fairness Hearing.

K. Other good and sufficient cause exists for granting the relief requested in the Motion.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Settlement Agreement is hereby preliminarily approved.

2. The form of the Class Notice and the service of it by Class Counsel by first class mail, postage prepaid, to each Class Member at their last known address as indicated on Schedule 1 (or as updated by Class Counsel's searches for current addresses or as may otherwise be determined by the Parties) is hereby approved.

3. The Class Notice shall be mailed by first class mail by Class Counsel to each Class Member as identified on Schedule 1 to the Settlement Agreement, within ten (10) business days following the entry of this Order.

4. Objections or other responses to final approval of the Settlement Agreement are to be filed with the Clerk of the Court and mailed to the parties listed in the Class Notice, so that they are received by all parties no later than thirty-five (35) days following mailing of the Class Notice. Objections or other responses must be in writing and must set forth the basis for any such objection or other response to the Settlement Agreement.

5.  The Court shall conduct the Fairness Hearing on _____, 2018 at _____ a.m. The Court may adjourn the Fairness Hearing without further notice of any kind other than an announcement of such adjournment in open court at the Fairness Hearing or any adjournment thereof.

6. This Court retains jurisdiction to construe, interpret, enforce, and implement the Settlement Agreement and this Order.

Enter:

Honorable Timothy A. Barnes

United States Bankruptcy Judge

Dated:

**Prepared by:**

Aaron L. Hammer

Mark S. Melickian

Michael. A. Brandess

Sugar Felsenthal Grais & Hammer LLP

30 N. LaSalle Street, Suite 3000

Chicago, IL 60602

Telephone: (312) 704-9400

Fax:  (312) 372-7951

Exhibit B
Final Order

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:   15-32968 |
| WORLD MARKETING CHICAGO, LLC, | ) | (Jointly Administered) |
| et al., | ) | |
| | ) | Chapter:  11 |
| | ) | |
| | ) | Honorable Timothy A. Barnes |
| | ) | |
| Debtor(s) | ) | |

## FINAL ORDER APPROVING
## WARN CLASS SETTLEMENT AGREEMENT

This matter came before the Court on the motion of Norman B. Newman, as Liquidating Trustee (the "Liquidating Trustee") of the World Marketing Liquidating Trust (the "Trust"), and Amy Carroll, Ralph Ford, and Roy S. Addis IV (the "Class Representatives"), on behalf of themselves and all similarly situated class members (together with the Class Representative, the "Class Members" or "Class"), for the entry of orders: (a) approving the Stipulation Regarding WARN Act Class Claim dated as of October __, 2017 (the "Settlement Agreement" or the "Settlement") among the Liquidating Trustee and the Class Members (collectively, the "Parties") pursuant to Bankruptcy Rule 9019, (b) preliminarily approving the Settlement Agreement pursuant to Civil Rule 23 and Bankruptcy Rule 7023, (c) approving the form and manner of notice to Class Members of the settlement, (d) scheduling a fairness hearing (the "Fairness Hearing") to consider final approval of the Settlement Agreement pursuant to Civil Rule 23 and Bankruptcy Rule 7023, (e) after the Fairness Hearing, finally approving the Settlement Agreement pursuant to Civil Rule 23 and Bankruptcy Rule 7023, and (f) granting related relief (the "Motion").

The Court finds:

A. The Court entered an Order on _____, 2017, granting preliminary approval of the Settlement Agreement and approving the form and manner of notice of the Settlement Agreement and the deadline for filing objections to the Settlement Agreement to be given to all Class Members.

B. Due notice has been given to the Class of the Settlement Agreement and no other and further notice is required and such notice is deemed proper and sufficient under the circumstances.

C. All Class Members are bound by this Order and the terms of the Settlement Agreement.

D. The terms of the Settlement Agreement are fair, reasonable and adequate under Federal Rule of Civil Procedure 23 incorporated by Rule 7023 of the Federal Rules of Bankruptcy Procedure.

E. The terms of the Settlement Agreement are also appropriate and in the best interests of creditors under Bankruptcy Rule 9019.

F. The Settlement Agreement was negotiated at arm's-length and in good faith, is fair and equitable and in the best interest of the Parties.

G. Other good and sufficient cause exists for granting the relief requested in the Motion.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Settlement Agreement is APPROVED.

