UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re:<br>WORLD MARKETING CHICAGO, LLC,<br>et al.,<br><br>Debtor(s) | BK No.: 15-32968<br>(Jointly Administered)<br>Chapter: 11<br>Honorable Timothy A. Barnes |

## FINAL ORDER APPROVING
## WARN CLASS SETTLEMENT AGREEMENT

This matter came before the Court on the motion of Norman B. Newman, as Liquidating Trustee (the "Liquidating Trustee") of the World Marketing Liquidating Trust (the "Trust"), and Amy Carroll, Ralph Ford, and Roy S. Addis IV (the "Class Representatives"), on behalf of themselves and all similarly situated class members (together with the Class Representative, the "Class Members" or "Class"), for the entry of orders: (a) approving the Stipulation Regarding WARN Act Class Claim dated as of October 25, 2017 (the "Settlement Agreement" or the "Settlement," as attached to this Order) among the Liquidating Trustee and the Class Members (collectively, the "Parties") pursuant to Bankruptcy Rule 9019, (b) preliminarily approving the Settlement Agreement pursuant to Civil Rule 23 and Bankruptcy Rule 7023, (c) approving the form and manner of notice to Class Members of the settlement, (d) scheduling a fairness hearing (the "Fairness Hearing") to consider final approval of the Settlement Agreement pursuant to Civil Rule 23 and Bankruptcy Rule 7023, (e) after the Fairness Hearing, finally approving the Settlement Agreement pursuant to Civil Rule 23 and Bankruptcy Rule 7023, and (f) granting related relief (the "Motion").

The Court finds:

A. The Court entered an Order on November 15, 2017, granting preliminary approval of the Settlement Agreement and approving the form and manner of notice of the Settlement Agreement and the deadline for filing objections to the Settlement Agreement to be given to all Class Members.

B. The Court held a hearing on final approval of the Settlement Agreement on February 14, 2018, at which argument and statements of counsel were heard and considered, and all objections were overruled.

C. Notice of the Settlement Agreement has been given to Class Members.

D. All Class Members are bound by this Order and the terms of the Settlement Agreement.

E. The terms of the Settlement Agreement are fair, reasonable and adequate under Federal Rule of Civil Procedure 23 incorporated by Rule 7023 of the Federal Rules of Bankruptcy Procedure.

F. The terms of the Settlement Agreement are also appropriate and in the best interests of creditors under Bankruptcy Rule 9019.

G. The Settlement Agreement was negotiated at arm's-length and in good faith, is fair and equitable

and in the best interest of the Parties.

H. Other good and sufficient cause exists for granting the relief requested in the Motion.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Settlement Agreement is APPROVED as provided herein.

2. Upon the "Final Approval Date" of the Settlement, as defined in the Settlement Agreement, the Liquidating Trustee is authorized and directed to implement the terms of the Settlement Agreement.

3. The Settlement Agreement and this Order supplement but do not modify the terms of the Order Confirming the Official Committee of Unsecured Creditors' Revised Third Amended Plan of Liquidation [Docket No. 613].

4. This Court shall retain jurisdiction, even after the closing of the cases, with respect to all matters arising from or related to the implementation of the Settlement Agreement and this Order.

Enter:

Honorable Timothy A. Barnes
United States Bankruptcy Judge

Dated: FEB 2 8 2018

28 FEB 2018

**Prepared by:**
Mark S. Melickian
Michael. A. Brandess
Sugar Felsenthal Grais & Helsinger LLP
30 N. LaSalle Street, Suite 3000
Chicago, IL 60602
Telephone: (312) 704-9400
Fax: (312) 372-7951

Exhibit 1
Settlement Agreement

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re* | Chapter 11 |
| WORLD MARKETING CHICAGO, LLC, *et al.*,[1] | Case No. 15-32968 |
| | (Jointly Administered) |
| Debtors. | |
| | Honorable Timothy A. Barnes |

## STIPULATION REGARDING WARN ACT CLASS CLAIM

**This stipulation and settlement** (the "*Settlement*") is made as of October 25, 2017, by and between Norman B. Newman, solely as Trustee (the "*Trustee*") for the World Marketing Liquidating Trust (the "*Trust*") and Amy Carroll, Ralph Ford, and Roy S. Addis IV (the "*Class Representatives*"), on behalf of themselves and the members of the Class they represent, so certified by this Court (the "*Class*"). The Class Representatives and Trustee are collectively referred to herein as the "*Parties*."