2. Upon the "Final Approval Date" of the Settlement, as defined in the Settlement Agreement, the Liquidating Trustee is authorized and directed to implement the terms of the Settlement Agreement.

3. The Settlement Agreement and this Order supplement but do not modify the terms of the Order Confirming the Official Committee of Unsecured Creditors' Revised Third Amended Plan of Liquidation [docket no. 613].

4. This Court shall retain jurisdiction, even after the closing of the cases, with respect to all matters arising from or related to the implementation of the Settlement Agreement and this Order.

Enter:


Honorable Timothy A. Barnes
United States Bankruptcy Judge

Dated:

**Prepared by:**
Aaron L. Hammer
Mark S. Melickian
Michael. A. Brandess
Sugar Felsenthal Grais & Hammer LLP
30 N. LaSalle Street, Suite 3000
Chicago, IL 60602
Telephone: (312) 704-9400
Fax:  (312) 372-7951

Exhibit C
Class Notice

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| WORLD MARKETING CHICAGO, LLC, *et al.*, | Case No. 15-32968 |
| Debtors. | Hon. Timothy A. Barnes |

**NOTICE TO CLASS OF (A) PROPOSED SETTLEMENT OF CLASS
ACTION CONCERNING WARN ACT CLAIMS; (B) DATE OF COURT HEARING
FOR FINAL APPROVAL OF PROPOSED SETTLEMENT, INCLUDING AWARD OF
ATTORNEYS' FEES AND EXPENSES, AND (D) RIGHT TO OBJECT
TO THE SETTLEMENT, INCLUDING CLASS COUNSEL'S ATTORNEYS'
FEES AND EXPENSES AND TO APPEAR AT COURT HEARING**

TO: Class Members who are former employees of World Marketing Atlanta, LLC ("*Atlanta*"), World Marketing Chicago, LLC ("*Chicago*") or World Marketing Dallas, LLC ("*Dallas*" and together with Atlanta and Chicago, the "*Debtors*") who worked at or reported to Debtors' facilities located at 7959 West Joliet Road, McCook, Illinois 60525 (the "*Illinois facility*"); 8801 Autobahn Road, Suite 100, Dallas Texas 75237 (the "*Texas Facility*") and 1961 S. Cobb Industrial Boulevard, SE, Smyrna, Georgia 30082 (the "*Georgia Facility*" and collectively, the "*Facilities*") and who were terminated and/or laid off without cause from their employment on or about September 28, 2015, or thereafter, as part of, or as the reasonably foreseeable consequence of, the plant closings ordered by the Debtors on or about September 28, 2015, as defined by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 et seq. ("*WARN Act*").

SUBJECT: Notice of Settlement of a class claim under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq*. (the "*WARN Act*").

DATE: _____, 2017

**Introduction**

1. You were previously notified that Amy Carroll ("*Carroll*"), Ralph Ford ("*Ford*") and Roy S. Addis IV ("*Addis*" and collectively, the "*Class Representatives*"), former employees of the World Marketing Atlanta, LLC ("*Atlanta*"), World Marketing Chicago, LLC ("*Chicago*") and World Marketing Dallas, LLC ("*Dallas*" and together with Atlanta and Chicago, the "*Debtors*"), filed a class action WARN Act claim in the United States Bankruptcy Court for the

Northern District of Illinois, Eastern Division (the "*Bankruptcy Court*") in the bankruptcy of the Debtors.  The name and case number of the bankruptcy case is *In re: World Marketing Chicago, LLC*, Case No. 15-32968 (the "*Bankruptcy*").

2.      On January 27, 2016, the Court certified this case as a class action (the "*WARN Class Certification Order*").  The Certification Order defined the class as: All former employees of Debtor who worked at or reported to Debtors' facilities located on 7959 West Joliet Road, McCook, Illinois 60525 (the "*Illinois facility*"); 8801 Autobahn Road, Suite 100, Dallas Texas 75237 (the "*Texas Facility*") and 1961 S. Cobb Industrial Boulevard, SE, Smyrna, Georgia 30082 (the "*Georgia Facility*" and collectively, the "*Facilities*") and who were terminated and/or laid off without cause from their employment on or about September 28, 2017, or thereafter, as part of, or as the reasonably foreseeable consequence of, the plant closings ordered by the Debtors on or about September 28, 2017, as defined by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq*. ("*WARN Act*").  No Class Members opted out.