### RECITALS

A. World Marketing Atlanta, LLC ("*Atlanta*"), World Marketing Chicago, LLC ("*Chicago*") and World Marketing Dallas, LLC ("Dallas," and together with Atlanta and Chicago, the "*Debtors*") operated facilities as a single employer at 7950 West Joliet Road; McCook, Illinois 60525 (the "*Illinois facility*"); 8801 Autobahn Road, Suite 100; Dallas, Texas 75237 (the "*Texas facility*") and 1961 S. Cobb Industrial Boulevard, SE; Smyrna, Georgia 30082 (the "*Georgia facility*" and collectively the "*Facilities*") and employed the Class Representatives and the Class members..

B. On September 28, 2015 (the "*Petition Date*"), the Debtors filed voluntary chapter 11 bankruptcy petitions in the United States Bankruptcy Court for the Northern District of Illinois

---

[1] The Debtors in these cases are World Marketing Chicago, LLC; World Marketing Atlanta, LLC; and World Marketing Dallas, LLC.

(the "*Bankruptcy Court*"), jointly administered under case number 15-32968.[2]

C. That same day, the Debtors terminated the majority of their employees without giving them the 60 days' advance written notice required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "*WARN Act*").

D. On October 21, 2015, the Class Representatives filed a complaint (the "*WARN Adversary*") on their own behalves and on behalf of the Class against the Debtors alleging damages in the amount of 60 days' pay and ERISA benefits by reason of the Debtors' violation of the WARN Act.[3]

E. On January 15, 2016, the Class Representatives, together with the Debtors and the Official Committee of Unsecured Creditors (the "*Committee*") filed a joint motion (the "*Class Certification Motion*") for entry of an order certifying the Class as a class comprised of all former employees nominally employed by one or more Defendants and who worked at or were based at one or more of the Facilities located in Illinois, Texas and Georgia and were allegedly terminated on or about September 28, 2015, within thirty days of that date or thereafter, as part of, or as the reasonably expected consequence of, alleged plant closings ordered on or about September 28, 2015, as defined by the WARN Act, and who do not file a timely request to opt-out of the class.[4]

F. On January 27, 2016, the Bankruptcy Court entered an order granting the Class Certification Motion[5], which included appointment of The Gardner Firm, PC, together with Lankenau & Miller, LLP and Hiltz & Zanzig LLC, as Class counsel (the "*Class Counsel*"). On February 10, 2016, the Class Representatives dismissed the WARN Adversary, without prejudice.[6]

G. On February 10, 2016, the Class Representatives filed the following proofs of claim on behalf of themselves and the Class (the "*WARN Claim*"):

| Debtor | Claim No. | Amount |
|---|---|---|
| Atlanta | 21-1 | $4+ million |
| Chicago | 31-1 | $4+ million |
| Dallas | 31-1 | $4+ million |

---

[2] (Dkt. 1.)

[3] Bankr. N.D. Ill. 15-00784.

[4] WARN Adversary at (Dkt. 37).

[5] WARN Adversary at (Dkt. 38).

[6] WARN Adversary at (Dkt. 39).

H. The WARN Claim was asserted as an administrative priority claim against the Debtors, as a "single employer" under the WARN Act, and could have exceeded $5 million and, in the alternative, as a priority claim in the same amount under Bankruptcy Code §§ 507(a)(4) and (5).