3.      Norman B. Newman, as Liquidating Trustee (the "*Liquidating Trustee*") of the Global Marketing Liquidating Trust (the "*Trust*") and the Class Representatives, on behalf of themselves and on behalf of similarly situated class members (together with the Class Representatives, the "*Class Members*" or "*Class*") have reached a proposed settlement to resolve the WARN Claim as set forth in the *Stipulation Regarding WARN Act Class Claim* dated as of October __, 2017 (the "*Settlement*" or "*Settlement Agreement*") under which the benefits described below will be provided to the members of the Class.

4.      This notice constitutes notice to the Class of:

(a)      the proposed Settlement of the WARN Class Claim,

(b)      the award of attorneys' fees and expenses to Class Counsel (defined below);

(c)      the date of the hearing before the Bankruptcy Court on final approval of the proposed Settlement, including an award of Class Counsel's attorneys' fees and expenses and

(d)      the right of each member of the Class to object to or comment on, the Settlement and Class Counsel's attorneys' fees and expenses and to appear at the hearing at which the Bankruptcy Court will consider final approval of the Settlement and Class Counsel's attorneys' fees and expenses.

**Background and Description of the WARN Action**

5.      On September 28, 2015 (the "*Petition Date*"), the Debtors filed voluntary chapter 11 bankruptcy petitions in the United States Bankruptcy Court for the Northern District of Illinois.

6.      That same day, the Debtors terminated the majority of their employees without giving them the 60 days' advance written notice required by the WARN Act.

7.      On October 21, 2015, the Class Representatives filed a complaint (the "*WARN Adversary*") on their own behalves and on behalf of the Class against the Debtors alleging damages

in the amount of 60 days' pay and ERISA benefits by reason of the Debtors' violation of the WARN Act.

8.      On January 15, 2016, the Class Representatives, together with the Debtors and the Official Committee of Unsecured Creditors (the "*Committee*") filed a joint motion (the "*Class Certification Motion*") for entry of an order certifying the Class as a class comprised of all former employees nominally employed by one or more Defendants and who worked at or were based at one or more of the Facilities located in Illinois, Texas and Georgia and were allegedly terminated on or about September 28, 2015, within thirty days of that date or thereafter, as part of, or as the reasonably expected consequence of, alleged plant closings ordered on or about September 28, 2015, as defined by the WARN Act, and who do not file a timely request to opt-out of the class.

9.      As noted above, on January 27, 2016, the Bankruptcy Court entered an Order granting the Class Certification Motion, which included certification of a class on January 27,, 2016.

10.     The Class Certification Order also appointed Amy Carroll, Ralph Ford and Roy S. Addis IV as Class Representatives and appointed Lankenau & Miller LLP, The Gardner Firm, P.C., and Hiltz & Zanzig, LLC, as Class Counsel.

11.     The Class Certification Order also required the Debtors to provide Class Counsel with a spreadsheet containing the names and addresses of the former employees encompassed by the WARN Class and Class Counsel were ordered to mail the approved WARN Class opt-out notice to the proposed members of the WARN Class.  On February 1, 2016, Class Counsel received a spreadsheet from Debtors' counsel purportedly containing the names and last known addresses of the individuals falling within the class definition.

12.     On February 10, 2016, Class Counsel caused the Court approved WARN Class opt-out notice to be mailed to all of the individuals listed on the Debtors' spreadsheet.  There were no opt-outs from the WARN Class.

13.     On February 10, 2016, the Class Representatives filed proofs of claim on behalf of themselves and the Class (the "WARN Claim") against the Debtors in the amounts of over $4 million.

14.     The WARN Claim was asserted as an administrative priority claim against the Debtors, as a "single employer" under the WARN Act, and could have exceeded $5 million and, in the alternative, as a priority claim in the same amount under Bankruptcy Code §§ 507(a)(4) and (5).

15.     On May 9, 2016, the Official Committee of Unsecured Creditors (the "*Committee*") filed its Third Amended Modified Plan of Liquidation (the "*Plan*") and on May 18, 2016, the Committee filed its Third Amended Disclosure Statement (the "*Disclosure Statement*").

16.     On July 1, 2016, the Bankruptcy Court entered an order Confirming the Plan.

17.     On July 18, 2016, the effective date (the "*Effective Date*") of the Plan occurred and Norman B. Newman was appointed as the Liquidating Trustee.