I. On June 30, 2016, the Bankruptcy Court entered an order confirming a Plan of Liquidation (the "*Plan*") for the Debtors' bankruptcy estate.[7] Under the terms of the Plan and corresponding documents: (1) the Trustee was appointed trustee for the Trust; and (2) the Trust was given the right, authority and discretion to review, prosecute and object to all Claims and Interests. Section 7.6 of the Plan provided that all parties requesting payment of administrative claims were required to file a request for payment of the claim within 30 days of the Plan effective date. The Plan effective date was July 18, 2016.[8]

J. On August 17, 2016, the Class Representatives filed an application for allowance of and payment for an administrative Class claim for WARN Act damages against the Debtors, jointly and severally (the "*Administrative Priority Application*").[9] Specifically, the Class Representatives requested allowance of an administrative claim against the Debtors, as a "single employer", estimated to be at least $4 million and equal to the sum of the following for each Class member: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits (that would have been covered and paid under the then applicable employee benefit plans, had that coverage continued for that period), all for a maximum of 60 days and determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A). The Class Representatives also requested allowance of reasonable compensation for Class Representatives and payment of reasonable attorneys' fees and costs.

K. On October 4, 2016, the Trustee filed an objection to the WARN Claim and the Administrative Priority Application, arguing, that the Class was not entitled to a claim because the Debtors qualified as liquidating fiduciaries and therefore were exempted from providing notice to employees under the WARN Act.[10] The Class Representatives filed a Reply in support of the Administrative Priority Application on October 14, 2016. The Court heard oral argument on the Administrative Priority Application on November 30, 2016.

L. On February 24, 2017, the Court entered a memorandum decision[11] and order[12] (the "*WARN Order*") granting the Administrative Priority Application, allowing the WARN Claim as an

---

[7] (Dkt. 638.)

[8] (Dkt. 649.)

[9] (Dkt. 688.)

[10] (Dkt. 718.)

[11] (Dkt. 776.)

[12] (Dkt. 777.)

administrative priority claim in an amount to be determined at a later hearing.

M. On March 10, 2017, the Trustee filed an appeal of the WARN Order (the "*Appeal*") with the District Court for the Northern District of Illinois (the "*District Court*").

N. On April 14, 2017, the Trustee and the Class (together, the "*Parties*") filed an agreed motion staying the briefing schedule in the Appeal (the "*Stay Motion*"). The District Court entered an order approving the Stay Motion on April 17, 2017.

O. Also in April 2017, the Trustee provided Class Counsel with certain of the Debtors' payroll records in order for Class Counsel to liquidate the WARN Claim. The amount of the Liquidated WARN Claim (defined below) was calculated by Class Counsel, based upon Debtors' records, to the extent such records were available. The Trustee did not have conclusive benefits information for the Class, such as denied employee insurance claims during the violation period which would have otherwise been covered if the violation had not occurred. Such insurance claim amounts could have increased the amount of the WARN Claim but were unavailable. Class Counsel indicated that the WARN Claim could exceed $5 million due to: (a) the potential for additional unpaid benefits owed to Class Members; and (b) the Class's right to statutory fees and expenses, including legal fees and expenses associated with further proceedings and a prolonged appeal. The Trustee reviewed Class Counsel's analysis and concurred with their findings. On September 26, 2017, the Class Representatives filed a class action lawsuit against World Marketing Holdings LLC and Blue Streak Holdings, Inc. seeking recoveries against such parties directly for the benefit of the Class (Case No.: 17-cv-1309, pending in the Eastern District of Wisconsin, the "*WARN Class Wisconsin Litigation*").

P. On October 25, 2017, the Parties submitted an agreed order dismissing the Trustee's Appeal without prejudice. In the event this Settlement is not approved, the Trustee may refile the appeal within ten days of entry of any order denying approval of this Settlement. Should the appeal be refiled, the Class reserves all rights and defenses to any such appeal, but agrees not to raise the voluntary dismissal of the appeal in October, 2017, as a basis to challenge the appeal. The Parties anticipate that an agreed order, containing the above stipulations, will be entered prior to November 15, 2017.

Q. *Now, therefore*, for good and valuable consideration, the receipt and sufficiency of which is acknowledged by the Parties, it is hereby stipulated, consented to, and agreed by and between the Parties as follows:

### TERMS OF SETTLEMENT

1. **WARN Claim and Approval Process**

    1.1 Upon the Effective Date (as defined in Section 1.7, below) and subject to the provisions of this Settlement, the WARN Claim shall be allowed in the amount of $4,217,850.79 as

an administrative priority claim under § 503(b) of the Bankruptcy Code against the Debtors, for which the Debtors are jointly and severally liable (the "*Liquidated WARN Claim*"). Any amounts paid by World Marketing Holdings LLC and/or Blue Streak Holdings, Inc. in the WARN Class Wisconsin Litigation to the Class (not including amounts attributable to attorneys' fees, of any kind, or costs in the WARN Class Wisconsin Litigation), shall be credited dollar for dollar against the amount owed by the Debtors on the Liquidated WARN Claim..