18.     Upon the Effective Date all assets of the Debtors' estate were transferred to the Trust.

19.     On August 17, 2016, the Class Representatives filed an application for allowance of the WARN Claim  as an administrative priority claim ("*Administrative Priority Application*").

20.     On October 4, 2016, the Liquidating Trustee filed an objection to the Administrative Priority Application, arguing that the Debtors were liquidating fiduciaries and therefore exempt from issuing notice under the WARN Act. The Class Representatives filed a Reply in support of the Administrative Priority Application on October 14, 2016.  The Court heard oral argument on the Administrative Priority Application on November 30, 2016

21.     On February 24, 2017, the Court entered a memorandum decision and order (the "*WARN Order*") granting the Administrative Priority Application, allowing the WARN Claim as an administrative priority claim in an amount to be determined at a later hearing.

22.     On March 10, 2017, the Trustee filed an appeal of the WARN Order (the "*Appeal*") with the District Court for the Northern District of Illinois (the "*District Court*").

23.     On September 26, 2017, the Class Representatives filed a class action lawsuit pursuant to the WARN Act against World Marketing Holdings, LLC and Blue Streak Holdings, Inc. seeking recoveries against such parties directly for the benefit of the Class (Case No.: 17-cv-1309, pending in the Eastern District of Wisconsin, the "*WARN Class Wisconsin Litigation*").

24.     After having engaged in months of good faith arms' length negotiations to resolve this matter, the Trustee and the Class Representatives reached an agreement to resolve the WARN Appeal and settle the WARN Claim, the terms of which are described below, subject to approval of the Court

25.     Continued litigation over the appeal and damage calculations would be costly and time-consuming and exposes all Parties to litigation risks. There are limited resources in this estate, which would only be further depleted by the litigation of any appeal and hearing on damages concerning the Class Claim. The Settlement resolves the Class Claim and eliminates any further accrual of litigation expenses associated with a hearing on damages and the WARN Appeal.

### The Proposed Settlement

26.     The following description of the proposed Settlement is only a summary.  In the event of any difference between this summary and the terms of the Settlement, the terms of the Settlement shall control.  You may secure a copy of the complete Settlement from Class Counsel Mary E. Olsen at (800) 604-6831 or at the address shown below.

### The Terms of the Settlement

27.     The terms of the Settlement relevant to the Class Members may be summarized as follows:

## 1. WARN Claim and Approval Process

1.1 The WARN Claim shall be allowed in the amount of $4,217,850.79 as an administrative priority claim under § 503(b) of the Bankruptcy Code against the Debtors, for which the Debtors are jointly and severally liable (the "*Liquidated WARN Claim*"). Any amounts paid by World Marketing Holdings LLC and/or Blue Streak Holdings, Inc. in the WARN Class Wisconsin Litigation to the Class (not including amounts attributable to attorneys' fees, of any kind, or costs in the WARN Class Wisconsin Litigation), shall be credited dollar for dollar against the amount owed by the Debtors on the Liquidated WARN Claim.

1.2. Any and all payments on the Liquidated WARN Claim shall be payable via wire transfer by the Trustee to Class Counsel or their designee (according to instructions to be supplied by Class Counsel) and shall be paid in cash upon entry of the Final Settlement Order and as funds are available from cash held by the Trust, provided that the Trustee, in good faith, deems the Trust to have sufficient funds for administration. The Trustee may not unreasonably withhold payment on the Liquidated WARN Claim.  To the extent that the Liquidated WARN Claim is not satisfied from existing cash, it shall be paid on a pro rata basis with any other unpaid administrative priority claims that have been allowed by final order of the Bankruptcy Court, from funds received into the Trust, from all sources, including but not limited to the liquidation of assets of the estates, collection of accounts receivable or prosecution of actions. Class Counsel will administer the Liquidated WARN Claim and handle all distributions from it, through a separate settlement administrator. Class Counsel, through a Settlement administrator, will prepare and provide IRS 1099 Forms to all Class Members reflecting Class Member payment(s) made pursuant to this Settlement.

1.3.  Service payments of $10,000 each to the Class Representatives for their services rendered in this action (the "*Service Payments*") will be paid from the Liquidated WARN Claim rather than through a separate award.