1.2. Any and all payments on the Liquidated WARN Claim shall be payable via wire transfer by the Trustee to Class Counsel or their designee (according to instructions to be supplied by Class Counsel) and shall be paid in cash upon entry of the Final Settlement Order and as funds are available from cash held by the Trust, provided that the Trustee, in good faith, deems the Trust to have sufficient funds for administration. The Trustee may not unreasonably withhold payment on the Liquidated WARN Claim. To the extent that the Liquidated WARN Claim is not satisfied from existing cash, it shall be paid on a pro rata basis with any other unpaid administrative priority claims that have been allowed by final order of the Bankruptcy Court, from funds received into the Trust, from all sources, including but not limited to the liquidation of assets of the estates, collection of accounts receivable or prosecution of actions. Class Counsel will administer the Liquidated WARN Claim and handle all distributions from it, through a separate settlement administrator. Class Counsel, through a Settlement administrator, will prepare and provide IRS 1099 Forms to all Class Members reflecting Class Member payment(s) made pursuant to this Settlement.

1.3. Service payments of $10,000 each to the Class Representatives for their services rendered in this action (the "*Service Payments*") will be paid from the Liquidated WARN Claim rather than through a separate award.

1.4. After deduction of the Service Payments from the Liquidated WARN Claim, Class Counsel is entitled to attorneys' fees ("*Class Counsel's Fees*") in the amount of one third of the remaining Liquidated WARN Claim, plus litigation expenses (including costs associated with the production and mailing of the Class Notice and Settlement administration) ("*Class Counsel's Expenses*"), which are included within and shall be payable solely from the Liquidated WARN Claim. Class Counsel's Fees and Class Counsel's Expenses shall be payment in full for Class Counsel's work and expenses in connection with this matter.

1.5. The WARN Claim shall not accrue interest, penalties or any other fees.

1.6. On or before October 25, 2017, the Parties shall file a joint motion in these consolidated cases, in accordance with Rule 23 of the Federal Rules of Civil Procedure and Rules 7023 and 9019 of the Federal Rules of Bankruptcy Procedure, for approval of the Settlement

through a bifurcated hearing process (the "*Settlement Motion*"). The Settlement Motion shall request an initial hearing (the "*Initial Hearing*") at which time the Parties shall seek entry of an order from the Bankruptcy Court substantially in the form attached hereto as **Exhibit A** (the "*Preliminary Settlement Order*") that (i) preliminarily approves the Settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure, made applicable by Rule 7023 of the Federal Rules of Bankruptcy Procedure, (ii) approves the Settlement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure; and (iii) approves the form and manner of notice to the Class Members concerning the Settlement, including, but not limited to, their right to object to the Settlement in person or by counsel (the "*Class Notice*"). The Parties shall also request a date for a fairness hearing (the "*Fairness Hearing*"). The Parties agree that the Fairness Hearing shall be set at the convenience of the Bankruptcy Court, but in no event sooner than sixty days following entry of the Preliminary Settlement Order. At the Fairness Hearing, the Bankruptcy Court will consider final approval of the Settlement, and the Parties shall seek entry of an order from the Bankruptcy Court substantially in the form attached hereto as **Exhibit B** (the "*Final Settlement Order*"). This Settlement is subject to, and conditioned upon, issuance of the Final Settlement Order by the Bankruptcy Court approving this Settlement under Rule 23 of the Federal Rules of Civil Procedure made applicable herein pursuant to Fed. R. Bankr. P. 7023 and Rule 9019 of the Federal Rules of Bankruptcy Procedure, after notice to the Class Members.

1.7. This Settlement shall become effective upon the date of entry of the Final Settlement Order by the Bankruptcy Court (the "*Effective Date*").

1.8. Within five business days following the Effective Date and every sixty days thereafter, the Trustee will provide monthly written reports via electronic transmission to Class Counsel disclosing the amount of Debtors' cash on hand in the trust.