1.4.  After deduction of the Service Payments from the Liquidated WARN Claim, Class Counsel is entitled to attorneys' fees ("*Class Counsel's Fees*") in the amount of one third of the remaining Liquidated WARN Claim, plus litigation expenses (including costs associated with the production and mailing of the Class Notice and Settlement administration) ("*Class Counsel's Expenses*"), which are included within and shall be payable solely from the Liquidated WARN Claim.  Class Counsel's Fees and Class Counsel's Expenses shall be payment in full for Class Counsel's work and expenses in connection with this matter.

1.5.  The WARN Claim shall not accrue interest, penalties or any other fees.

1.6.  This Settlement is subject to, and conditioned upon, issuance of the Final Settlement Order by the Bankruptcy Court approving this Settlement under Rule 23 of the Federal

Rules of Civil Procedure made applicable herein pursuant to Fed. R. Bankr. P. 7023 and Rule 9019 of the Federal Rules of Bankruptcy Procedure, after notice to the Class Members.

1.7.   This Settlement shall become effective upon the date of entry of the Final Settlement Order by the Bankruptcy Court (the "*Effective Date*").

1.8.   Within five business days following the Effective Date and every sixty days thereafter, the Trustee will provide monthly written reports via electronic transmission to Class Counsel disclosing the amount of Debtors' cash on hand in the trust.

1.9.   Once payments on the Liquidated WARN Claim have been received by Class Counsel or its designated administrator, such amounts shall be distributed in one or more distributions, in the sole discretion of Class Counsel, as follows: (a) the Service Payments and (b) the balance, minus one third attorney fees, plus expenses of litigation, shall be the amounts ("*Class Member Amounts*") divided among the Class Members, as shown on **Schedule 1**.  The Class Member Amounts have been calculated by Class Counsel, based upon Debtors' books and records to the extent such records were available, and are final in all respects.

1.10.  Class Counsel shall be responsible for the production and mailing of all notices required to be provided to the Class Members (the "*Class Notice*"), the cost of which shall be paid from the Liquidated WARN Claim.  The address of Class Counsel will be used as the return address for the Class Notices and Class Counsel will respond to all inquiries of the Class arising from or related to this Settlement.

1.11.  Any Class distributions pursuant to this Settlement which are not deposited, endorsed, or negotiated within one hundred eighty (180) days of their date of issuance shall be deemed residual funds (the "*Residual Funds*") on the 181st day following the Settlement distribution and treated as follows. Residual Funds will be (i) first, used to make Settlement distributions to additional Class Members, if any, that may be identified after Final Approval and who fall within the Class definition herein but who did not appear on **Schedule 1** ("*Additional Class Members*"); (ii) second, distributed to Class Members in a supplemental distribution, so long as Class Counsel determine that such distribution is feasible; and (iii) if any Residual Funds remain after Settlement Payment disbursements to Additional Class Members or as a supplemental distribution, then last, returned to the Trust.

1.12.  Class Counsel shall bear the responsibility of the preparation of the Class Notices.  All notices and disbursements to the Class Members will be made by first class mail to their last known addresses as set forth on **Schedule 1**, unless otherwise instructed by the proposed Settlement Class member. Class Counsel's address will be used as the return address for all notices to the Class Members so that any returned Class notices will be

6

returned to Class Counsel.  Class Counsel shall mail the Class Notice to the Class Members no later than five (5) business days after the entry of the Preliminary Settlement Order by the Bankruptcy Court.  The cost related to the Class Notice and other Class mailings shall be paid from the Settlement Amount.  If a Class Notice is returned to Class Counsel as undeliverable, Class Counsel will attempt to locate the Settlement Class member whose address has changed using a national address database to which Class Counsel subscribes.

1.13.   A Class Member may object to this Settlement by sending timely written notice of such objection (a "*Notice of Objection*") to Class Counsel and counsel to the Trustee at the addresses indicated in the Class Notice and by filing such Notice of Objection with the Bankruptcy Court.  Any such objections shall state (i) the objector's full name, mailing address, and telephone number, (ii) if applicable, the full name, mailing address, and telephone number of the objector's attorney, and (iii) all reasons for objecting to the Settlement and any supporting papers, materials, or briefs.  Any such objections must be sent/filed such that they are received by the Parties and the Bankruptcy Court by the objection deadline established by the Bankruptcy Court and served in accordance with the procedures set forth in the Preliminary Settlement Order and the Notice.