1.9. Once payments on the Liquidated WARN Claim have been received by Class Counsel or its designated administrator, such amounts shall be distributed in one or more distributions, in the sole discretion of Class Counsel, as follows: (a) the Service Payments and (b) the balance, minus one third attorney fees, plus expenses of litigation, shall be the amounts ("*Class Member Amounts*") divided among the Class Members, as shown on **Schedule 1** hereto. The Class Member Amounts have been calculated by Class Counsel, based upon Debtors' books and records to the extent such records were available, and are final in all respects.

1.10. Class Counsel shall be responsible for the production and mailing of all notices required to be provided to the Class Members (the "*Class Notice*"), the cost of which shall be paid from the Liquidated WARN Claim. The address of Class Counsel will be used as the return address for the Class Notices and Class Counsel will respond to all inquiries of the Class arising from or related to this Settlement.

1.11. Any Class distributions pursuant to this Settlement which are not deposited, endorsed, or negotiated within one hundred eighty (180) days of their date of issuance shall be deemed residual funds (the "*Residual Funds*") on the 181st day following the Settlement distribution and treated as follows. Residual Funds will be (i) first, used to make Settlement distributions to additional Class Members, if any, that may be identified after Final Approval and who fall within the Class definition herein but who did not appear on **Schedule 1** ("*Additional Class Members*"); (ii) second, distributed to Class Members in a supplemental distribution, so long as Class Counsel determine that such distribution is feasible; and (iii) if any Residual Funds remain after Settlement Payment disbursements to Additional Class Members or as a supplemental distribution, then last, returned to the Trust.

1.12. Class Counsel shall bear the responsibility of the preparation of the Class Notices. All notices and disbursements to the Class Members will be made by first class mail to their last known addresses as set forth on Schedule 1, unless otherwise instructed by the proposed Settlement Class member. Class Counsel's address will be used as the return address for all notices to the Class Members so that any returned Class notices will be returned to Class Counsel. Class Counsel shall mail the Class Notice to the Class Members no later than five (5) business days after the entry of the Preliminary Settlement Order by the Bankruptcy Court. The cost related to the Class Notice and other Class mailings shall be paid from the Settlement Amount. The Class Notice shall be in substantially the form annexed hereto as **Exhibit C** or such substantially similar form as may be approved by the Bankruptcy Court. If a Class Notice is returned to Class Counsel as undeliverable, Class Counsel will attempt to locate the Settlement Class member whose address has changed using a national address database to which Class Counsel subscribes.

1.13. The Class Notice shall contain the following information, which shall be individualized for each Class Member:

(a) That the Settlement shall become effective only if the Settlement Agreement is finally approved by the Bankruptcy Court under Rule 23 of the Federal Rules of Civil Procedure and Rule 9019 of the Federal Rules of Bankruptcy Procedure;

(b) That, if so approved, the Settlement shall be effective as to all Class Members;

(c) The projected dollar amount each Class Member would receive under this Settlement, assuming full satisfaction of the Liquidated WARN Claim;

(d) That each Class Member has the right to object to this Settlement either in person or through counsel and to be heard at the Fairness

Hearing; and

(e) That all Released Claims (as that term is defined below) of a Class Member (other than the right to be paid under the terms of this Settlement if approved by the Court) shall be waived upon full satisfaction of the Liquidated WARN Claim.

1.14. A Class Member may object to this Settlement by sending timely written notice of such objection (a "*Notice of Objection*") to Class Counsel and counsel to the Trustee at the addresses indicated in the Class Notice and by filing such Notice of Objection with the Bankruptcy Court. Any such objections shall state (i) the objector's full name, mailing address, and telephone number, (ii) if applicable, the full name, mailing address, and telephone number of the objector's attorney, and (iii) all reasons for objecting to the Settlement and any supporting papers, materials, or briefs. Any such objections must be sent/filed such that they are received by the Parties and the Bankruptcy Court by the objection deadline established by the Bankruptcy Court and served in accordance with the procedures set forth in the Preliminary Settlement Order and the Notice.