## 2.   Mutual Release

2.1.   Upon full satisfaction of the Liquidated WARN Claim, and subject to the provisions of this Settlement, the Trustee and the Liquidating Trust will be deemed to have released, waived, and discharged the Class from any and all liabilities, obligations, actions, suits, judgments, claims, causes of action and demands, known or unknown, whatsoever, at law or in equity related to the WARN Claim.

2.2.   Upon full satisfaction of the Liquidated WARN Claim, and subject to the provisions of this Settlement Agreement, the Class will be deemed to have released, waived, and discharged the Trustee, the Liquidating Trust, the Liquidating Trust's professionals, the Official Committee of Unsecured Creditors and its professionals, the Debtors' estates and the Debtors' secured and administrative claimholders (collectively, the "*Estate Released Parties*"); on account of their allowed and satisfied claims from any and all liabilities, obligations, actions, suits, judgments, claims, causes of action and demands, known or unknown, whatsoever at law, or in equity, related to the WARN Claim; *provided, however*, that Estate Released Parties shall not include the following parties - Robert W. Kraft; World Marketing Holdings, LLC; Blue Streak Holdings, Inc.; Lisa Sanregret; RCI FirstPathway Citizenship Investment Fund LLC; World Marketing Management Company, Inc.; MTI Connect, LLC; RWK Global Holdings LLC; and, Crane, Heyman, Simon, Welch, & Clar.

2.3.   Upon entry of a Final Settlement Order, the Class and each of its members in their individual capacity expressly waive and release any claim the Class and each of its

members in their individual capacity may have for disgorgement against the Estate
Released Parties.

2.4.   Nothing in the releases granted in this Section 2 shall affect any claims held by Class
members in their individual capacity against the Debtors' estates that do not arise under
the WARN Act (the "*Other Employee Claims*") including without limitation claims for
wages or benefits whether scheduled by the Debtors during the chapter 11 cases or by
proof of claim as filed by such individuals, and all such claims are expressly preserved.

## 8.   Stay and Withdrawal of Appeal

The Parties acknowledge that, pursuant to a stipulation and agreed order submitted to the
District Court by the Parties, the Appeal has been dismissed, without prejudice.  In the event
this Settlement is not approved, the Trustee may refile the appeal within ten days of entry of
any order denying approval of this Settlement.  Should the appeal be refiled, the Class reserves
all rights and defenses to any such appeal, but agrees not to raise the voluntary dismissal of the
appeal in October 2017, as a basis to challenge the appeal.

### Class Counsel's Recommendation

28.   Class Counsel recommends the Settlement, believing that it is fair, reasonable and
adequate to the Class.

### Tax Consequences of the Settlement Payments

29.   No taxes will be withheld from the Settlement distributions, and, as mentioned
above, Class Counsel will administer the Liquidated WARN Claim and handle all distributions
from it, through a separate settlement administrator, who will prepare and provide IRS 1099 Forms
to all Class Members reflecting Class Member payment(s) made pursuant to this Settlement. Class
Members are advised to seek his or her own personal tax advice regarding the potential tax
consequences of the Settlement disbursements.

### Class Counsel's Fees and Expenses

30.   After deduction of the Service Payments from the Liquidated WARN Claim, Class
Counsel is entitled to attorneys' fees ("*Class Counsel's Fees*") in the amount of one third of the
remaining Liquidated WARN Claim, plus litigation expenses (including costs associated with the
production and mailing of the Class Notice and Settlement administration) ("*Class Counsel's
Expenses*"), which are included within and shall be payable solely from the Liquidated WARN
Claim.  Class Counsel's Fees and Class Counsel's Expenses shall be payment in full for Class
Counsel's work and expenses in connection with this matter.

### Release of Claims and Effect of Approval of Settlement Agreement

31.   As noted above, upon full satisfaction of the Liquidated WARN Claim, and subject to the
provisions of this Settlement Agreement, the Class will be deemed to have released, waived, and
discharged the Trustee, the Liquidating Trust, the Liquidating Trust's professionals, the Official

Committee of Unsecured Creditors and its professionals, the Debtors' estates and the Debtors' secured and administrative claimholders (collectively, the "*Estate Released Parties*"); on account of their allowed and satisfied claims from any and all liabilities, obligations, actions, suits, judgments, claims, causes of action and demands, known or unknown, whatsoever at law, or in equity, related to the WARN Claim; *provided, however*, that Estate Released Parties shall not include the following parties - Robert W. Kraft; World Marketing Holdings, LLC; Blue Streak Holdings, Inc.; Lisa Sanregret; RCI FirstPathway Citizenship Investment Fund LLC; World Marketing Management Company, Inc.; MTI Connect, LLC; RWK Global Holdings LLC; and, Crane, Heyman, Simon, Welch, & Clar.