## 2. Mutual Release

2.1. Upon full satisfaction of the Liquidated WARN Claim, and subject to the provisions of this Settlement, the Trustee and the Liquidating Trust will be deemed to have released, waived, and discharged the Class from any and all liabilities, obligations, actions, suits, judgments, claims, causes of action and demands, known or unknown, whatsoever, at law or in equity related to the WARN Claim.

2.2. Upon full satisfaction of the Liquidated WARN Claim, and subject to the provisions of this Settlement Agreement, the Class will be deemed to have released, waived, and discharged the Trustee, the Liquidating Trust, the Liquidating Trust's professionals, the Official Committee of Unsecured Creditors and its professionals, the Debtors' estates and the Debtors' secured and administrative claimholders (collectively, the "*Estate Released Parties*"); on account of their allowed and satisfied claims from any and all liabilities, obligations, actions, suits, judgments, claims, causes of action and demands, known or unknown, whatsoever at law, or in equity, related to the WARN Claim; *provided, however,* that Estate Released Parties shall not include the following parties - Robert W. Kraft; World Marketing Holdings, LLC; Blue Streak Holdings, Inc.; Lisa Sanregret; RCI FirstPathway Citizenship Investment Fund LLC; World Marketing Management Company, Inc.; MTI Connect, LLC; RWK Global Holdings LLC; and, Crane, Heyman, Simon, Welch, & Clar.

2.3. Upon entry of a Final Settlement Order, the Class and each of its members in their individual capacity expressly waive and release any claim the Class and each of its members in their individual capacity may have for disgorgement against the Estate Released Parties.

2.4. Nothing in the releases granted in this Section 2 shall affect any claims held by Class

members in their individual capacity against the Debtors' estates that do not arise under the WARN Act (the "*Other Employee Claims*") including without limitation claims for wages or benefits whether scheduled by the Debtors during the chapter 11 cases or by proof of claim as filed by such individuals, and all such claims are expressly preserved.

3. **Stay and Withdrawal of Appeal**

   The Parties acknowledge that, pursuant to a stipulation and agreed order submitted to the District Court by the Parties, the Appeal has been dismissed, without prejudice. In the event this Settlement is not approved, the Trustee may refile the appeal within ten days of entry of any order denying approval of this Settlement. Should the appeal be refiled, the Class reserves all rights and defenses to any such appeal, but agrees not to raise the voluntary dismissal of the appeal in October, 2017, as a basis to challenge the appeal.

4. **Retention of Jurisdiction**

   The Bankruptcy Court shall retain jurisdiction to enforce this Settlement.

5. **Authority to Stipulate**

   The Parties represent and warrant that upon entry of an Order finally approving this Settlement, each has the legal right and authority to enter into this Settlement and the transactions contemplated hereby.

6. **Successors & Assigns**

   Upon approval by the Bankruptcy Court, this Settlement is binding upon, and inures to the benefit of, the Parties and their respective representatives, permitted assigns, heirs, estates and successors, including trustees and receivers.

7. **Entire Agreement; No Admission of Liability**

   This Settlement represents the entire agreement between the Parties. Nothing in this Settlement shall be deemed an admission against either party.

8. **Protection of Class Members' Confidential Information.**

   The Trustee shall provide Class Counsel with the Social Security numbers for each Class member upon execution of this Settlement. Class Counsel (and any settlement administrator retained by Class Counsel) shall keep all such Social Security number information strictly confidential and shall not use it for any purpose other than administering the Settlement.

9. **Amendments.**

   This Settlement may not be modified, amended or supplemented except by a written agreement that the Parties have signed with any required approval of the Bankruptcy Court.

10. **Electronic Execution & Execution in Counterparts; Costs Borne by Parties**

    This Settlement may be signed in counterparts, each of which shall be deemed an original, and

all of which shall constitute one instrument. Facsimile and electronically-transmitted signatures have the same force and effect as original signatures. Each party shall bear its own costs and expenses associated with this matter.

**World Marketing Liquidating Trust**                **Class Counsel**


By: _____ solely as Trustee of the World Marketing Liquidating Trust    By: _____

Print Name: Norman B. Newman                Print Name: John F. Hiltz

Its: Trustee                        Its: Counsel