32.     If you are satisfied with the proposed Settlement including Class Counsel's Fees and Class Counsel's Expenses and your projected Payment Amount (assuming full funding of the Settlement Amount as shown on <u>Exhibit A</u>), you do not need to do anything.  Any distributions to Class Members from the Liquidated WARN Claim  will be mailed to your last known address as indicated in the Debtors' books and records or to such address that you have updated with Class Counsel, in accordance with the Settlement Agreement.  If you are concerned that Class Counsel do not have your current address, please promptly notify Class Counsel as follows:

|  |  |  |
|---|---|---|
| **Via Mail:** | **Mary E. Olsen, Esq.** | |
| | **210 S. Washington Ave.** | |
| | **Mobile, AL 36602** | |
| | **Via Phone:** | **251-434-8260** |
| | **Via Fax:** | **251-434-8259** |
| | **Via Email:** | **<u>apage@thegardnerfirm.com</u>** |

### How to Object

33.     If, on the other hand, you wish to object to approval of the Settlement Agreement by the Bankruptcy Court for any reason, including that the proposed Settlement is unfair or inadequate, that you are dissatisfied with the projected payment amount (assuming full funding of the Liquidated WARN Claim shown on <u>Exhibit A</u>) or believe that Class Counsel's Fees or Class Counsel's Expenses should not be approved, you may object by mailing, by certified mail, return receipt requested, a detailed written statement bearing the caption of this action shown above on the first page stating your comment or objection, to the United States Bankruptcy Court, Northern District of Illinois, Eastern Division, 219 S. Dearborn, Chicago, IL 60604 and by sending copies of that statement, also by certified mail, return receipt requested, to (1) THE GARDNER FIRM, P.C., 210 S. Washington Ave., Post Office Drawer 3103, Mobile, AL  36652, Attention: Mary E. Olsen, Esq.; (2) LANKENAU & MILLER LLP, 132 Nassau Street, Suite 1100, New York, New York 10038, Attention:  Stuart J. Miller, Esq.; (3) SUGAR, FELSENTHAL, GRAIS & HAMMER, LLP, 30 N. LaSalle Street, Suite 3000, Chicago, IL 60602, Attention: Aaron L. Hammer.

34.     **Objections must be mailed so as to be received no later than _____ and must include the caption of the action and your name, address, and telephone number together with a detailed statement of the basis for your objection and whether you wish to be heard personally or by counsel at the final hearing at which the parties will be requesting**

9

**binding Court approval of the Settlement and the award of attorneys' fees and costs, as described above.**

35.     You may also appear in person or by counsel at the final hearing described below.

### Final Hearing to Approve Settlement and Award Attorneys' Fees and Costs

36.     The hearing for final consideration and approval of the Settlement, including the award of Class Counsel Fees and Class Counsel Expenses is scheduled to take place on _____at _____ a.m. (prevailing Central time) before the Honorable Timothy A. Barnes, United States Bankruptcy Judge, at the United States Bankruptcy Court, Northern District of Illinois, Eastern Division, 219 S. Dearborn, Chicago, IL 60604 in Courtroom 744.  That hearing may be adjourned without further notice.  If you wish to determine if the hearing is adjourned, you may contact Ms. Olsen at the address shown above.

### Other Information

37.     Any questions from members of the Class concerning this notice or the WARN Claim should be directed to The Gardner Firm, P.C., 210 S. Washington Ave., Post Office Drawer 3103, Mobile, AL 36652, Attn:  Mary E. Olsen Esq.  All requests for more information, including a copy of the Settlement, should be sent by first-class mail to Ms. Olsen to the address indicated above.

**While the Bankruptcy Court has approved the sending of this notice, please do not write to or call the Bankruptcy Court concerning this matter.**

## Exhibit A

[name]
[address]

| Projected WARN Recovery Assuming Full Payment of the Settlement Amount (Net of Service Payments, Attorney's Fees and Costs and Litigation Expenses) | $_____ |
|---|---|
| | |
| | |

Schedule 1
(TO BE FILED UNDER SEAL)